Case 1:25-cv-04850-NRM-CHK    Document 8    Filed 09/06/25    Page 1 of 9 PageID #: 135

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

Ehab Hassan,

Plaintiff.

v.

Spring Oaks Capital, LLC

(NY DOS ID: 5648021, NYC DCWP License No. 2117984)

Spring Oaks Capital SPV, LLC

(NY DOS ID: 7048649, NYC DCWP License No. 2097721),

Defendants.

**Case No.** 1:25-cv-04850 (NRM)(CHK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 06 2025 ★

BROOKLYN OFFICE

# AMENDED VERIFIED COMPLAINT

Plaintiff, Ehab Hassan, residing at 7902 Bay Parkway, C1, Brooklyn, NY 11214, respectfully alleges as follows:

## PARTIES

1. Plaintiff is a natural person and resident of Kings County, New York.

1 | P a g e

2. Defendant Spring Oaks Capital, LLC is a limited liability company registered in the State of Delaware and authorized to conduct business in New York, with a principal address at 1400 Crossways Blvd, Suite 100B, Chesapeake, VA 23320.

3. Defendant Spring Oaks Capital SPV, LLC is a limited liability company registered in the State of Delaware and authorized to conduct business in New York, with a principal address at 1400 Crossways Blvd, Suite 100B, Chesapeake, VA 23320.

4. Upon information and belief, both entities are managed and operated by substantially the same executive officers, share legal counsel, and operate with overlapping control structures. The LLC is the parent servicing entity, while the SPV is used for portfolio ownership and debt recovery.

5. Venue is proper in this District because Plaintiff resides in Kings County, New York, and the subject matter affects his personal credit reports and consumer rights.

## NATURE OF THE ACTION

6. This action arises from the defendants' willful and negligent violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq.; the New York General Business Law § 349; and the New York City Administrative Code § 20-490 et seq.

7. Specifically, the defendants furnished, verified, and failed to correct inaccurate credit reporting of a business-purpose loan as a personal consumer debt, despite actual knowledge of its commercial nature, and in reckless disregard of their obligations under federal and state law.

8. Plaintiff never applied for or accepted any personal loan from Spring Oaks Capital. The account in question originated as a business loan underwritten for commercial purposes only.

9. Despite this, the defendants reported the tradeline to consumer credit bureaus under the Plaintiff's personal credit file, causing substantial reputational and economic harm.

**Procedural Posture**

This Amended Verified Complaint is filed **as of right** under Rule **15(a)(1)** of the Federal Rules of Civil Procedure, prior to the filing of any responsive pleading or Rule 12(b) motion by Defendants. Plaintiff has verified this pleading pursuant to 28 U.S.C. § 1746, and all references to supporting evidence are incorporated through Exhibits AA–V, which accompany this filing. Service upon Defendants' counsel has been effected via UPS 2-Day Express with tracking, as documented in the attached Certificate of Service.

**FACTUAL BACKGROUND**

10. In September 2023, Spring Oaks Capital, LLC purchased a business-purpose loan originally issued by LendingPoint.

11. In December 2023, Spring Oaks Capital, LLC transferred ownership of the account to Spring Oaks Capital SPV, LLC, while continuing to service and furnish information about the account.

1. At all relevant times, the nature of the loan was clearly designated as commercial in all agreements, including Plaintiff's bank statements, the original contract, and internal records of the defendants.
   *(See Exhibit AA – Business Loan Agreement Summary (Annotated Promissory Note & Business Purpose Pages), Exhibit M – Loan Agreement Chain - eBay Merchant Targeting to Business Loan Execution, Exhibit N – Business Bank Account Activity (Commercial Funding & Repayment), Exhibit AG – Annotated Cover Sheets (LendingPoint → Spring Oaks LLC → Spring Oaks SPV), and Exhibit Q* – Annotated Assignment Agreement (Spring Oaks LLC → Spring Oaks SPV))

12. Plaintiff never agreed to personal reporting or consumer collection activity related to this loan.

13. Between May and July 2025, Plaintiff disputed the false tradeline with all three credit reporting agencies and directly with the defendants.
    *(See Exhibit T - Chronological Record of Dispute Activity Regarding Spring Oaks Capital, LLC & SPV)*

14. Defendants failed to conduct a reasonable investigation or correct the misreporting, in violation of statutory obligations.

15. As a result of the foregoing misreporting and Defendants' failure to reasonably investigate or correct errors after notice, Plaintiff has suffered harm and now asserts the following causes of action.

## CAUSES OF ACTION

**COUNT I – Violations of the Fair Credit Reporting Act (FCRA)**

16. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

17. Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC willfully and/or negligently violated the following provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.:

- § 1681s-2(a)(1)(A): Furnishing information with actual knowledge of errors

- § 1681s-2(a)(1)(B): Continuing to furnish inaccurate data after being notified of its inaccuracy

- § 1681s-2(a)(3): Failing to report the account as disputed to consumer reporting agencies

- § 1681s-2(a)(5): Failing to update or correct account ownership information

- § 1681s-2(a)(8)(E): Failing to respond to a direct dispute from the consumer within 30 days

- § 1681s-2(b)(1)(A)–(E): Failing to conduct a proper reinvestigation, correct or delete inaccurate data, and communicate results to CRAs

- § 1681s-2(b)(3): Failing to provide supporting documentation to CRAs during the reinvestigation process

- § 1681i(a)(1)(A): Causing or contributing to the continued reporting of inaccurate information by CRAs

- § 1681i(a)(6)(B)(iii): Failing to provide the consumer with a description of the procedure used to determine the accuracy of the disputed item

- § 1681g(a): Failing to provide the full file and verification records upon written request by the consumer

- § 1681e(b): Failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information furnished

- §§ 1681n and 1681o: Civil liability for willful and negligent noncompliance with the FCRA

18. These violations were both willful and negligent, triggering statutory liability under 15 U.S.C. §§ 1681n and 1681o.

19. Defendants have not produced any documentation granting them valid authority to furnish credit information to consumer reporting agencies. While they reference a transfer of the account from LendingPoint LLC, the only documentation provided is a **partial Bill of Sale with no signature from the Buyer and no Forward Flow Agreement attached** (see *Exhibit AG – Annotated Cover Sheets (LendingPoint → Spring Oaks LLC → Spring Oaks SPV)*). The Bill of Sale itself specifies that the transfer is "without recourse except as set forth in the Agreement," yet no such foundational Agreement has ever been disclosed.

Upon information and belief, the original creditor on the account was **First Electronic Bank (FEB)**, not Coastal Community Bank. However, the Bill of Sale curiously states that LendingPoint acted "on behalf of Coastal Community Bank" — a party with no

known connection to Plaintiff's loan. No evidence has been provided to show that LendingPoint was ever authorized to act on behalf of First Electronic Bank. This discrepancy reveals a break in the chain of title and confirms that Defendants have failed to establish lawful ownership of the debt or authority to furnish information to any credit reporting agency, rendering their reporting false, misleading, and unauthorized in violation of 15 U.S.C. §§ 1681s-2(b), 1681e(b), and 1681i(a)(1)(A). Moreover, upon information and belief, First Electronic Bank — the original creditor identified on page 2 of the Promissory Note within the business loan agreement (see *Exhibit AA – Business Loan Agreement Summary (Annotated Promissory Note & Business Purpose Pages) and Exhibit R – Ownership & Reporting Authority Discrepancies)*— never reported the account to any consumer reporting agency prior to the debt's alleged transfer. This further undermines any presumption of authority by Defendants to furnish credit information and exposes their reporting as a unilateral, unauthorized action.

**COUNT II – Violation of New York General Business Law § 349**

20. Defendants' conduct constitutes deceptive acts and practices in the conduct of business, trade, or commerce in violation of N.Y. Gen. Bus. Law § 349(a).

**COUNT III – Violation of NYC Administrative Code § 20-490 et seq.**

21. Defendants have failed to comply with licensing, conduct, and disclosure requirements for

collection agencies and furnishers operating within New York City, as required under NYC Administrative Code § 20-490 and related provisions.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

a. Statutory damages of $18,000 pursuant to 15 U.S.C. §§ 1681n and 1681o, based on 18 documented violations of the Fair Credit Reporting Act (FCRA), New York General Business Law § 349, and NYC Admin Code § 20-490;

(See *Exhibit U – Legal Violations Matrix-FCRA, Regulation Z, NY GBL § 349*)

b. Actual damages totaling $27,500, representing business losses, expenses, and reputational harm, as detailed in **Exhibit V** - *Damages Summary Matrix*;

c. Punitive damages in the amount of $4,500 pursuant to 15 U.S.C. § 1681n(a)(2), for willful noncompliance and the deliberate misrepresentation of a commercial loan as a personal tradeline;

d. Injunctive relief directing Defendants to immediately and permanently cease furnishing or reporting the tradeline as a personal debt, and to correct or delete all inaccurate information;

e. Declaratory judgment that Defendants violated the FCRA, New York General Business Law § 349, and other applicable consumer protection statutes;

f. Such other relief as the Court deems just and proper, including costs and equitable remedies;

**Total relief requested: $50,000.**

**VERIFICATION**

I, Ehab Hassan, affirm under penalty of perjury that the foregoing Amended Verified Complaint

is true to the best of my knowledge, information, and belief.

Dated: September 6, 2025

Respectfully submitted,

/s/ Ehab Hassan

Ehab Hassan

7902 Bay Parkway, C1

Brooklyn, NY 11214

(347) 216-3585

Plaintiff, Pro Se