**SECOND AMENDED VERIFIED COMPLAINT (SAVC)**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

Ehab Hassan,

               Plaintiff,          **Case No.** *1:25-cv-04850 (NRM)(CHK)*

     – against –

Spring Oaks Capital, LLC

(NY DOS ID: 5648021, NYC DCWP License No. 2117984)

Spring Oaks Capital SPV, LLC

(NY DOS ID: 7048649, NYC DCWP License No. 2097721),

          Defendants.

-----------------------------------------------------------------X

**SECOND AMENDED VERIFIED COMPLAINT**

Plaintiff, Ehab Hassan, residing at 7902 Bay Parkway, C1, Brooklyn, NY 11214, respectfully

alleges as follows:

SAVC - Page 1 of 14

**PARTIES**

1. Plaintiff is a natural person and resident of Kings County, New York.

2. Defendant Spring Oaks Capital, LLC is a limited liability company registered in the State of Delaware and authorized to conduct business in New York, with a principal address at 1400 Crossways Blvd, Suite 100B, Chesapeake, VA 23320.

3. Defendant Spring Oaks Capital SPV, LLC is a limited liability company registered in the State of Delaware and authorized to conduct business in New York, with a principal address at 1400 Crossways Blvd, Suite 100B, Chesapeake, VA 23320.

4. Upon information and belief, both entities are managed and operated by substantially the same executive officers, share legal counsel, and operate with overlapping control structures. The LLC is the parent servicing entity, while the SPV is used for portfolio ownership and debt recovery.

5. Venue is proper in this District because Plaintiff resides in Kings County, New York, and the subject matter affects his personal credit reports and consumer rights.

**NATURE OF THE ACTION**

6. This action arises from the defendants' willful and negligent violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq.; the New York General Business Law § 349; and the New York City Administrative Code § 20-490 et seq.

7. Specifically, the defendants furnished, verified, and failed to correct inaccurate credit reporting of a business-purpose loan as a personal consumer debt, despite actual knowledge of its commercial nature, and in reckless disregard of their obligations under federal and state law.

8. Plaintiff never applied for or accepted any personal loan from Spring Oaks Capital. The account in question originated as a business loan underwritten for commercial purposes only.

9. Despite this, the defendants reported the tradeline to consumer credit bureaus under the Plaintiff's personal credit file, causing substantial reputational and economic harm.

9A. Plaintiff has suffered a concrete, particularized, and traceable injury as a direct result of Defendants' unlawful reporting and failure to correct inaccurate credit information. The dissemination of false data to third-party credit reporting agencies, subsequent denials of credit and financing, and harm to Plaintiff's business reputation and creditworthiness constitute injuries in fact under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

(*See Exhibit AZ – Credit Denial Letters (Bank of America and Upgrade)).*

**DOCUMENTARY AND UNDISPUTED RECORD**

Plaintiff brings this Second Amended Verified Complaint upon a documentary and undisputed record already established in the case file. The material facts are demonstrated by authenticated exhibits—including the governing Loan Agreement designating the obligation as business-purpose only (***Exhibit AA***), the chain of assignment and Bill of Sale documents reflecting ownership inconsistencies (***Exhibit AG***), the CRA metadata and furnishing trail confirming "FEB–LendingPoint" as the originating furnisher (Exhibit AJ), and the LendingPoint/First

Electronic Bank lending profile establishing commercial origination and underwriting (*Exhibit AE*). These materials are supplemented by third-party evidence of resulting harm, including credit denial letters from Bank of America and Upgrade (*Exhibit AZ*). The controversy before the Court concerns only the legal consequences of these written instruments and defendants' undisputed furnishing of consumer credit information derived from them. No further factual development is necessary to determine liability as a matter of law; any remaining discovery will be limited to confirming damages and verifying the already established record.

**PROCEDURAL POSTURE**

This Second Amended Verified Complaint ("SAVC") is filed pursuant to Rule 15(a)(2), for the limited purpose of amending and clarifying the relief requested and legal grounds. No new factual allegations or claims are asserted herein. All other allegations remain unchanged from the previously filed Amended Verified Complaint. Plaintiff has verified this pleading pursuant to 28 U.S.C. § 1746, and all references to supporting evidence are incorporated through *Exhibits AA–T*, which accompany this filing.

**9B.** All claims asserted herein are timely and within the applicable statutes of limitations under 15 U.S.C. § 1681p and related provisions. Plaintiff discovered the violations in 2025 and acted promptly by filing disputes, regulatory complaints, and this action. Each unlawful furnishing, verification, or failure to reinvestigate constitutes a separate and continuing violation. The equitable doctrine of laches does not apply to statutory enforcement actions of this nature and, in any event, Defendants have suffered no prejudice from the timing of this filing.

**9C.** Defendants' affirmative defenses of setoff, recoupment, failure to mitigate, and contributory or third-party causation are inapplicable to this action. Plaintiff asserts no contractual or payment claims against Defendants, and no reciprocal financial obligations exist that could support setoff or recoupment. Plaintiff acted promptly and diligently to dispute and limit ongoing harm, fully satisfying any duty to mitigate. The injuries alleged herein were caused solely by Defendants' own acts and omissions in furnishing and verifying inaccurate credit information, not by Plaintiff or by any unrelated third party.

**9D.** No valid or enforceable arbitration agreement governs the claims asserted herein. Defendants are not signatories to the original Loan Agreement and have not demonstrated any lawful assignment of arbitration rights. The underlying contract expressly designates the loan as commercial in nature, and any arbitration provision contained therein applies only to consumer transactions. In addition, Defendants waived any right to compel arbitration by answering, participating in litigation, and engaging in mediation without timely invoking the Federal Arbitration Act.

## FACTUAL BACKGROUND

10. In September 2023, Spring Oaks Capital, LLC purchased a business-purpose loan originally issued by LendingPoint.

11. In December 2023, Spring Oaks Capital, LLC transferred ownership of the account to Spring Oaks Capital SPV, LLC, while continuing to service and furnish information about the account.

SAVC - Page 5 of 14

12. At all relevant times, the nature of the loan was clearly designated as commercial in all agreements, including Plaintiff's bank statements, the original contract, and internal records of the defendants.

(See ***Exhibit AA*** – *Business Loan Agreement Summary (Annotated Promissory Note & Business Purpose Pages)*, ***Exhibit M*** – *Loan Agreement Chain - eBay Merchant Targeting to Business Loan Execution*, ***Exhibit N*** – *Business Bank Account Activity (Commercial Funding & Repayment)*, ***Exhibit AG*** – *Annotated Cover Sheets (LendingPoint → Spring Oaks LLC → Spring Oaks SPV)*, and ***Exhibit Q*** – *Annotated Assignment Agreement (Spring Oaks LLC → Spring Oaks SPV)*)

13. Plaintiff never agreed to personal reporting or consumer collection activity related to this loan.

14. Between May and July 2025, Plaintiff disputed the false tradeline with all three credit reporting agencies and directly with the defendants.

(See ***Exhibit T*** - *Chronological Record of Dispute Activity Regarding Spring Oaks Capital, LLC & SPV*)

15. Defendants failed to conduct a reasonable investigation or correct the misreporting, in violation of statutory obligations.

15A. As a direct result of Defendants' unlawful furnishing, failure to correct disputed information, and failure to conduct required reinvestigations under the FCRA, Plaintiff suffered concrete, particularized, and traceable injuries including: (a) denial of credit and reduced credit access; (b) increased interest rates on approved credit; (c) actual business losses affecting Camelera Natural Products, LLC and its YaGoat brand; (d) out-of-pocket expenses for disputes,

mailings, and legal filings; and (e) reputational, emotional, and professional harm. These injuries are redressable by statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n, 1681o, and related state statutes.

## CAUSES OF ACTION

### Preservation Against Rule 12(c) Challenge

Plaintiff affirms that this pleading satisfies the requirements of Federal Rule of Civil Procedure 8(a)(2) and the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The allegations herein identify the specific tradeline at issue, the false or misleading reporting, the statutory duties triggered under 15 U.S.C. § 1681s-2(b), and the resulting harm. Accordingly, the Complaint states a plausible claim for relief under the Fair Credit Reporting Act and related statutes. Any challenge under Rule 12(c) would therefore be both procedurally barred under Rule 12(h)(1) and legally unfounded on the face of the pleadings.

### COUNT I – Violations of the Fair Credit Reporting Act (FCRA)

16. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

17. Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC willfully and/or negligently violated the following provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.:

SAVC - Page 7 of 14

• § 1681s-2(b)(1)(A)–(E): Failing to conduct a proper reinvestigation, correct or delete inaccurate data, and communicate results to CRAs

• § 1681i(a)(1)(A): Causing or contributing to the continued reporting of inaccurate information by CRAs

• § 1681i(a)(6)(B)(iii): Failing to provide the consumer with a description of the procedure used to determine the accuracy of the disputed item

• § 1681g(a): Failing to provide the full file and verification records upon written request by the consumer

• § 1681e(b): Failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information furnished

• §§ 1681n and 1681o: Civil liability for willful and negligent noncompliance with the FCRA

17A. Plaintiff brings this action under 15 U.S.C. §§ 1681n and 1681o, based solely upon violations enforceable through private right of action under the FCRA, including but not limited to §§ 1681s-2(b), 1681e(b), 1681i(a), and 1681g(a). Any reference to § 1681s-2(a) herein is provided as context for willfulness and statutory duties, not as a basis for private enforcement.

17B. On or about June 2025, each consumer reporting agency (Equifax, Experian, and TransUnion) notified Defendants of Plaintiff's dispute pursuant to § 1681i(a)(2), thereby activating Defendants' duties under § 1681s-2(b). Defendants failed to conduct a reasonable reinvestigation, as evidenced by uncorrected reporting and absence of any supporting documentation.

17C. Plaintiff further notes that this pleading fully satisfies the requirements of Fed. R. Civ. P. 8(a)(2) and *Iqbal/Twombly* and therefore cannot be dismissed or challenged under Rule 12(c), as any such defense was waived under Rule 12(h)(1).

## COUNT II – Violation of New York General Business Law § 349

18. Defendants' conduct constitutes deceptive acts and practices in the conduct of business, trade, or commerce in violation of N.Y. Gen. Bus. Law § 349(a).

## COUNT III – Violation of NYC Administrative Code § 20-490 et seq.

19. Defendants have failed to comply with licensing, conduct, and disclosure requirements for collection agencies and furnishers operating within New York City, as required under NYC Administrative Code § 20-490 and related provisions.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

a. **Statutory damages** pursuant to 15 U.S.C. §§ 1681n and 1681o, based on Defendants' multiple violations of the Fair Credit Reporting Act (FCRA), New York General Business Law § 349, and New York City Administrative Code § 20-490 et seq., as set forth in *Exhibit B1* – Legal Violations Matrix;

**b. Actual damages**, including but not limited to business losses, out-of-pocket expenses, reputational harm, and emotional distress, as summarized in *Exhibit C1* – Damages Summary Matrix;

**c. Punitive damages** under 15 U.S.C. § 1681n(a)(2) and related state provisions, in an amount sufficient to punish and deter willful non-compliance;

**d. Injunctive relief (Deletion Order)** directing Defendants to immediately and permanently cease furnishing or reporting the following tradeline as a personal debt, and to correct or delete all inaccurate information:

　　• **Account Number: LA-00757201**

　　• **Original Creditor: First Electronic Bank**

**e. Injunctive relief (Declaratory Classification Order)** declaring that the above-referenced account—

　　• Account Number: LA-00757201

　　• Original Creditor: First Electronic Bank —

is a business-purpose loan and therefore unlawful to report or furnish to consumer credit reporting agencies under the Fair Credit Reporting Act and related consumer-protection statutes;

f. Declaratory judgment that Defendants violated the FCRA, New York General Business Law § 349, and applicable New York City Administrative Code provisions;

**g.** Such other and further relief as the Court deems just and proper, including costs and equitable remedies.

Plaintiff respectfully requests that, to the extent factual issues concerning actual or emotional damages are triable, such issues be submitted to a jury, while the determination of statutory violations and equitable remedies remains with the Court.

---

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable, including the assessment of actual and emotional damages.

---

**VERIFICATION**

I, Ehab Hassan, affirm under penalty of perjury that the foregoing Second Amended Verified Complaint is true to the best of my knowledge, information, and belief.

Dated: November 28, 2025

Respectfully submitted,

/s/ Ehab Hassan

Ehab Hassan

7902 Bay Parkway, C1

Brooklyn, NY 11214

(347) 216-3585

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**


Ehab Hassan,    Plaintiff,

v.

Spring Oaks Capital, LLC and

Spring Oaks Capital SPV, LLC,    Defendants.

**Case No.** 1:25-cv-04850 (NRM)(CHK)

**EXHIBIT INDEX AND INCORPORATION STATEMENT**

Pursuant to Fed. R. Civ. P. 10(c), Plaintiff incorporates by reference all exhibits previously filed with the Amended Verified Complaint (ECF No. 8), which remain part of the record and are deemed re-adopted herein without alteration.


Only **Exhibits U and V** have been revised and updated to reflect the continuing duration of statutory violations, the cumulative period of harm, and the clarified relief requested.

All other exhibits (**A through T** and **AA through AZ**) remain **incorporated by reference** in full and continue to support the operative pleading without modification.

**Exhibit List**

**1. Exhibit AA –** *Business Loan Agreement Summary (Annotated Promissory Note & Business-Purpose Pages)*

**2. Exhibit AB** *– LendingPoint Email – Notice of Debt Sale*

**3. Exhibit AG –** *Annotated Cover Sheets (LendingPoint → Spring Oaks LLC → Spring Oaks SPV)*

**4. Exhibit M –** *Loan Agreement Chain – eBay Merchant Targeting to Business Loan Execution*

**5. Exhibit N –** *Business Bank Account Activity (Commercial Funding & Repayment)*

**6. Exhibit Q –** *Annotated Assignment Agreement (Spring Oaks LLC → Spring Oaks SPV)*

**7. Exhibit R –** *Ownership & Reporting Authority Discrepancies*

**8. Exhibit T –** *Chronological Record of Dispute Activity Regarding Spring Oaks Capital, LLC & SPV*

**9. Exhibit B1 –** *Legal Violations Matrix (FCRA, Reg. Z, NY GBL § 349, NYC Admin Code § 20-490) – Updated November 2025*

**10. Exhibit C1 –** *Damages Summary Matrix – Updated November 2025*

**11. Exhibit AZ –** *Credit Denial Letters (Bank of America and Upgrade)– Proof of Concrete Injury and Article III Standing*

**Note***: Exhibits B1 and C1* replace former Exhibits U and V (prior versions filed July 2025). All references in earlier filings to Exhibits U and V correspond to the updated Exhibits B and C herein.

## EXHIBIT B1 – UPDATED EXHIBIT U (LEGAL VIOLATIONS MATRIX – NOV. 2025)

# EXHIBIT B1

**_Legal Violations Matrix (FCRA, Reg. Z, NY GBL § 349, NYC Admin Code § 20-490)_**
**_Updated November 2025 – Replaces Prior Exhibit U_**

**Case No.: 1:25-cv-04850 (NRM)(CHK)**
**Plaintiff:** Ehab Hassan
**Defendants:** Spring Oaks Capital, LLC & Spring Oaks Capital SPV, LLC**

**Exhibit Description**

This exhibit provides a categorized matrix of statutory violations committed by Defendants
Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC, arising from their unlawful reporting
and misclassification of a business-purpose loan as a consumer tradeline.
It consolidates federal, state, and city-level violations documented through Plaintiff's disputes,
correspondence, and regulatory filings.

**Filed In Support Of**

Second Amended Verified Complaint — Section V (Relief Requested)

**Prepared By**

Ehab Hassan, Plaintiff Pro Se
Brooklyn, New York
Dated: November 14, 2025

# EXHIBIT B1

*Legal Violations Matrix (FCRA, Reg. Z, NY GBL § 349, NYC Admin Code § 20-490)*
*Updated November 2025 – Replaces Prior Exhibit U*

**Continuing Conduct and Re-Verification Pattern**

The violations summarized herein reflect an ongoing pattern of unlawful reporting, re-verification, and reinsertion of a misclassified tradeline **spanning approximately twenty-two (22) months to date (as of November 1, 2025). During this period, the same violations have been repeated on a recurring monthly basis across all three consumer reporting agencies, with at least three separate occurrences per month corresponding to each CRA's reinvestigation cycle. In addition, multiple repeated violations occurred during the formal dispute process itself, including failures to investigate, re-verifications without ownership documentation, and continued furnishing of disputed data after notice.**

This pattern establishes both the continuing nature of Defendants' conduct and the cumulative harm caused by repeated re-verifications after notice, in direct violation of the Fair Credit Reporting Act and related state and municipal statutes.

**Categories of Violations Documented**

- **Federal Violations – FCRA**

- **Lack of Ownership / Unauthorized Furnishing**

- **Ratification After Notice**

- **State Violations – NY GBL § 349**

- **City Violations – NYC Admin Code § 20-490 et seq.**

**Purpose of Exhibit B1**

To provide the Court with a clear, categorized record of statutory violations supporting Plaintiff's claims for statutory, actual, and punitive damages—amounts to be determined at trial—as well as injunctive and declaratory relief under federal, state, and city law.

## I. Federal Violations – FCRA (Privately Enforceable)

1. § 1681s-2(b)(1)(A) – Failure to conduct a reasonable investigation after Plaintiff's dispute.

2. § 1681s-2(b)(1)(B) – Failure to review all relevant information provided by the consumer.

3. § 1681s-2(b)(1)(C) – Failure to report the results of reinvestigation to CRAs.

4. § 1681s-2(b)(1)(D) – Failure to correct, delete, or block inaccurate information.

5. § 1681s-2(b)(1)(E) – Failure to modify or delete incomplete or unverifiable data.

6. § 1681s-2(b)(3) – Failure to provide CRAs with supporting documentation during reinvestigation.

7. § 1681e(b) – Failure to follow reasonable procedures to ensure maximum possible accuracy of reported information.

8. § 1681i(a)(1)(A) – Causing or contributing to continued reporting of inaccurate information by CRAs.

9. § 1681i(a)(6)(B)(iii) – Failure to provide consumer with description of procedure used to determine accuracy.

10. § 1681g(a) – Failure to provide Plaintiff with full file disclosure upon written request.

11. § 1681n – Civil liability for willful non-compliance with FCRA.

12. § 1681o – Civil liability for negligent non-compliance with FCRA.

## II. Federal Violations – FCRA (Regulatory Only – Pled for Context)

*Note:* These subsections are recognized by courts as enforceable only by regulators (FTC/CFPB/AGs). They are included solely to illustrate Defendants' pattern of statutory disregard and are not asserted as independent causes of action.

1. § 1681s-2(a)(1)(A) – Furnishing information with actual knowledge of errors.

2. § 1681s-2(a)(1)(B) – Continuing to furnish inaccurate data after notice.

3. § 1681s-2(a)(3) – Failure to report tradeline as disputed.

4. § 1681s-2(a)(5) – Failure to update or correct ownership information.

5. § 1681s-2(a)(8)(E) – Failure to respond to a direct dispute within 30 days.

6. § 1681s-2(a)(1)(A) – Furnishing information without lawful ownership or authority.

7. § 1681s-2(a)(5) – Failure to correct tradeline to identify true owner or furnisher.

8. § 1681s-2(a)(1)(B) – Furnishing data despite lacking ownership documentation.

9. § 1681s-2(a)(1)(B) – Continuing to furnish after learning furnishing may be unauthorized.

### III. Federal Violations – FCRA: Reinforcement of Enforceable Duties

*(All subsections below are actionable because they link back to § 1681s-2(b) duties.)*

1. § 1681s-2(b)(1)(A) – Failure to stop inaccurate furnishing after actual knowledge from dispute.

2. § 1681s-2(b)(1)(C) – Failure to correct tradeline after ratifying unauthorized furnishing.

3. § 1681s-2(b)(1)(D) – Failure to delete tradeline when unable to verify ownership.

4. § 1681e(b) – Allowing inaccurate ownership data to remain in consumer file.

5. § 1681i(a)(1)(A) – Continued reporting of tradeline with no established ownership.

### IV. State Violations – New York General Business Law § 349

1. GBL § 349(a) – Deceptive act: misrepresenting a business-purpose loan as a personal consumer debt.

2. GBL § 349(a) – Deceptive act: claiming ownership or furnishing authority without proof of assignment or chain of title.

### V. City Violations – NYC Admin Code § 20-490 et seq.

1. § 20-490 – Engaging in debt collection or furnishing without a valid NYC license for the entity actively collecting.

2. § 20-493.1 – Misrepresenting the character, amount, or legal status of the debt.

3. § 20-494 – Failure to maintain records substantiating the debt, including chain of title and authority to furnish.

**Conclusion**

The violations listed above collectively demonstrate a continuing pattern of willful non-compliance by both Defendants.

Each re-verification, reinsertion, and failure to correct the tradeline represents an independent breach of statutory duty, entitling Plaintiff to statutory, actual, and punitive damages in amounts to be determined at trial, and to injunctive and declaratory relief as appropriate.

**EXHIBIT C1 – UPDATED EXHIBIT V (DAMAGES SUMMARY MATRIX – NOV. 2025)**

# EXHIBIT C1

**Damages Summary Matrix – Updated November 2025**
*Replaces Prior Exhibit V* **(Updated November 2025)**

**Case No.: 1:25-cv-04850 (NRM)(CHK)**
Plaintiff: Ehab Hassan
Defendants: Spring Oaks Capital, LLC & Spring Oaks Capital SPV, LLC

**Exhibit Description**

This exhibit provides a detailed matrix summarizing the categories of harm and statutory violations arising from the unlawful reporting and misclassification of Plaintiff's business-purpose loan as a personal consumer tradeline.
It itemizes the principal categories of damages recognized under federal and state law and identifies the governing statutes supporting recovery.
All monetary amounts are reserved and will be determined at trial.

Filed In Support Of: Second Amended Verified Complaint — Section V (Relief Requested)
Prepared By: Ehab Hassan, Plaintiff Pro Se
Brooklyn, New York
**Dated**: November 14, 2025

# EXHIBIT C1

## Damages Summary Matrix – Updated November 2025
*Replaces Prior Exhibit V* **(Updated November 2025)**

The violations summarized below are not isolated.

Defendants repeatedly re-verified and reinserted the disputed tradeline across multiple dispute cycles, each time certifying its accuracy after prior deletions or disputes.

These recurring actions constitute separate and continuing violations of the FCRA (15 U.S.C. §§ 1681i and 1681s-2(b)) and have caused ongoing harm, including renewed denials of credit, reputational injury, and extended business delays.

The resulting damages are therefore continuing and will be quantified at trial.

| Category | Description of Harm | Related Statutes / Violations | Type of Damages | To Be Determined By |
|---|---|---|---|---|
| **1. Statutory Violations** | Repeated re-verifications, reinsertion, failure to correct, failure to investigate. | FCRA §§ 1681s-2(b), 1681e(b), 1681i, 1681g; NY GBL § 349; NYC Admin Code § 20-490 et seq. | Statutory damages. | Judge or jury (as to number of violations). |
| **2. Business Losses** | Delayed launch of Camelera/YaGoat Ignite product line; blocked access to business credit funding due to tradeline misclassification. | FCRA §§ 1681n(a)(1)(A), 1681o(a); supporting evidence via Exhibits Q, V, AA. | Actual (compensatory) damages. | Jury. |
| **3. Time & Expenses** | Certified mail costs, research, notary fees, CFPB/AG documentation, etc. | Recoverable out-of-pocket expenses under FCRA § 1681o(a)(1). | Compensatory damages. | Jury. |

| Category | Description of Harm | Related Statutes / Violations | Type of Damages | To Be Determined By |
|---|---|---|---|---|
| **4. Reputational & Emotional Harm** | Credit denials, false derogatory tradeline appearing on consumer reports, resulting in stress and reputation harm. | FCRA §§ 1681n(a)(1)(B), 1681o(a)(1); NY GBL § 349. | Actual & punitive damages. | Jury (amount), Judge (eligibility). |
| **5. Punitive Damages & Deterrence** | 22 months of willful, repeated misconduct despite notice; ongoing reinsertion and re-verification. | FCRA § 1681n(a)(2); NY GBL § 349(h). | Punitive damages (based on willfulness). | Jury for amount; Court may confirm/proportion. |

**Purpose of Exhibit C1**

To demonstrate Plaintiff's quantifiable financial harm and statutory entitlement to statutory, actual, and punitive damages, supporting the relief sought in this action.
All specific amounts of damages are reserved and will be determined at trial.

Plaintiff respectfully requests that, to the extent factual issues concerning actual or emotional damages are triable, such issues be submitted to a jury, while the determination of statutory violations and equitable remedies remains with the Court.

**Exhibit AZ – Credit Denial Letters (Bank of America and Upgrade)**

# EXHIBIT AZ

## Credit Denial Letters

**Bank of America Credit Card & Upgrade Loan Applications**

**Ehab Hassan v. Spring Oaks Capital, LLC et al.**
Case No. 1:25-cv-04850 (NRM)(CHK)
United States District Court
Eastern District of New York

### Description of Exhibit

This exhibit contains documentary proof of **concrete injury** and **Article III standing**, consisting of:

1. **Bank of America Credit Card Denial Letter**

   o   Denial based on inaccurate, derogatory reporting tied to the Spring Oaks Capital tradeline.

   o   Shows direct financial harm and loss of credit opportunity.

2. **Upgrade Loan Denial Letter**

   o   Denial citing credit file information originating from the same incorrect tradeline.

   o   Demonstrates ongoing credit impairment caused by defendants' conduct.

These adverse-action notices provide **clear, independent evidence** that the defendants' inaccurate reporting caused Plaintiff actual, traceable, and redressable injury.

### Exhibit Structure

- **AZ-1** — Bank of America Credit Card Denial

- **AZ-2** — Upgrade Loan Denial

**[END OF COVER PAGE – EXHIBIT AZ]**

EXHIBIT AZ - Page

**BANK OF AMERICA**

PO Box 660441
Dallas, TX 75266-0441

**Reference number**
4210577242
**Date**
September 11, 2025

LV 0916     239 541      19674 #@01 AV 0.593

EHAB HASSAN
7902 BAY PKWY APT C1
BROOKLYN NY 11214-1920

Ehab Hassan:

# We're sorry – we can't approve your request for our Bank of America Customized Cash Rewards Visa Signature card right now.

We carefully reviewed your application along with economic and loss trends and the report(s) provided by the consumer reporting agency(ies) listed below. We also considered your relationship with us and, unfortunately, we weren't able to approve your request because of the following reason(s):

Current or past delinquency, derogatory public record(s), and/or collection account(s)
Current or past delinquency with one or more of your creditors
Utilization of your credit is too high
Number of accounts, paid as agreed, is too low or you've missed payments recently on some of your accounts

You'll also find important information in the Equal Credit Opportunity Act Notice in this letter.

## Want to know more?
There are steps you can take to better understand your information. Since you have the right to a free copy of your consumer report, we recommend you start there.
To get a copy, you can:

Visit experian.com/reportaccess, call 888.397.3742, or write to: Experian, PO Box 2002, Allen, TX 75013-0036.

The Fair Credit Reporting Act Notice included in this letter provides details about your right to know the information in your consumer report(s).

## We're here to help
We want you to be financially successful. For tools and information on how to manage your money and improve your credit, visit our Better Money Habits® website at bettermoneyhabits.com/healthycredit.

Let us know if you have questions or would like your application reconsidered, by writing to us at Bank of America, PO Box 650520, Dallas, TX 75265-0520.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

CNFCUWDCL COL_DC04

Camelena Natural Products, LLC Mail - Thanks for your loan application



Ehab Hassan <ehabhassan@yagoat.com>

## Thanks for your loan application

1 message

**Upgrade** <email@e.upgrade.com>
Reply-To: email@upgrade.com
To: ehabhassan@yagoat.com

Thu, Sep 11, 2025 at 4:59 PM



Hi Ehab,

Thanks for your interest in Upgrade. Although we weren't able to provide you with a personal loan at this time, we've partnered with LendingTree who may be able to find other options for you.

Check out LendingTree

*By clicking on this link, Upgrade may earn a commission*

LendingTree can help you get instantly matched with great alternative loan options with:

— Fixed-rate options for almost any situation

— Availability for most purposes, including debt consolidation

— Quick and easy process

Get started with LendingTree now.

Thanks,
The Upgrade Team



All loans, Personal Credit Lines, and checking and savings accounts are provided by Upgrade's bank partners. Upgrade Visa® Cards and Upgrade Visa® Debit Cards are issued by Upgrade's bank

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2025, I electronically filed the foregoing

**SECOND AMENDED VERIFIED COMPLAINT**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.

Dated: November 28, 2025

Brooklyn, New York

**/s/ Ehab Hassan**

Ehab Hassan, Plaintiff Pro Se

7902 Bay Parkway, C1

Brooklyn, NY 11214

(347) 216-3585

ehabehassan@yahoo.com