# EXHIBITS

**This Page Intentionally Left Blank**

# Exhibit A

## Equifax ACDVs and Custodian Declaration

**This Page Intentionally Left Blank**

# Exhibit A-1

## Equifax ACDV (June 18, 2025)

**This Page Intentionally Left Blank**

| TRADES | AUTOMATED CONSUMER DISPUTE VERIFICATION | EQUIFAX |
|---|---|---|

| Control Number | 99995169617240011 | | | Dispute 1 | [ 007 ] DISPUTES PRESENT/PREVIOUS ACCOUNT STATUS/PAYMENT RATING/ACCOUNT HISTORY. VERIFY ACCOUNT STATUS, PAYMENT RATING, AND ACCOUNT HISTORY. |
|---|---|---|---|---|---|
| Origin NCRA | EFX | Bureau Code | 9999 | | |
| Date Created | 06/18/2025 | Response Due | 07/15/2025 | | |
| Subscriber Code | 015FY00168 | | | Dispute 2 | |
| Account Number | 112723636 | | | | |
| Grantor Name | Spring Oaks Capital, LLC | | | FCRA Relevant Information | THIS IS A BUSINESS LOAN ISSUED TO CAMELERA NATURAL PRODUCTS, LLC. FUNDS WERE DEPOSITED INTO AND REPAID FROM A BUSINESS ACCOUNT. THE CONTRACT PROHIBITS PERSONAL USE. PLEASE DELETE OR RECLASSIFY?THIS DOES NOT BELONG ON A CONSUMER REPORT. |
| Responder Name | Spring Oaks Capital, LLC | | | | |
| Responder Phone | | Response Date | 06/23/2025 | | |

| Response Code | ☐ Verified As Reported ☑ Disputed Info accurate. Updtd Acct info unrelated to dispute | ☐ Delete Account | ☐ Delete Fraud |
|---|---|---|---|

| Reported Consumer Identity | | Same | Modified Consumer Identity | |
|---|---|---|---|---|
| Name | HASSAN EHAB N | ☐ | Name | HASSAN EHAB |
| AKA/FN | | ☐ | AKA/FN | |
| Address | BAY, BROOKLYN, NY 11214 | ☐ | Address | 7902 BAY PARKWAY, BROOKLYN, NY 11214 |
| Previous | NEW UTRECHT, BROOKLYN, NY 11228 | ☐ | Previous | 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 |
| SSN | 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 | ☑ | SSN | 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 |
| DOB | 11/07/1964 | ☑ | DOB | 11/07/1964 |
| Phone | 347-216-3585 | ☑ | Phone | 347-216-3585 |

| Account Type | ECOA | Date Open | Type & Rate | Narratives |
|---|---|---|---|---|
| 0C | I | 12/2023 | O | |
| **0C** | **I** | | **O6** | |
| Credit Limit | High Credit | Current Balance | Past Due | |
| | $13095 | $13095 | $13095 | |
| | **$13095** | **$13095** | **$13095** | |
| Original Charge Off | Date Ist Delinquency | Last Payment Date | Date Closed | [ 166 ] CONSUMER DISPUTES THIS ACCOUNT INFORMATION |
| | 07/09/2023 | | | [ 057 ] COLLECTION ACCOUNT |
| | | | | |

| Activity Designator | Creditor Classification | Purchased/Sold To Name/Original Creditor | Purchase Indicator | Mortgage Id Number |
|---|---|---|---|---|
| | [SPRING OAKS CAPITAL, LLC] | SPRING OAKS CAPITAL, LLC | [O] ORIGINAL CREDITOR | |
| **[]** | **[12] FINANCIAL** | | **[O] ORIGINAL CREDITOR** | |

| Terms Duration | Term Frequency | Monthly Payment | Actual Payment | Defered Pay Start Date | Ballon Payment | Ballon Payment Due |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | Pmt Hist Months 73-84 |
|---|---|---|---|---|---|---|---|
| 06/13/2025 | ************ | GGGGG******* | ***********B | ************ | ************ | ************ | ************ |
| 06/01/2025 | ************ | ************ | ************ | ************ | ************ | ************ | ************ |

| Consumer Info Indicator | |
|---|---|
| | |

| Compliance Condition Code | |
|---|---|
| | [ XB ] Account information disputed by consumer |

| Special Comment Code | |
|---|---|
| | |

| Account Status | |
|---|---|
| | [ 6 ] STATUS 6 - COLLECTION |
| | **[ 6 ] STATUS 6 - COLLECTION** |

| Payment Rating | |
|---|---|
| | |

| TRADES | AUTOMATED CONSUMER DISPUTE VERIFICATION | EQUIFAX |
|---|---|---|

| Images Sent |
|---|
| OD_202506190154402910.TIF |
| |
| |
| |
| |
| |

| TRADES | AUTOMATED CONSUMER DISPUTE VERIFICATION | EQUIFAX |
|---|---|---|

**HISTORICAL ACCOUNT DATA**     **AUTOMATED DISPUTE CONSUMER VERIFICATION**     **EQUIFAX**

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| May-2025 | $13095 | | | | $13095 | | $13095 | Debt Buyer Account | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Apr-2025 | $13095 | | | | $13095 | | $13095 | Debt Buyer Account | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Mar-2025 | $13095 | | | | $13095 | | $13095 | Debt Buyer Account | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Feb-2025 | $13095 | | | | $13095 | | $13095 | Debt Buyer Account | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Jan-2025** | $13095 | | | | $13095 | | $13095 | Debt Buyer Account | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Dec-2024** | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Nov-2024** | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Oct-2024** | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | $13095 | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Sep-2024** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Aug-2024** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Jul-2024** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Jun-2024** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| May-2024 | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Apr-2024 | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Mar-2024 | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| Feb-2024 | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|-------|---------|-------------------|----------------|------------------|-------------|--------------|-----------------|--------------|---------------------|
| **Jan-2024** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|-------|---------|-------------------|----------------|------------------|-------------|--------------|-----------------|--------------|---------------------|
| **Dec-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|-------|---------|-------------------|----------------|------------------|-------------|--------------|-----------------|--------------|---------------------|
| **Nov-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|-------|---------|-------------------|----------------|------------------|-------------|--------------|-----------------|--------------|---------------------|
| **Oct-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Sep-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Aug-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Jul-2023** | | | | | | | | | |

| Month | Balance | Scheduled Pmt Amt | Actual Pmt Amt | Date of Last Pmt | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| **Jun-2023** | | | | | | | | | |

**HISTORICAL ACCOUNT DISPUTE REASON**  **AUTOMATED DISPUTE CONSUMER VERIFICATION**  **EQUIFAX**

**No Historical Account Information was disputed.**

**HISTORICAL ACCOUNT DISPUTE REASON**  **AUTOMATED DISPUTE CONSUMER VERIFICATION**  **EQUIFAX**

# Exhibit A-2

## Equifax ACDV (June 26, 2025)

**This Page Intentionally Left Blank**

| **TRADES** | **AUTOMATED CONSUMER DISPUTE VERIFICATION** | **EQUIFAX** |
|---|---|---|

| Control Number | 99995177549163021 | | Dispute 1 | [ 053 ] CONSUMER STATES INACCURATE INFORMATION. PROVIDE OR CONFIRM COMPLETE ID AND VERIFY ALL ACCOUNT INFORMATION. |
|---|---|---|---|---|
| Origin NCRA | EFX | Bureau Code | 9999 | |
| Date Created | 06/26/2025 | Response Due | 07/21/2025 | Dispute 2 |
| Subscriber Code | 015FY00168 | | | |
| Account Number | 112723636 | | | |
| Grantor Name | Spring Oaks Capital, LLC | | FCRA Relevant Information | IMAGE ATTACHED |
| Responder Name | Spring Oaks Capital, LLC | | | |
| Responder Phone | | | | |
| | | Response Date | 07/01/2025 | |
| Response Code | ☐ Verified As Reported  ☑ Disputed Info accurate. Updtd Acct info unrelated to dispute | | ☐ Delete Account  ☐ Delete Fraud | |

| **Reported Consumer Identity** | | Same | **Modified Consumer Identity** | |
|---|---|---|---|---|
| Name | HASSAN EHAB N | ☐ | Name | **HASSAN EHAB** |
| AKA/FN | | ☐ | AKA/FN | |
| Address | BAY, BROOKLYN, NY 11214 | ☐ | Address | **7902 BAY PKWY APT C1, BROOKLYN, NY 11214** |
| Previous | NEW UTRECHT, BROOKLYN, NY 11228 | ☐ | Previous | **7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228** |
| SSN | 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 | ☑ | SSN | **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** |
| DOB | 11/07/1964 | ☑ | DOB | **11/07/1964** |
| Phone | 347-216-3585 | ☑ | Phone | **347-216-3585** |

| Account Type | ECOA | Date Open | Type & Rate | Narratives |
|---|---|---|---|---|
| 0C | I | 12/2023 | O | |
| **0C** | **I** | | **O6** | |

| Credit Limit | High Credit | Current Balance | Past Due | |
|---|---|---|---|---|
| | $13095 | $13095 | $13095 | |
| | **$13095** | **$13095** | **$13095** | |

| Original Charge Off | Date Ist Delinquency | Last Payment Date | Date Closed | |
|---|---|---|---|---|
| | 07/09/2023 | | | [ 166 ] CONSUMER DISPUTES THIS ACCOUNT INFORMATION |
| | | | | [ 057 ] COLLECTION ACCOUNT |

| Activity Designator | Creditor Classification | Purchased/Sold To Name/Original Creditor | Purchase Indicator | Mortgage Id Number |
|---|---|---|---|---|
| | [SPRING OAKS CAPITAL, LLC] | SPRING OAKS CAPITAL, LLC | [O] ORIGINAL CREDITOR | |
| **[]** | **[12] FINANCIAL** | | **[O] ORIGINAL CREDITOR** | |

| Terms Duration | Term Frequency | Monthly Payment | Actual Payment | Defered Pay Start Date | Ballon Payment | Ballon Payment Due |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | Pmt Hist Months 73-84 |
|---|---|---|---|---|---|---|---|
| 06/23/2025 | ************ | BGGGGG****** | ************ | ************ | ************ | ************ | ************ |
| 07/01/2025 | ************ | ************ | ************ | ************ | ************ | ************ | ************ |

| Consumer Info Indicator | |
|---|---|
| | |

| Compliance Condition Code | |
|---|---|
| | [ XB ] Account information disputed by consumer |

| Special Comment Code | |
|---|---|
| | |

| Account Status | [ 6 ] STATUS 6 - COLLECTION |
|---|---|
| | **[ 6 ] STATUS 6 - COLLECTION** |

| Payment Rating | |
|---|---|
| | |

| **TRADES** | **AUTOMATED CONSUMER DISPUTE VERIFICATION** | **EQUIFAX** |
|---|---|---|

| Images Sent |
| --- |
| DD14674206242502316.TIF |
| |
| |
| |
| |
| |

DD14674206242502316.TIF

# Exhibit A-3

## Equifax Custodian Declaration (Jan. 2025)

**This Page Intentionally Left Blank**

**DECLARATION OF CUSTODIAN OF RECORDS**

STATE OF GEORGIA )

COUNTY OF FULTON )

I, the undersigned declare as follows:

1.    My name is Dia Colclough. I am over 21 years of age and I am competent to testify as to the matters stated herein.

2.    I am a Legal Support Associate for Equifax Information Services LLC, and have authority to submit this declaration on its behalf.

3.    I have personal knowledge of the facts set forth herein, except to the extent that I state herein another source for my knowledge.

4.    The documents identified herein are true and accurate copies of the documents maintained by Equifax, Inc.

5.    These records and documents were prepared by personnel of Equifax in the ordinary course of business at or near the time of the acts, conditions or events described in the records.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of January, 2025.

_Dia Colclough_
_____
Dia Colclough

# Exhibit A-4

## Equifax Subpoena Affidavit of Service

**This Page Intentionally Left Blank**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORKCOURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| **Plaintiff / Petitioner:**<br>EHAB HASSAN<br>**Defendant / Respondent:**<br>Custodian of Records Equifax Information Services LLC | **AFFIRMATION OF SERVICE**<br>Index No:<br>1:25-CV-04850-NRM-CHK<br>Date Filed: |

I, Rochelle Earthrise affirm and say that I'm not a party herein, I'm over 18 years of age and reside in Georgia. That on Tue, Dec 23 2025 AT 11:05 AM AT 2 Sun Court Suite 400, Peachtree Corners, GA 30092 affirmant served the within SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS (Received Dec 22, 2025 at 10:59am EST) on Custodian of Records Equifax Information Services LLC

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to Custodian of Records Equifax Information Services LLC was served theough the Corporation Service Company and accepted by Barry Smith, an authorized recipient. personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be Authorized Recipient; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

_____

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____.

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | |
|---|---|---|---|---|
| Age: Approx. 41 | Skin Color: African American | Gender: Male | Weight: 175 | |
| Height: 5'6" | Hair: Black | Eyes: | Relationship: Authorized Recipient | |
| Other | | | | |

*Rochelle Earthrise*
Rochelle Earthrise
ID# CPS 236

Pursuant to NY CPLR § 2106. I affirm this 29 day of DECEMBER, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**ServeIT**
by InfoTrack

# Exhibit B

## Defendants Produced Documents and Responses

**This Page Intentionally Left Blank**

# Exhibit B-1

## Internal Database Records

**This Page Intentionally Left Blank**

| LotNo | DueDil Acct ID | AcctNo | Opportunity | Name | SSN | Address 1 | Address 2 | City | State | Zip |
|-------|----------------|--------|-------------|------|-----|-----------|-----------|------|-------|-----|
| Lot23-1243 | 922 | LAI-00757201 | APP-0033206944 | Ehab Hassan | ███ | 7902 Bay Parkway | | BROOKLYN | NY | |

SOC_HASSAN 000578

| Country | HomePh | WorkPh | DOB | Email | Loan_Amount | Origination_Date | Charge_Off_Date | Charged Off Principal |
|---|---|---|---|---|---|---|---|---|
| 11214 | 3472163585 | | | ehabhassan@yagoat.com | 17,460.00 | 1/28/2023 | 12/7/2023 | 13,095.00 |

SOC_HASSAN 000579

| Charged Off Interest | Charged Off Fees | Total CO | Current_Principal | Current_Interest | Current_Fees | Current_Balance | Most_Recent_Payment |
|---|---|---|---|---|---|---|---|
| 0 | 0 | 13,095.00 | 13095 | 0 | 0 | 13,095.00 | 5/9/2023 |

SOC_HASSAN 000580

| LastPaymentAmount | FICO | Interest_Rate | Current_Payment_Amount | Frequency | First_Payment_Date | FirstDelinquencyDate |
|---|---|---|---|---|---|---|
| 1,455.00 | 651 | 0 | 1455 | Monthly | 2/28/2023 | 7/9/2023 |

SOC_HASSAN 000581

| NextPaymentDate | Charge_Off_Reason | Current_Term | Days_Past_Due | Loan_Closed_Date | Loan State | Oldest_Due_Date | OriginationEntity |
|---|---|---|---|---|---|---|---|
| 12/9/2023 | 120+ DPD | 12 | 151 | | NY | 7/9/2023 | First Electronic Bank |

SOC_HASSAN 000582

| Attorney Name | Merchant | Owner | DMC | Sale Balance | Purchase Price (%) | Calc_Sale Proceeds |
|---|---|---|---|---|---|---|
| | eBay Loans | LendingPoint | | 13,095.00 | | |

SOC_HASSAN 000583



SOC_HASSAN 000584

# Exhibit B-2

## Initial Notice Letter

**This Page Intentionally Left Blank**



SPRING OAKS CAPITAL
LLC

1400 Crossways Blvd, STE 100 B
Chesapeake, VA 23320
Toll Free Number: 866-281-3065
Office Hours:
M-Thurs. 8am-9pm EST, F 8am-6pm EST

To: Ehab Hassan
7902 Bay Pkwy
Brooklyn, NY 11214-1965

Reference: 112723636

**Spring Oaks Capital, LLC is a debt collector.** We are trying to collect a debt that is now owned by Spring Oaks Capital SPV, LLC. We will use any information you give us to help collect the debt.

## Our information shows:

You had an eBay Loans account originated with First Electronic Bank with account number LAI-00757201. The creditor on 12/07/2023 was LendingPoint. Your First Electronic Bank account is now owned by Spring Oaks Capital SPV, LLC.

| | |
|---|---|
| As of 12/07/2023 you owed: | $13,095.00 |
| Between 12/07/2023 and today: | |
| You were charged this amount in interest: + | $0.00 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: - | $0.00 |
| **Total amount of the debt now:** | **$13,095.00** |

### How can you dispute the debt?

- **Call or write to us by February 4, 2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by February 4, 2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

### What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by February 4, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- **Contact us about your payment options by visiting www.springoakscapital.com or calling 866-281-3065.**

SEE REVERSE SIDE/FOLLOWING PAGES FOR OTHER IMPORTANT INFORMATION

✂

DEPT 914  1149941023124
PO BOX 4115
CONCORD CA 94524

|||||||||||||||||||||||||||||||||||||||||||||||||

ADDRESS SERVICE REQUESTED

EHAB HASSAN
7902 BAY PKWY
BROOKLYN NY 11214-1965

### How do you want to respond?

*Check all that apply:*
☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount: $ _____

Make your check payable to Spring Oaks Capital, LLC. Include the reference number 112723636.

**Mail this form to:**

SPRING OAKS CAPITAL, LLC
ATTN: CORRESPONDENCE DEPT
PO BOX 1216
CHESAPEAKE VA 23327-1216

SOC_HASSAN_000196

SPOIL-1221-1886526364-00161-101

As required by law, you are hereby notified that a negative credit agency report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. This does not affect your right to dispute the debt as set forth in this letter.

For New York Residents:

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

YOU MAY REQUEST THIS LETTER IN AN ALTERNATIVE LARGE PRINT FORMAT BY CALLING US AT 866-281-3065.

For New York City Residents:

You may also reach us by calling Tim Rees at 866-539-7554. New York City Department of Consumer Affairs License Number(s): 2097110-DCA

To better serve you, please advise us if you have any language preference other than English. At this time, our language access services are limited to our ability to make Spanish speaking representatives available to you upon request, but please note that we do not provide written correspondence translated to another language. In addition, a translation and description of commonly-used debt collection terms is available in multiple languages on New York City's Department of Consumer Affairs' website at www.nyc.gov/dca.

SOC_HASSAN 000197

| FACTS | What does Spring Oaks Capital, LLC, and its affiliates, including Spring Oaks Capital SPV, LLC (collectively "Spring Oaks", "us", or "we") do with your personal information? |
|---|---|
| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>• Social Security Number and Date of Birth<br>• Address and Telephone Number<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| How? | All financial companies need to share customer's personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customer's personal information; the reasons Spring Oaks chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Spring Oaks share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes -** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus. | Yes | No |
| **For our marketing purposes -** to offer our products and services to you | No | No |
| **For joint marketing with other financial companies** | No | No |
| **For our affiliates' everyday business purposes -** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes -** information about your creditworthiness | Yes | No |
| **For nonaffiliates to market to you** | No | No |

| Questions? | Call 866-281-3065 or go to www.springoakscapital.com |
|---|---|

SOC_HASSAN 000198

SPOIL-1221-1966526364-00181-181

| Who we are | |
|---|---|
| **Who is providing this notice?** | Spring Oaks Capital LLC, and its affiliates, including Spring Oaks Capital SPV, LLC |

| What we do | |
|---|---|
| **How does Spring Oaks protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| **How does Spring Oaks collect my personal information?** | We collect your personal information, for example, when you<br><br>■ call us     or     email us<br>■ use our online portal     or     write us |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br><br>■ sharing for affiliates' everyday business purposes - information about your creditworthiness<br>■ affiliates from using your information to market to you<br>■ sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. |

| Definitions | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies. |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies. |
| **Joint Marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you. |

| Other important information |
|---|
| Please refer to the following reference number if you need to contact us with any questions: 112723636. |

SOC_HASSAN 000199

SPOIL-1221-1966526364-00181-181

# Exhibit B-3

## Metro-2 Reporting Data

**This Page Intentionally Left Blank**

Metro2 files

Started February 2024

0460102022024 0844410SPRING        112723636            O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB   000013095000013095000013095020220240709202300000000000000           Hassan
Ehab                 06270724811071964 34721635851   US7902 BAY PARKWAY                 BROOKLYN        NY11214
K1First Electronic Bank        12

0460103012024 0810050SPRING        112723636            O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB   000013095000013095000013095030120240709202300000000000000           Hassan
Ehab                 06270724811071964 34721635851   US7902 BAY PARKWAY                 BROOKLYN        NY11214
K1First Electronic Bank        12

0460104052024 0921160SPRING        112723636            O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB   000013095000013095000013095040520240709202300000000000000           Hassan
Ehab                 06270724811071964 34721635851   US7902 BAY PARKWAY                 BROOKLYN        NY11214
K1First Electronic Bank        12

0460105032024 0914530SPRING        112723636            O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB   000013095000013095000013095050320240709202300000000000000           Hassan
Ehab                 06270724811071964     1 US7902 BAY PARKWAY                 BROOKLYN        NY11214    K1First
Electronic Bank        12

SOC_HASSAN 001133

04601060720240831140SPRING        112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB  00001309500001309500001309506072024070920230000000000000000         Hassan
Ehab              06270724811071964     1 US7902 BAY PARKWAY              BROOKLYN      NY11214   K1First
Electronic Bank     12


04601070520240920490SPRING        112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB  00001309500001309500001309507052024070920230000000000000000         Hassan
Ehab              06270724811071964     1 US7902 BAY PARKWAY              BROOKLYN      NY11214   K1First
Electronic Bank     12


04601080220240923020SPRING        112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB  00001309500001309500001309508022024070920230000000000000000         Hassan
Ehab              06270724811071964     1 US7902 BAY PARKWAY              BROOKLYN      NY11214   K1First
Electronic Bank     12


04601090620240334120SPRING        112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB  00001309500001309500001309509062024070920230000000000000000         Hassan
Ehab              06270724811071964     1 US7902 BAY PARKWAY              BROOKLYN      NY11214   K1First
Electronic Bank     12


04601100420240536420SPRING        112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBB  00001309500001309500001309510042024070920230000000000000000         Hassan
Ehab              06270724811071964     1 US7902 BAY PARKWAY              BROOKLYN      NY11214   K1First
Electronic Bank     12

SOC_HASSAN 001134

0460111012024 0328060SPRING        112723636         O0C12202023000000000000013095001 00000000000000000093 BBBBBBBBBBBBBBBBBBBBBBBBB  0000130950000130950000130951101202407092023000000000000000        Hassan Ehab              06270724811071964     1 US7902 BAY PARKWAY                    BROOKLYN       NY11214   K1First Electronic Bank      12

0460112062024 0334340SPRING        112723636         O0C12202023000000000000013095001 00000000000000000093 BBBBBBBBBBBBBBBBBBBBBBBBB  0000130950000130950000130951206202407092023000000000000000        Hassan Ehab              06270724811071964 34732419671 US7902 BAY PARKWAY                    BROOKLYN       NY11214 K1First Electronic Bank      12

0460101032025 0324230SPRING        112723636         O0C12202023000000000000013095001 00000000000000000093 BBBBBBBBBBBBBBBBBBBBBBBBB  0000130950000130950000130950103202507092023000000000000000        Hassan Ehab              06270724811071964     1 US7902 BAY PARKWAY                    BROOKLYN       NY11214   K1First Electronic Bank      12

0460102072025 0534590SPRING        112723636         O0C12202023000000000000013095001 00000000000000000093 BBBBBBBBBBBBBBBBBBBBBBBBB  0000130950000130950000130950207202507092023000000000000000        Hassan Ehab              06270724811071964     1 US7902 BAY PARKWAY                    BROOKLYN       NY11214   K1First Electronic Bank      12

0460103072025 0403000SPRING        112723636         O0C12202023000000000000013095001 00000000000000000093 BBBBBBBBBBBBBBBBBBBBBBBBB  0000130950000130950000130950307202507092023000000000000000        Hassan Ehab              06270724811071964     1 US7902 BAY PARKWAY                    BROOKLYN       NY11214   K1First Electronic Bank      12

SOC_HASSAN 001135

460104042025<mark>04042025</mark>0358400SPRING     112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB  000013095000013095000013095040420250709202300000000000000          Hassan
Ehab                         ████████████964      1 US7902 BAY PARKWAY                    BROOKLYN      NY11214   K1First
Electronic Bank     12

460105022025<mark>05022025</mark>0438170SPRING     112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB  000013095000013095000013095050220250709202300000000000000          Hassan
Ehab                         ██████████1964      1 US7902 BAY PARKWAY                    BROOKLYN      NY11214   K1First
Electronic Bank     12

460106062025<mark>06062025</mark>0430270SPRING     112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB  000013095000013095000013095060620250709202300000000000000          Hassan
Ehab                         ██████████1964      1 US7902 BAY PARKWAY                    BROOKLYN      NY11214   K1First
Electronic Bank     12

460106132025<mark>06132025</mark>0412340SPRING     112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB <mark>XB</mark>000013095000013095000013095061320250709202300000000000000          Hassan
Ehab                         ██████████1964      1 US7214 NEW UTRECHT AVE       #1004          BROOKLYN      NY11228
K1First Electronic Bank       12

460107042025<mark>07042025</mark>0556050SPRING     112723636          O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB <mark>XB</mark>000013095000013095000013095070420250709202300000000000000          Hassan
Ehab                         ██████████1964      1 US7902 BAY PKWY APT C1                BROOKLYN      NY11214   K1First
Electronic Bank     12

SOC_HASSAN 001136

0460108012025 0411360SPRING          112723636                O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950000130950801202507092023000000000000000          Hassan
Ehab                  06270724811071964       1 US7902 BAY PKWY APT C1                    BROOKLYN        NY11214    K1First
Electronic Bank      12

0460109052025 0540230SPRING          112723636                O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950000130950905202507092023000000000000000          Hassan
Ehab                  06270724811071964       1 US7902 BAY PKWY APT C1                    BROOKLYN        NY11214    K1First
Electronic Bank      12


0460110032025 0543160SPRING          112723636                O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950000130951003202507092023000000000000000          Hassan
Ehab                  06270724811071964       1 US7902 BAY PKWY APT C1                    BROOKLYN        NY11214    K1First
Electronic Bank      12


0460111072025 0551510SPRING          112723636                O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950000130951107202507092023000000000000000          Hassan
Ehab                  06270724811071964       1 US7902 BAY PKWY APT C1                    BROOKLYN        NY11214    K1First
Electronic Bank      12


0460112052025 1056570SPRING          112723636                O0C1220202300000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950000130951205202507092023000000000000000          Hassan
Ehab                  06270724811071964       1 US7902 BAY PKWY APT C1                    BROOKLYN        NY11214    K1First
Electronic Bank      12

SOC_HASSAN 001137

0460101022026 0429530SPRING       112723636              O0C12202023000000000000013095001 00000000000000000093
BBBBBBBBBBBBBBBBBBBBBBBBB XB0000130950000130950001309501022026070920230000000000000000        Hassan
Ehab        ████████████964      1 US7902 BAY PKWY APT C1                BROOKLYN      NY11214   K1First
Electronic Bank       12

SOC_HASSAN 001138

# Exhibit B-4

## CFPB Response and Chain Statement

**This Page Intentionally Left Blank**

Date: June 29, 2025



**SPRING OAKS CAPITAL**
LLC

Ehab Hassan

7214 NEW UTRECHT AVE

#1004

BROOKLYN, NY 11228

**Post Office Box 1216**

**Chesapeake, VA 23327-1216**

**Toll Free Number: 866-539-7525**

**Office Hours:**

**M-Thurs. 8am-11pm EST**

**F 8am-8pm EST**

**ACCOUNT INFORMATION**

Original Creditor: First Electronic Bank

Original Account No.: ▮▮▮▮7201

Current Creditor: Spring Oaks Capital SPV, LLC

Reference No.: ▮▮▮3636

Balance: $13,095.00

Dear Ehab Hassan,

DISPUTE / DEBT SUBSTANTIATION NOTICE

Our office is in receipt of your dispute and/or request for debt substantiation. We note that your communication to our office also requested that we cease or restrict our communications with you. This letter is to notify you that Spring Oaks Capital, LLC will be marking the account as disputed and ceasing all further communications with you on this account.

Please be advised that we have reviewed your account and have confirmed the name and amount owed on the account. Based on our <u>investigation</u> of your dispute, we have determined that you are the <u>correct consumer</u> listed for this account and <u>our records are accurate</u>.

Enclosed you will find documents associated with your account provided in response to your dispute and/or request for debt substantiation. Should you have any questions regarding this account, please feel free to contact us.

**SEE FOLLOWING PAGE(S) FOR IMPORTANT INFORMATION**

SOC_HASSAN 000175

We are pleased to provide you with the following items concerning this account:

(1) A copy of the signed contract; signed application; or a copy of a document sent to you while your account was active demonstrating that the debt was incurred by you (see enclosed).

(2) A copy of the charge-off account statement or equivalent document issued by the original creditor to you (see enclosed).

(3) Chain of Title Statement (see below).

(4) If applicable, enclosed are records reflecting the amount and date of any prior settlement agreement reached in connection with this account.

Thank you,

Spring Oaks Capital, LLC

This communication is from a debt collector.

CHAIN OF TITLE STATEMENT

1.First Electronic Bank
2.LendingPoint LLC
3.Spring Oaks Capital, LLC
4.Spring Oaks Capital SPV, LLC

**For New York Residents:**

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

**For New York City Residents:**

You may also reach us by calling Tim Rees at 866-539-7554. New York City Department of Consumer and Worker Protection license numbers:  2117984-DCWP and 2122260-DCWP.

SOC_HASSAN 000176

# Exhibit B-5

## Account Handling Records and Notes

**This Page Intentionally Left Blank**

| Id | Customer Account Number | Reason | Dispute Amount | Resolution Code | Resolution | Resolution Date | Active | Create Date | Control Number | Dispute Code1 | Fcra Relevant Information | Response Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1603716 | 112723636 | This case for EHAB HASSAN was opened on 09/01/2025 and response is due on 09/19/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. All demographics matched with debtor's provided information. DOB, SSN , address matched with that in | 9/5/2025 | TRUE | 9/2/2025 4:52 | 2.1086E+12 | 112 | \|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\| | 23 |
| 1600280 | 112723636 | This case for EHAB HASSAN was opened on 08/29/2025 and response is due on 09/23/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | | 8/30/2025 | TRUE | 8/30/2025 5:51 | 4.61408E+14 | 112 | | 23 |
| 1567664 | 112723636 | This case for EHAB HASSAN was opened on 08/08/2025 and response is due on 09/03/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | | 8/9/2025 | TRUE | 8/9/2025 13:24 | 4.62087E+14 | 001 | | 23 |
| 1562985 | 112723636 | This case for EHAB HASSAN was opened on 08/05/2025 and response is due on 08/22/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | ***Indirect*** ***Resolved dispute with XB*** The customer verified SSN / DOB / PH / ADDRESS. Reviewed Images. The details provided by the customer's supporting documents does not support fraud. The customer made multiple payments to the original creditor. The last payment to the original creditor prior to charge off was for $1,455.00 on 05/09/23. The account was escalated to the OC. LENDING POINT ALSO INDICATED THAT THERE IS NO RECORD OF THIS CONSUMER CLAIMING FRAUD. The OC provided PLAID statement, Signed Contract, idiCORE and email conformation of signed agreement. Documents also included Bank of America account used to obtain funds. | 8/11/2025 | TRUE | 8/6/2025 15:09 | 9999521661649201 | 112 | IMAGE ATTACHED | 12 |
| 1562979 | 112723636 | This case for EHAB HASSAN was opened on 08/05/2025 and response is due on 08/22/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | ***Indirect*** ***Resolved dispute with XB*** The customer verified SSN / DOB / ADDRESS. Reviewed Images. The details provided by the customer's supporting documents does not support fraud. The customer made multiple payments to the original creditor. The last payment to the original creditor prior to charge off was for $1,455.00 on 05/09/23. The account was escalated to the OC. LENDING POINT ALSO INDICATED THAT THERE IS NO RECORD OF THIS CONSUMER CLAIMING FRAUD. The OC provided PLAID statement, Signed Contract, idiCORE and email conformation of signed agreement. Documents also included Bank of America account used to obtain funds. | 8/11/2025 | TRUE | 8/6/2025 15:09 | 1.77637E+12 | 112 | CFPB COMPLAINT RECEIVED DOCUMENT IDS202029003\|\|\|\|\|\|\|\|\| \|\|\|\|\|\|\|\|\|\|\|\|\|\| | 12 |
| 1550005 | 112723636 | This case for EHAB HASSAN was opened on 07/29/2025 and response is due on 08/24/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | | 7/30/2025 | TRUE | 7/30/2025 8:24 | 4.61266E+14 | 001 | | 23 |

SOC_HASSAN 000148

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1537635 | 112723636 | This case for EHAB HASSAN was opened on 07/22/2025 and response is due on 08/06/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | Case central\E-Oscar dispute resolved: Verified information required to validate account. All demographics matched. Consumer made payment of $1,455 to OC. Documents were sent to review however they do not support the customers claim of Disputes present/previous Account Status/Payment Rating/Account History. The document supplied by the consumer only shows a statement stating the account was removed form the credit report of which SOC id not authorize. Our records don't reflect any issues withe the account status or payment history. Closed dispute with XB | 7/25/2025 | TRUE | 7/23/2025 7:52 | 1.74397E+12 | 106 | CFPB COMPLAINT RECEIVED\|\|\|\|\|\|\|\|\|\|\|\| \|\|\|\|\|\|\|\|\|\| | 23 |
| 1528275 | 112723636 | *** received Written Dispute and Complaint and CND -- FINAL NOTICE PRIOR TO LEGAL ACTION" "Your continued reporting of this tradeline as a personal debt is therefore a willful misrepresentation of the loan's legal character... The documentation you furnished in response to verification requests confirms that the loan was for business purposes and not subject to consumer reporting. customer requests for permanent deletion of account "You remain barred from communicating with me regarding the collection of this loan." -- document loaded to file ***" | $13,095.00 | | | | TRUE | 7/17/2025 15:34 | | | | |
| 1509756 | 112723636 | This case for EHAB HASSAN was opened on 07/07/2025 and response is due on 07/27/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for not mine. Verified SSN, DOB, Name of Customer, Phone number & address. Customer made payment of $1,455.00 to OC. Based on investigation, the findings show that the account belongs to the consumer and do not show otherwise. | 7/9/2025 | TRUE | 7/8/2025 6:37 | 9999518750476701 | 001 | IMAGE ATTACHED | 23 |
| 1506335 | 112723636 | This case for EHAB HASSAN was opened on 07/04/2025 and response is due on 07/28/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | Case central\E-Oscar dispute resolved: Consumer is claiming for Not mine. Verified information with our system and reviewed transaction to validate. All demographics matched. **REVIEWED IMAGE** All demographics matched with debtor's provided information. DOB, SSN, address matched with that in original primary demographic information. Consumer made payment of $1455 to OC. Closed dispute with XB | 7/9/2025 | TRUE | 7/5/2025 6:38 | 4.05351E+14 | 001 | Unable to authenticate documentation undated billing statement | 23 |
| 1494161 | 112723636 | This case for EHAB HASSAN was opened on 06/27/2025 and response is due on 07/18/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. Verified SSN, DOB, Name of Customer, phone number & address. the address on DL provided by consumer is matched with address on the file we have.Also the DOB and the SSN number matches what we have on the file. Customer made payment of $1,455.00 to OC. Based on investigation, all the information we have on account is accurate. Closed dispute with XB | 7/1/2025 | TRUE | 6/28/2025 7:24 | 9999517754916302 | 112 | IMAGE ATTACHED | 23 |

SOC_HASSAN 000149

| 1493531 | 112723636 | This case for EHAB HASSAN was opened on 06/27/2025 and response is due on 07/16/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming account belong to another individual with similar name. Verified SSN, DOB, Name of Customer, Phone number & address. the address on DL provided by consumer is matched with address on the file we have.Also the DOB and the SSN number matches what we have on the file. Customer made payment of $1,455.00 to OC. Based on investigation, the findings show that the account belongs to the consumer and do not show otherwise. Closed dispute with XB | 6/30/2025 | TRUE | 6/28/2025 7:18 | 0613798112002 | 002 | |||||||||||||||||||||| | 23 |
| 1491189 | 112723636 | This case for EHAB HASSAN was opened on 06/26/2025 and response is due on 07/21/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | | 6/27/2025 | TRUE | 6/27/2025 8:11 | 4.61128E+14 | 112 | | 23 |
| 1490450 | 112723636 | *** received Written Dispute and Complaint -- consumer is requesting specific documentation, ...MORE THAN 15 DAYS HAVE PASSED WITHOUT ANY RESPONSE..." -- document loaded to file*** | $13,095.00 | XB | Thank you for submitting your concerns. Spring Oaks Capital, LLC is focused on consumer treatment and compliance with all state and federal laws and regulations. We respectfully disagree with the assertion contained within this complaint related to the handling of the referenced account. On December 20, 2023 we purchased the eBay Loans account that originated with First Electronic Bank. We mailed our initial letter on December 26, 2023 to the same address listed in this complaint. This letter advised you of the right to dispute the account under the Fair Debt Collection Practices Act (FDCPA) and that a negative report may be submitted to credit reporting agencies if the terms of the credit obligations were not fulfilled. We received a CFPB complaint and opened a dispute in response. We are also in receipt of the written disputes and disputes through the credit reporting agencies. We investigated these disputes and have determined that our reporting of the reference account is accurate. Our record reflects that the account was opened on January 28, 2023, and the last payment was made on May 09, 2023 in the amount of $1,455.00. The account later charged off on December 07, 2023 and the current balance | | TRUE | 6/26/2025 14:59 | | | | |

SOC_HASSAN 000150

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1488193 | 112723636 | *** received Written Dispute and Complaint -- consumer is requesting documentation, ...YOUR AGENCY HAS INACCURATELY REPORTED THIS INFORMATION TO CONSUMER REPORTING BUREAUS KNOWINGLY MISREPRESENTING A COMMERCIAL OBLIGATION AS A PERSONAL ONE - A CLEAR VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)..." -- document loaded to file***" | $13,095.00 | XB | Thank you for submitting your concerns. Spring Oaks Capital, LLC is focused on consumer treatment and compliance with all state and federal laws and regulations. We respectfully disagree with the assertion contained within this complaint related to the handling of the referenced account. On December 20, 2023 we purchased the eBay Loans account that originated with First Electronic Bank. We mailed our initial letter on December 26, 2023 to the same address listed in this complaint. This letter advised you of the right to dispute the account under the Fair Debt Collection Practices Act (FDCPA) and that a negative report may be submitted to credit reporting agencies if the terms of the credit obligations were not fulfilled. We received a CFPB complaint and opened a dispute in response. We are also in receipt of the written disputes and disputes through the credit reporting agencies. We investigated these disputes and have determined that our reporting of the reference account is accurate. Our record reflects that the account was opened on January 28, 2023, and the last payment was made on May 09, 2023 in the amount of $1,455.00. The account later charged off on December 07, 2023 and the current balance | TRUE | 6/25/2025 13:41 |
| 1484314 | 112723636 | ***Received Written Dispute: Consumer dispute that agency has inaccurately reported info to consumer reporting bureaus and demanding deletion*** | $13,095.00 | XB | Thank you for submitting your concerns. Spring Oaks Capital, LLC is focused on consumer treatment and compliance with all state and federal laws and regulations. We respectfully disagree with the assertion contained within this complaint related to the handling of the referenced account. On December 20, 2023 we purchased the eBay Loans account that originated with First Electronic Bank. We mailed our initial letter on December 26, 2023 to the same address listed in this complaint. This letter advised you of the right to dispute the account under the Fair Debt Collection Practices Act (FDCPA) and that a negative report may be submitted to credit reporting agencies if the terms of the credit obligations were not fulfilled. We received a CFPB complaint and opened a dispute in response. We are also in receipt of the written disputes and disputes through the credit reporting agencies. We investigated these disputes and have determined that our reporting of the reference account is accurate. Our record reflects that the account was opened on January 28, 2023, and the last payment was made on May 09, 2023 in the amount of $1,455.00. The account later charged off on December 07, 2023 and the current balance | TRUE | 6/23/2025 16:58 |

SOC_HASSAN 000151

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1479472 | 112723636 | This case for EHAB HASSAN was opened on 06/20/2025 and response is due on 07/12/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***:  Consumer is disputing the account status and history.. Verified SSN, DOB, Name of Customer, Phone number & address. Customer made payment of $1,455.00 to OC. All the disputed information along with the account have been validated. Closed dispute with XB | 6/23/2025 | TRUE | 6/21/2025 10:29 | 9999516961724001 | 106 | THIS IS A BUSINESS LOAN ISSUED TO CAMELERA NATURAL PRODUCTS, LLC. FUNDS WERE DEPOSITED INTO AND REPAID FROM A BUSINESS ACCOUNT. THE CONTRACT PROHIBITS PERSONAL USE. PLEASE DELETE OR RECLASSIFY?THIS DOES NOT BELONG ON A CONSUMER REPORT. | 23 |
| 1473547 | 112723636 | This case for IHAB HASSAN was opened on 06/17/2025 and response is due on 07/05/2025. The account in question is XXXX3636 for loan type Open Account. | $0.00 | XB | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. Verified SSN, DOB, Name of Customer, phone number & address. Customer made payment of $1455 to OC. Based on investigation, all the information we have on account is accurate. Closed dispute with XB | 6/19/2025 | TRUE | 6/18/2025 10:45 | 0174520402002 | 112 | I SENT A DISPUTE LETTER TO SPRING OAKS ON MAY 31. THEY RECEIVED IT JUNE 6 BUT UPDATED THE ACCOUNT SAME DAY WITH NO DISPUTE NOTED. PLEASE INVESTIGATE AND VERIFY THIS ACCOUNT. FILES UPLOADED.\|\|\|\|\|\|\|\|\|\|\| \|\|\|\|\|\|\|\|\|\|\|\| | 23 |
| 1471127 | 112723636 | CFPB Received-Dispute Verbiage-Consumer | $13,095.00 | XB | Sent DINV packet via CFPB portal on 6.29.25 | 6/29/2025 | TRUE | 6/16/2025 13:27 | | | |
| 1455485 | 112723636 | '***received Written Dispute -- consumer is requesting validation of debt -- document loaded to file ***' | $0.00 | XB | This has been resolved trough formal complaint | 7/2/2025 | TRUE | 6/6/2025 13:27 | 1455485 | | |

SOC_HASSAN 000152

| Create Date | Note | Username | Agency # |
|---|---|---|---|
| 9/8/2025 5:36 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 22:00 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 9/5/2025 22:00 | Document Case Central 25-468306 Details_20250905T061357.pdf uploaded | casecentral | 112723636 |
| 9/5/2025 22:00 | Document EXP20250901202015IMG64.tiff uploaded | casecentral | 112723636 |
| 9/5/2025 14:56 | Rbruton viewed this account | Rbruton | 112723636 |
| 9/5/2025 14:48 | Rbruton viewed this account | Rbruton | 112723636 |
| 9/5/2025 14:47 | Document TU_HASSAN.pdf uploaded | Rbruton | 112723636 |
| 9/5/2025 14:47 | **Pulled credit reporting from Transunion, Equifax and Experian shows acct is reporting to all three bureaus** | Rbruton | 112723636 |
| 9/5/2025 14:47 | Rbruton viewed this account | Rbruton | 112723636 |
| 9/5/2025 14:46 | Document adv_report (56).pdf uploaded | Rbruton | 112723636 |
| 9/5/2025 14:46 | Document Report (59).pdf uploaded | Rbruton | 112723636 |
| 9/5/2025 14:45 | Rbruton viewed this account | Rbruton | 112723636 |
| 9/5/2025 14:38 | Rbruton viewed this account | Rbruton | 112723636 |
| 9/5/2025 14:31 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/5/2025 14:20 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/5/2025 14:19 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/5/2025 14:05 | yklinger viewed this account | yklinger | 112723636 |
| 9/5/2025 14:02 | yklinger viewed this account | yklinger | 112723636 |
| 9/5/2025 13:58 | ablady viewed this account | ablady | 112723636 |
| 9/5/2025 13:50 | yklinger viewed this account | yklinger | 112723636 |
| 9/5/2025 13:47 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 13:45 | yklinger viewed this account | yklinger | 112723636 |
| 9/5/2025 13:43 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 13:41 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 13:38 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 13:35 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 13:19 | ccalko viewed this account | ccalko | 112723636 |
| 9/5/2025 5:40 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/5/2025 2:13 | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. All demographics matched with debtor's provided information. DOB, SSN , address matched with that in original primary demographic information. Customer made payment of $1455 to OC. Based on investigation, all the information we have on account is accurate. Closed dispute with XB | dsingh | 112723636 |
| 9/5/2025 2:13 | dsingh viewed this account | dsingh | 112723636 |
| 9/5/2025 2:10 | dsingh viewed this account | dsingh | 112723636 |
| 9/4/2025 16:37 | tmckoy viewed this account | tmckoy | 112723636 |
| 9/3/2025 13:34 | Document LP_GOODBYE_LETTER.pdf uploaded | job | 112723636 |
| 9/3/2025 12:04 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/3/2025 12:03 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/3/2025 11:55 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/3/2025 11:55 | Worklist changed from [Complaint] to [Complaints (Formal)] | schiriboga | 112723636 |
| 9/3/2025 11:53 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/3/2025 11:50 | schiriboga viewed this account | schiriboga | 112723636 |
| 9/3/2025 6:21 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 9/2/2025 5:00 | Account moved due to open complaint. | job | 112723636 |
| 9/2/2025 5:00 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 9/2/2025 4:52 | Dispute Indirect Dispute (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 09/01/2025 and response is due on 09/19/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 9/2/2025 4:52 | Worklist changed from [Complaint] to [Dispute Indirect] | casecentral | 112723636 |
| 8/30/2025 21:19 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 8/30/2025 6:15 | Account moved due to open complaint. | job | 112723636 |
| 8/30/2025 6:15 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 8/30/2025 5:51 | Status changed from [ACT] to [INDIRECT] | casecentral | 112723636 |
| 8/30/2025 5:51 | Dispute Indirect Dispute (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 08/29/2025 and response is due on 09/23/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 8/30/2025 5:51 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |

SOC_HASSAN 000153

| | | | |
|---|---|---|---|
| 8/29/2025 4:11 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/25/2025 7:30 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 8/22/2025 4:06 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/21/2025 20:32 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 8/21/2025 20:32 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 8/21/2025 20:32 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 8/20/2025 23:58 | Document Case Central 25-404953 Details_20250725T144056.pdf uploaded | casecentral | 112723636 |
| 8/20/2025 23:58 | Document EXP20250721203015IMG49.tif uploaded | casecentral | 112723636 |
| 8/20/2025 1:56 | Document EFX1098965IMG2588.TIF uploaded | casecentral | 112723636 |
| 8/20/2025 1:56 | Document Case Central 25-377746 Details_20250709T043344.pdf uploaded | casecentral | 112723636 |
| 8/19/2025 21:42 | Document TUN144611IMG1422250361.tif uploaded | casecentral | 112723636 |
| 8/19/2025 21:42 | Document Case Central 25-374267 Details_20250709T083933.pdf uploaded | casecentral | 112723636 |
| 8/19/2025 9:49 | Document Case Central Audit Export 25-362394 20250630T070833.zip uploaded | casecentral | 112723636 |
| 8/19/2025 9:49 | Document EXP20250627202006IMG48.tiff uploaded | casecentral | 112723636 |
| 8/19/2025 9:38 | Document EFX1098867IMG734.TIF uploaded | casecentral | 112723636 |
| 8/19/2025 9:38 | Document Case Central Audit Export 25-361943 20250701T103228.zip uploaded | casecentral | 112723636 |
| 8/18/2025 18:52 | Document EFX1098797IMG3252.TIF uploaded | casecentral | 112723636 |
| 8/18/2025 18:52 | Document EFX1098797IMG3251.TIF uploaded | casecentral | 112723636 |
| 8/18/2025 18:51 | Document Case Central Audit Export 25-348627 20250623T073444.zip uploaded | casecentral | 112723636 |
| 8/18/2025 18:51 | Document EFX1098797IMG3253.TIF uploaded | casecentral | 112723636 |
| 8/18/2025 13:30 | Document Case Central Audit Export 25-343380 20250619T125432.zip uploaded | casecentral | 112723636 |
| 8/18/2025 13:30 | Document EXP20250617202004IMG7.tiff uploaded | casecentral | 112723636 |
| 8/17/2025 20:22 | Document Case Central 25-327738 Details_20250702T221334.pdf uploaded | casecentral | 112723636 |
| 8/15/2025 4:13 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/13/2025 21:22 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 21:52 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 8/11/2025 21:52 | Document EFX1099257IMG4835.TIF uploaded | casecentral | 112723636 |
| 8/11/2025 21:52 | Document Case Central 25-428353 Details_20250811T130750.pdf uploaded | casecentral | 112723636 |
| 8/11/2025 21:36 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 8/11/2025 21:36 | Document EXP20250805201070IMG38.tiff uploaded | casecentral | 112723636 |
| 8/11/2025 21:36 | Document Case Central 25-428565 Details_20250811T130413.pdf uploaded | casecentral | 112723636 |
| 8/11/2025 17:49 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 17:48 | Status changed from [INDIRECT] to [ACT] | schiriboga | 112723636 |
| 8/11/2025 17:47 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 17:40 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 17:34 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 9:34 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 9:31 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 9:28 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 9:26 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 9:24 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 9:11 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/11/2025 9:07 | 99995216616492015 ***Indirect*** ***Resolved dispute with XB*** The customer verified SSN / DOB / PH / ADDRESS.  Reviewed Images. The details provided by the customer's supporting documents does not support fraud.  The customer made multiple payments to the original creditor. The last payment to the original creditor prior to charge off was for $1,455.00 on 05/09/23. The account was escalated to the OC. LENDING POINT ALSO INDICATED THAT THERE IS NO RECORD OF THIS CONSUMER CLAIMING FRAUD. The OC provided PLAID statement, Signed Contract, idiCORE and email conformation of signed agreement. Documents also included Bank of America account used to obtain funds. | ASimmons | 112723636 |
| 8/11/2025 9:07 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 9:07 | Worklist changed from [Complaint] to [Complaints (Formal)] | ASimmons | 112723636 |

SOC_HASSAN 000154

| | | | |
|---|---|---|---|
| | 1776367574001 \*\*\*Indirect\*\*\* \*\*\*Resolved dispute with XB\*\*\* The customer verified SSN / DOB / ADDRESS. Reviewed Images. The details provided by the customer's supporting documents does not support fraud. The customer made multiple payments to the original creditor. The last payment to the original creditor prior to charge off was for $1,455.00 on 05/09/23. The account was escalated to the OC. LENDING POINT ALSO INDICATED THAT THERE IS NO RECORD OF THIS CONSUMER CLAIMING FRAUD. The OC provided PLAID statement, Signed Contract, idiCORE and email conformation of signed agreement. Documents also included Bank of America account used to obtain | | |
| 8/11/2025 9:04 | funds. | ASimmons | 112723636 |
| 8/11/2025 9:04 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 9:00 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:56 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:55 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:50 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:47 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:46 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:44 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:41 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:18 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:16 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/11/2025 8:03 | mgrasso viewed this account | mgrasso | 112723636 |
| 8/9/2025 22:21 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 8/9/2025 13:30 | Account moved due to open complaint. | job | 112723636 |
| 8/9/2025 13:30 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 8/9/2025 13:24 | Dispute Indirect Dispute (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 08/08/2025 and response is due on 09/03/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 8/9/2025 13:24 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |
| 8/8/2025 17:15 | Document Re_ ___URGENT___ Potential Fraud _ SOC 00112723636.msg uploaded | schiriboga | 112723636 |
| 8/8/2025 17:15 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/8/2025 17:14 | \*\*\*\*LENDING POINT ALSO INDICATED THAT THERE IS NO RECORD OF THIS CONSUMER CLAIMING FRAUD \*\*\*\* | schiriboga | 112723636 |
| 8/8/2025 17:14 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/8/2025 17:13 | \*\*\*UPLOADED DOCUMENTS RECIEVED FROM SELLER\*\* IN ONE OF THEM CONSUMER PROVIDED THE BANK OF AMERICA ACCOUNT TO GET THE FUNDS \*\*\*\*\* | schiriboga | 112723636 |
| 8/8/2025 17:13 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 17:12 | Document LAI-00757201 email confirmation.pdf uploaded | schiriboga | 112723636 |
| 8/8/2025 17:12 | Document LAI-00757201 PLAID_STATEMENT.pdf uploaded | schiriboga | 112723636 |
| 8/8/2025 17:12 | Document LAI-00757201_idiCORE.pdf uploaded | schiriboga | 112723636 |
| 8/8/2025 17:12 | Document LAI-00757201K_Signed Contract.pdf uploaded | schiriboga | 112723636 |
| 8/8/2025 17:11 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/8/2025 15:27 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 13:24 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 12:39 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 12:37 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/8/2025 10:06 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/8/2025 10:05 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 10:03 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 10:03 | Worklist changed from [Complaint] to [Complaints (Formal)] | ASimmons | 112723636 |
| 8/8/2025 10:02 | vsoloman viewed this account | vsoloman | 112723636 |
| 8/8/2025 10:00 | \*\*\*Internal Note\*\*\* Please DO NOT WORK THIS ACCOUNT until further notice. Waiting for the OC to respond | vsoloman | 112723636 |
| 8/8/2025 10:00 | vsoloman viewed this account | vsoloman | 112723636 |
| 8/8/2025 9:59 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/8/2025 9:52 | vsoloman viewed this account | vsoloman | 112723636 |
| 8/8/2025 5:45 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/8/2025 0:09 | sshowket viewed this account | sshowket | 112723636 |
| 8/8/2025 0:07 | sshowket viewed this account | sshowket | 112723636 |

SOC_HASSAN 000155

| | | | |
|---|---|---|---|
| 8/7/2025 22:18 | sshowket viewed this account | sshowket | 112723636 |
| 8/7/2025 12:57 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 12:52 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 12:51 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 12:47 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 12:45 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 12:43 | ccrest viewed this account | ccrest | 112723636 |
| 8/7/2025 11:12 | ccrest viewed this account | ccrest | 112723636 |
| 8/6/2025 15:15 | Account moved due to open complaint. | job | 112723636 |
| 8/6/2025 15:15 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 8/6/2025 15:09 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 08/05/2025 and response is due on 08/22/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 8/6/2025 15:09 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 08/05/2025 and response is due on 08/22/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 8/6/2025 15:09 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |
| 8/5/2025 8:58 | tmckoy viewed this account | tmckoy | 112723636 |
| 8/5/2025 8:41 | tmckoy viewed this account | tmckoy | 112723636 |
| 8/5/2025 8:21 | tmckoy viewed this account | tmckoy | 112723636 |
| 8/5/2025 8:12 | tmckoy viewed this account | tmckoy | 112723636 |
| 8/4/2025 17:09 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 16:25 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:44 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:42 | ***Escalated to Lending Point for further research.*** | ASimmons | 112723636 |
| 8/4/2025 15:41 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:40 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:29 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:26 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:21 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:16 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 15:06 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 14:57 | ASimmons viewed this account | ASimmons | 112723636 |
| 8/4/2025 14:48 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:44 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:43 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:41 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:40 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:38 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:35 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:31 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:30 | schiriboga viewed this account | schiriboga | 112723636 |
| 8/4/2025 14:26 | ablady viewed this account | ablady | 112723636 |
| 8/4/2025 14:21 | Form COMPLAINT_TRACKING added | ablady | 112723636 |
| 8/4/2025 14:21 | ablady viewed this account | ablady | 112723636 |
| 8/4/2025 14:16 | Document Summons against SOC.pdf uploaded | ablady | 112723636 |
| 8/4/2025 14:15 | lawsuit received | ablady | 112723636 |
| 8/4/2025 14:15 | ablady viewed this account | ablady | 112723636 |
| 8/4/2025 14:15 | Worklist changed from [Dispute Indirect] to [Complaints (Formal)] | ablady | 112723636 |
| 8/4/2025 12:27 | admin viewed this account | admin | 112723636 |
| 8/1/2025 23:58 | Last Offer Given changed from [9,167.00] to [7,595.00] | job | 112723636 |
| 8/1/2025 23:58 | End of Offer Date changed from [03/20/2025] to [09/01/2025] | job | 112723636 |
| 8/1/2025 23:58 | Settlement Offer Date changed from [01/23/2025] to [08/01/2025] | job | 112723636 |
| 8/1/2025 23:58 | Settlement Offer Amount changed from [$9167.00] to [$7595.00] | job | 112723636 |
| 8/1/2025 12:04 | Cease and Desist Reason changed from [] to [Customer requested no further contact] | job | 112723636 |
| 8/1/2025 4:11 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/30/2025 22:13 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 7/30/2025 8:24 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 07/29/2025 and response is due on 08/24/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |

SOC_HASSAN 000156

| | | | |
|---|---|---|---|
| 7/30/2025 8:24 | Worklist changed from [Dispute] to [Dispute Indirect] | casecentral | 112723636 |
| 7/29/2025 12:27 | jluna viewed this account | jluna | 112723636 |
| 7/29/2025 12:16 | Document Image_Control# 1743973472004 07.23.25.pdf uploaded | jluna | 112723636 |
| | UPLOADED IMAGE CUSTOMER PROVIDED VIA E-OSCAR FOR CONTROL# | | |
| 7/29/2025 12:16 | 1743973472004 DISPUTED ON 07.23.25 | jluna | 112723636 |
| 7/29/2025 12:16 | jluna viewed this account | jluna | 112723636 |
| 7/29/2025 12:07 | jluna viewed this account | jluna | 112723636 |
| 7/25/2025 10:44 | mgrasso viewed this account | mgrasso | 112723636 |
| 7/25/2025 10:43 | mgrasso viewed this account | mgrasso | 112723636 |
| 7/25/2025 10:41 | Dispute Resolved XB - FDCPA | mgrasso | 112723636 |
| 7/25/2025 10:41 | mgrasso viewed this account | mgrasso | 112723636 |
| | Case central\E-Oscar dispute resolved: Verified information required to validate account. All demographics matched. Consumer made payment of $1,455 to OC. Documents were sent to review however they do not support the customers claim of Disputes present/previous Account Status/Payment Rating/Account History. The document supplied by the consumer only shows a statement stating the account was removed form the credit report of which SOC id not authorize. Our records don't reflect any issues withe the account status or payment history. | | |
| 7/25/2025 10:38 | Closed dispute with XB | mgrasso | 112723636 |
| 7/25/2025 10:38 | mgrasso viewed this account | mgrasso | 112723636 |
| 7/25/2025 10:17 | mgrasso viewed this account | mgrasso | 112723636 |
| 7/25/2025 8:52 | Agency Selected changed from [true] to [] | cwilson | 112723636 |
| 7/25/2025 4:18 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/24/2025 15:37 | Worklist changed from [Cease&Desist] to [Dispute] | tmckoy | 112723636 |
| 7/24/2025 15:37 | Worklist changed from [Complaint] to [Cease&Desist] | tmckoy | 112723636 |
| 7/24/2025 15:36 | Reviewer changed from [] to [McKoy, Thomasina] | tmckoy | 112723636 |
| | QA Notes or Formal Complaint Response changed from [] to [T. McKoy reviewed inaccurate reporting due to loan for business purpose. Do not contact unless | | |
| 7/24/2025 15:36 | notifying CBR deletion letter reviewed on 7/24/25. Closed complaint.] | tmckoy | 112723636 |
| 7/24/2025 15:36 | Status of Complaint changed from [Open] to [Closed] | tmckoy | 112723636 |
| 7/24/2025 15:36 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/24/2025 15:33 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/24/2025 1:44 | Primary demographic, Zip changed from [11228] to [11214] | sshowket | 112723636 |
| | Primary demographic, Address12 changed from [7214 NEW UTRECHT AVE #1004] | | |
| 7/24/2025 1:44 | to [7902 BAY PKWY APT C1] | sshowket | 112723636 |
| 7/24/2025 1:44 | Primary demographic, Address 2 changed from [#1004] to [] | sshowket | 112723636 |
| | Primary demographic, Address changed from [7214 NEW UTRECHT AVE] to [7902 | | |
| 7/24/2025 1:44 | BAY PKWY APT C1] | sshowket | 112723636 |
| 7/24/2025 1:44 | Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 marked inactive | sshowket | 112723636 |
| 7/24/2025 1:44 | Address 7902 BAY PKWY APT C1, BROOKLYN, NY 11214 marked active | sshowket | 112723636 |
| 7/24/2025 1:44 | sshowket viewed this account | sshowket | 112723636 |
| 7/23/2025 8:15 | Account moved due to open complaint. | job | 112723636 |
| 7/23/2025 8:15 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 7/23/2025 7:52 | Status changed from [WRITTEN] to [INDIRECT] | casecentral | 112723636 |
| | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 07/22/2025 and response is due on 08/06/2025. The | | |
| 7/23/2025 7:52 | account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 7/23/2025 7:52 | Worklist changed from [Complaint] to [Dispute Indirect] | casecentral | 112723636 |
| 7/22/2025 16:51 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:50 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:50 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:50 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:50 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:49 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/22/2025 16:24 | Form EOSCER_NOTIFICATION_HUB added | job | 112723636 |
| 7/18/2025 8:49 | jluna viewed this account | jluna | 112723636 |
| | Reviewed dispute inbox forwarded by BO: Doc has been uploaded, complaint and | | |
| 7/18/2025 8:48 | dispute has been opened and worklist was also updated to CND | jluna | 112723636 |
| 7/18/2025 8:47 | jluna viewed this account | jluna | 112723636 |
| 7/18/2025 5:46 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/17/2025 15:45 | Account moved due to open complaint. | job | 112723636 |

SOC_HASSAN 000157

| Date/Time | Description | User | Account |
|---|---|---|---|
| 7/17/2025 15:45 | Worklist changed from [Dispute] to [Complaint] | job | 112723636 |
| 7/17/2025 15:37 | Primary demographic, Zip changed from [11214] to [11228] | jnguyen | 112723636 |
| 7/17/2025 15:37 | Primary demographic, Address12 changed from [7902 BAY PKWY APT C1] to [7214 NEW UTRECHT AVE #1004] | jnguyen | 112723636 |
| 7/17/2025 15:37 | Primary demographic, Address 2 changed from [] to [#1004] | jnguyen | 112723636 |
| 7/17/2025 15:37 | Primary demographic, Address changed from [7902 BAY PKWY APT C1] to [7214 NEW UTRECHT AVE] | jnguyen | 112723636 |
| 7/17/2025 15:37 | Address 7902 BAY PKWY APT C1, BROOKLYN, NY 11214 marked inactive | jnguyen | 112723636 |
| 7/17/2025 15:37 | Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 marked active | jnguyen | 112723636 |
| 7/17/2025 15:37 | jnguyen viewed this account | jnguyen | 112723636 |
| 7/17/2025 15:35 | Document DISP+_EHASSAN_07172025.pdf uploaded | jnguyen | 112723636 |
| 7/17/2025 15:35 | ** forwarded ** | jnguyen | 112723636 |
| 7/17/2025 15:35 | jnguyen viewed this account | jnguyen | 112723636 |
| 7/17/2025 15:34 | Form COMPLAINT_TRACKING added | jnguyen | 112723636 |
| 7/17/2025 15:34 | Disputed changed from [false] to [true] | jnguyen | 112723636 |
| 7/17/2025 15:34 | Form INBOUND_WRITTEN_CORRESPONDENCE_ added | jnguyen | 112723636 |
| 7/17/2025 15:34 | Dispute WRITTEN DISPUTE (WRITTEN) filed on $13,095.00 with reason *** received Written Dispute and Complaint and CND -- FINAL NOTICE PRIOR TO LEGAL ACTION" | documentation you for permanent deletion of account | |
| 7/17/2025 15:34 | jnguyen viewed this account | jnguyen | 112723636 |
| 7/17/2025 15:34 | Worklist changed from [Cease&Desist] to [Dispute] | jnguyen | 112723636 |
| 7/17/2025 15:33 | *** received Written Dispute and Complaint and CND -- FINAL NOTICE PRIOR TO LEGAL ACTION" | documentation you for permanent deletion of account | |
| 7/17/2025 15:29 | jnguyen viewed this account | jnguyen | 112723636 |
| 7/14/2025 15:26 | yklinger viewed this account | yklinger | 112723636 |
| 7/14/2025 10:52 | yklinger viewed this account | yklinger | 112723636 |
| 7/14/2025 10:52 | Worklist changed from [Complaint] to [Cease&Desist] | yklinger | 112723636 |
| 7/14/2025 10:29 | yklinger viewed this account | yklinger | 112723636 |
| 7/11/2025 5:47 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/9/2025 22:32 | Status changed from [INDIRECT] to [WRITTEN] | casecentral | 112723636 |
| 7/9/2025 22:32 | Back to worklist Complaint | casecentral | 112723636 |
| 7/9/2025 22:32 | Disputed changed from [true] to [false] | casecentral | 112723636 |
| 7/9/2025 22:32 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 7/9/2025 21:15 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 7/9/2025 4:39 | Case central\E-Oscar dispute resolved: Consumer is claiming for Not mine. Verified information with our system and reviewed transaction to validate. All demographics matched. **REVIEWED IMAGE** All demographics matched with debtor's provided information. DOB, SSN, address matched with that in original primary demographic information. Consumer made payment of $1455 to OC. Closed dispute with XB | dsingh | 112723636 |
| 7/9/2025 4:39 | dsingh viewed this account | dsingh | 112723636 |
| 7/9/2025 4:36 | dsingh viewed this account | dsingh | 112723636 |
| 7/9/2025 4:34 | dsingh viewed this account | dsingh | 112723636 |
| 7/9/2025 0:33 | E-Oscar dispute resolved/***Reviewed Images***:  Consumer is claiming for not mine. Verified SSN, DOB, Name of Customer, Phone number & address. Customer made payment of $1,455.00 to OC. Based on investigation, the findings show that the account belongs to the consumer and do not show otherwise. Closed dispute with XB | usaxena | 112723636 |
| 7/9/2025 0:33 | usaxena viewed this account | usaxena | 112723636 |
| 7/9/2025 0:29 | usaxena viewed this account | usaxena | 112723636 |
| 7/8/2025 6:37 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 07/07/2025 and response is due on 07/27/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 7/8/2025 6:00 | Dispute Resolved XB - FDCPA | job | 112723636 |
| 7/7/2025 14:15 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 7/7/2025 10:46 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/7/2025 10:45 | Worklist changed from [Complaint] to [Dispute Indirect] | tmckoy | 112723636 |
| 7/7/2025 10:44 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/7/2025 10:43 | Reviewer changed from [] to [McKoy, Thomasina] | tmckoy | 112723636 |

SOC_HASSAN 000158

| Date/Time | Description | User | Account |
|---|---|---|---|
| 7/7/2025 10:43 | QA Notes or Formal Complaint Response changed from [] to [T. McKoy reviewed insufficient VOD response & CND letter on/7/07/25. NYDSN_DINV_CND has been sent in response to this dispute. No return mail. Closed complaint.] | tmckoy | 112723636 |
| 7/7/2025 10:43 | Status of Complaint changed from [Open] to [Closed] | tmckoy | 112723636 |
| 7/7/2025 10:43 | Reviewer changed from [] to [McKoy, Thomasina] | tmckoy | 112723636 |
| 7/7/2025 10:43 | QA Notes or Formal Complaint Response changed from [] to [T. McKoy reviewed insufficient VOD response & CND letter on/7/07/25. NYDSN_DINV_CND has been sent in response to this dispute. No return mail. Closed complaint.] | tmckoy | 112723636 |
| 7/7/2025 10:43 | Status of Complaint changed from [Open] to [Closed] | tmckoy | 112723636 |
| 7/7/2025 10:43 | Reviewer changed from [] to [McKoy, Thomasina] | tmckoy | 112723636 |
| 7/7/2025 10:43 | QA Notes or Formal Complaint Response changed from [] to [T. McKoy reviewed insufficient VOD response & CND letter on/7/07/25. NYDSN_DINV_CND has been sent in response to this dispute. No return mail. Closed complaint.] | tmckoy | 112723636 |
| 7/7/2025 10:43 | Status of Complaint changed from [Open] to [Closed] | tmckoy | 112723636 |
| 7/7/2025 10:43 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/7/2025 10:40 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/7/2025 10:39 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/7/2025 10:37 | tmckoy viewed this account | tmckoy | 112723636 |
| 7/5/2025 6:45 | Account moved due to open complaint. | job | 112723636 |
| 7/5/2025 6:45 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 7/5/2025 6:38 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 07/04/2025 and response is due on 07/28/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 7/5/2025 6:38 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |
| 7/4/2025 5:56 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/2/2025 18:12 | Dispute Resolved XB - FDCPA | schiriboga | 112723636 |
| 7/2/2025 18:12 | Dispute Resolved XB - FDCPA | schiriboga | 112723636 |
| 7/2/2025 18:12 | schiriboga viewed this account | schiriboga | 112723636 |
| 7/2/2025 18:11 | Dispute Resolved XB - FDCPA | schiriboga | 112723636 |
| 7/2/2025 18:11 | Dispute Resolved XB - FDCPA | schiriboga | 112723636 |
| 7/2/2025 18:11 | schiriboga viewed this account | schiriboga | 112723636 |
| 7/2/2025 18:10 | schiriboga viewed this account | schiriboga | 112723636 |
| 7/2/2025 16:06 | schiriboga viewed this account | schiriboga | 112723636 |
| 7/2/2025 16:06 | Worklist changed from [Complaint] to [Complaints (Formal)] | schiriboga | 112723636 |
| 7/2/2025 13:26 | rking viewed this account | rking | 112723636 |
| 7/1/2025 10:35 | SPV Assignment Date changed from [] to [12/20/2023] | job | 112723636 |
| 7/1/2025 6:32 | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. Verified SSN, DOB, Name of Customer, phone number & address. the address on DL provided by consumer is matched with address on the file we have.Also the DOB and the SSN number matches what we have on the file. Customer made payment of $1,455.00 to OC. Based on investigation, all the information we have on account is accurate. Closed dispute with XB | sshowket | 112723636 |
| 7/1/2025 6:32 | sshowket viewed this account | sshowket | 112723636 |
| 7/1/2025 6:30 | sshowket viewed this account | sshowket | 112723636 |
| 7/1/2025 6:29 | sshowket viewed this account | sshowket | 112723636 |
| 7/1/2025 1:49 | lupadhyay viewed this account | lupadhyay | 112723636 |
| 6/30/2025 21:40 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| 6/30/2025 3:08 | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming account belong to another individual with similar name. Verified SSN, DOB, Name of Customer, Phone number & address. the address on DL provided by consumer is matched with address on the file we have.Also the DOB and the SSN number matches what we have on the file. Customer made payment of $1,455.00 to OC. Based on investigation, the findings show that the account belongs to the consumer and do not show otherwise. Closed dispute with XB | sshowket | 112723636 |
| 6/30/2025 3:08 | sshowket viewed this account | sshowket | 112723636 |
| 6/30/2025 3:06 | sshowket viewed this account | sshowket | 112723636 |
| 6/30/2025 3:04 | Primary demographic, Zip changed from [11228] to [11214] | sshowket | 112723636 |
| 6/30/2025 3:04 | Primary demographic, Address12 changed from [7214 NEW UTRECHT AVE #1004] to [7902 BAY PKWY APT C1] | sshowket | 112723636 |
| 6/30/2025 3:04 | Primary demographic, Address 2 changed from [#1004] to [] | sshowket | 112723636 |

SOC_HASSAN 000159

| Date/Time | Description | User | Account |
|---|---|---|---|
| 6/30/2025 3:04 | Primary demographic, Address changed from [7214 NEW UTRECHT AVE] to [7902 BAY PKWY APT C1] | sshowket | 112723636 |
| 6/30/2025 3:04 | Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 marked inactive | sshowket | 112723636 |
| 6/30/2025 3:04 | Address 7902 BAY PKWY APT C1, BROOKLYN, NY 11214 marked active | sshowket | 112723636 |
| 6/30/2025 3:04 | sshowket viewed this account | sshowket | 112723636 |
| 6/29/2025 22:45 | Account moved due to open complaint. | job | 112723636 |
| 6/29/2025 22:45 | Worklist changed from [Dispute Indirect] to [Complaint] | job | 112723636 |
| 6/29/2025 22:41 | Do Not Txt changed from [false] to [true] | mstone | 112723636 |
| 6/29/2025 22:41 | Do Not Email changed from [false] to [true] | mstone | 112723636 |
| 6/29/2025 22:41 | Do Not Mail changed from [false] to [true] | mstone | 112723636 |
| 6/29/2025 22:41 | Do Not Call changed from [false] to [true] | mstone | 112723636 |
| 6/29/2025 22:41 | Document CFPB Complaint_Response_Hassan_6.29.25.pdf uploaded | mstone | 112723636 |
| 6/29/2025 22:41 | Document CFPB Complaint_Response_Mail_Hassan_6.29.25.pdf uploaded | mstone | 112723636 |
| 6/29/2025 22:41 | Document CFPB Complaint_Portal_Hassan_6.29.25.pdf uploaded | mstone | 112723636 |
| 6/29/2025 22:41 | mstone viewed this account | mstone | 112723636 |
| 6/29/2025 22:41 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | mstone | 112723636 |
| 6/29/2025 22:38 | Dispute Resolved XB - FDCPA | mstone | 112723636 |
| 6/29/2025 22:37 | Resolution Date changed from [] to [06/29/2025] | mstone | 112723636 |
| 6/29/2025 22:37 | Reviewer changed from [] to [Stone, Megan] | mstone | 112723636 |
| 6/29/2025 22:37 | QA Notes or Formal Complaint Response changed from [] to [Thank you for submitting your concerns. Spring Oaks Capital, LLC is focused on consumer treatment and compliance with all state and federal laws and regulations. We respectfully disagree with the assertion contained within this complaint related to the handling of the referenced account. On December 20, 2023 we purchased the eBay Loans account that originated with First Electronic Bank. We mailed our initial letter on December 26, 2023 to the same address listed in this complaint. This letter advised you of the right to dispute the account under the Fair Debt Collection Practices Act (FDCPA) and that a negative report may be submitted to credit reporting agencies if the terms of the credit obligations were not fulfilled. We received a CFPB complaint and opened a dispute in response. We are also in receipt of the written disputes and disputes through the credit reporting agencies. We investigated these disputes and have determined that our reporting of the reference account is accurate. Our record reflects that the account was opened on January 28, 2023, and the last payment was made on May 09, 2023 in the amount of $1,455.00. The account later charged off on December 07, 2023 and the current balance owed is $13,095.00. We are sending our response along with the account documents, a copy of the bill of sale reflecting our purchase of the account, and assignment document reflecting the subsequent transfer to Spring Oaks Capital SPV, LLC via the CFPB portal and the USPS. Additionally, we updated the account to honor the request for no further communication. Should there be any additional questions or evidence showing that the account is invalid, please reach out to us at 866-281-3065.] | mstone | 112723636 |
| 6/29/2025 22:37 | Status of Complaint changed from [Open] to [Closed] | mstone | 112723636 |
| 6/29/2025 22:37 | mstone viewed this account | mstone | 112723636 |
| 6/29/2025 22:30 | mstone viewed this account | mstone | 112723636 |
| 6/29/2025 22:29 | Last Work Date changed from [06/26/2025 02:58:52 PM EDT] to [06/29/2025 10:29:36 PM EDT] | mstone | 112723636 |
| 6/29/2025 22:29 | Letter New York Debt Substantiation Notice with dispute verbiage and CND (IN HOUSE PRINTING) sent | mstone | 112723636 |
| 6/29/2025 22:29 | Letter New York Debt Substantiation Notice with dispute verbiage and CND (IN HOUSE PRINTING) scheduled to be sent on 06/29/2025 | mstone | 112723636 |
| 6/29/2025 22:25 | mstone viewed this account | mstone | 112723636 |
| 6/28/2025 7:30 | Account Moved due to open complaint. | job | 112723636 |
| 6/28/2025 7:30 | Account Moved due to open complaint. | job | 112723636 |
| 6/28/2025 7:30 | Worklist changed from [Dispute Indirect] to [Complaints (Formal)] | job | 112723636 |
| 6/28/2025 7:24 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 06/27/2025 and response is due on 07/18/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 6/28/2025 7:18 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 06/27/2025 and response is due on 07/16/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |

SOC_HASSAN 000160

| Date/Time | Event | User | Account | |
|---|---|---|---|---|
| 6/28/2025 7:18 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 | |
| 6/27/2025 21:24 | Dispute Resolved XB - FDCPA | casecentral | 112723636 | |
| 6/27/2025 8:15 | Account Moved due to open complaint. | job | 112723636 | |
| 6/27/2025 8:15 | Worklist changed from [Dispute Indirect] to [Complaints (Formal)] | job | 112723636 | |
| 6/27/2025 8:11 | Status changed from [WRITTEN] to [INDIRECT] | casecentral | 112723636 | |
| 6/27/2025 8:11 | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 06/26/2025 and response is due on 07/21/2025. The account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 | |
| 6/27/2025 8:11 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 | |
| 6/27/2025 5:56 | Debt reported to Credit Bureaus | job | 112723636 | |
| 6/26/2025 15:00 | Document DISP+_EHASSAN_06-26-2025.pdf uploaded | jhumphrey | 112723636 | |
| 6/26/2025 15:00 | Account Moved due to open complaint. | job | 112723636 | |
| 6/26/2025 15:00 | jhumphrey viewed this account | jhumphrey | 112723636 | 112723636 |
| 6/26/2025 15:00 | Worklist changed from [Dispute] to [Complaints (Formal)] | job | 112723636 | |
| 6/26/2025 14:59 | Form COMPLAINT_TRACKING added | jhumphrey | 112723636 | |
| 6/26/2025 14:59 | Form INBOUND_WRITTEN_CORRESPONDENCE_ added | jhumphrey | 112723636 | |
| 6/26/2025 14:59 | Dispute WRITTEN DISPUTE (WRITTEN) filed on $13,095.00 with reason *** received Written Dispute and Complaint -- consumer is requesting specific documentation, ...MORE THAN 15 DAYS HAVE PASSED WITHOUT ANY RESPONSE..." -- document loaded to file***" | jhumphrey | 112723636 | |
| 6/26/2025 14:59 | Worklist changed from [Complaints (Formal)] to [Dispute] | jhumphrey | 112723636 | |
| 6/26/2025 14:58 | *** received Written Dispute and Complaint -- consumer is requesting specific documentation, ...MORE THAN 15 DAYS HAVE PASSED WITHOUT ANY RESPONSE..." -- document loaded to file***" | jhumphrey | 112723636 | |
| 6/26/2025 14:58 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/26/2025 14:52 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:58 | Document DISP+_EHASSAN_06-25-2025.pdf uploaded | jhumphrey | 112723636 | |
| 6/25/2025 13:58 | Document DISP+_EHASSAN_06-24-2025.pdf deleted | jhumphrey | 112723636 | |
| 6/25/2025 13:58 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:48 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:44 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:42 | Form COMPLAINT_TRACKING added | jhumphrey | 112723636 | |
| 6/25/2025 13:42 | Document DISP+_EHASSAN_06-24-2025.pdf uploaded | jhumphrey | 112723636 | |
| 6/25/2025 13:42 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:42 | Worklist changed from [Dispute] to [Complaints (Formal)] | jhumphrey | 112723636 | |
| 6/25/2025 13:41 | Dispute WRITTEN DISPUTE (WRITTEN) filed on $13,095.00 with reason *** received Written Dispute and Complaint -- consumer is requesting documentation, ...YOUR AGENCY HAS INACCURATELY REPORTED THIS INFORMATION TO CONSUMER REPORTING BUREAUS | IE - A CLEAR VIOLAT | jhumphrey | |
| 6/25/2025 13:41 | Worklist changed from [Complaints (Formal)] to [Dispute] | jhumphrey | 112723636 | |
| 6/25/2025 13:40 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:39 | Form INBOUND_WRITTEN_CORRESPONDENCE_ added | jhumphrey | 112723636 | |
| 6/25/2025 13:39 | *** received Written Dispute and Complaint -- consumer is requesting documentation, ...YOUR AGENCY HAS INACCURATELY REPORTED THIS INFORMATION TO CONSUMER REPORTING BUREAUS | IE - A CLEAR VIOLAT | jhumphrey | |
| 6/25/2025 13:39 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 13:37 | jhumphrey viewed this account | jhumphrey | 112723636 | |
| 6/25/2025 11:20 | hcabero viewed this account | hcabero | 112723636 | |
| 6/25/2025 11:19 | hcabero viewed this account | hcabero | 112723636 | |
| 6/25/2025 11:14 | hcabero viewed this account | hcabero | 112723636 | |
| 6/25/2025 10:05 | tdeberry viewed this account | tdeberry | 112723636 | |
| 6/25/2025 10:03 | OPEN CFPB COMPLAINT | tdeberry | 112723636 | |
| 6/25/2025 10:03 | tdeberry viewed this account | tdeberry | 112723636 | |
| 6/23/2025 22:35 | Dispute Resolved XB - FDCPA | casecentral | 112723636 | |
| 6/23/2025 17:00 | Account Moved due to open complaint. | job | 112723636 | |
| 6/23/2025 17:00 | Account Moved due to open complaint. | job | 112723636 | |
| 6/23/2025 17:00 | Worklist changed from [Dispute] to [Complaints (Formal)] | job | 112723636 | |
| 6/23/2025 16:59 | Form COMPLAINT_TRACKING added | TCherry | 112723636 | |
| 6/23/2025 16:59 | Document DISP+_EHASSAN_062325.pdf uploaded | TCherry | 112723636 | |
| 6/23/2025 16:59 | TCherry viewed this account | TCherry | 112723636 | |
| 6/23/2025 16:58 | Method of Correspondence changed from [Regular Mail] to [Certified Mail] | TCherry | 112723636 | |

SOC_HASSAN 000161

| Date/Time | Description | User | Account |
|---|---|---|---|
| 6/23/2025 16:58 | Status changed from [INDIRECT] to [WRITTEN] | TCherry | 112723636 |
| | Dispute WRITTEN DISPUTE (WRITTEN) filed on $13,095.00 with reason ***Received Written Dispute: Consumer dispute that agency has inaccurately | | |
| 6/23/2025 16:58 | reported info to consumer reporting bureaus and demanding deletion*** | TCherry | 112723636 |
| 6/23/2025 16:58 | TCherry viewed this account | TCherry | 112723636 |
| 6/23/2025 16:58 | Worklist changed from [Complaints (Formal)] to [Dispute] | TCherry | 112723636 |
| 6/23/2025 16:57 | Important Note changed from [Mail Returned-Obtain New Address] to [] | TCherry | 112723636 |
| 6/23/2025 16:57 | Primary demographic, Zip changed from [11214] to [11228] | TCherry | 112723636 |
| | Primary demographic, Address12 changed from [7902 BAY PKWY APT C1] to | | |
| 6/23/2025 16:57 | [7214 NEW UTRECHT AVE #1004] | TCherry | 112723636 |
| 6/23/2025 16:57 | Primary demographic, Address 2 changed from [] to [#1004] | TCherry | 112723636 |
| | Primary demographic, Address changed from [7902 BAY PKWY APT C1] to [7214 | | |
| 6/23/2025 16:57 | NEW UTRECHT AVE] | TCherry | 112723636 |
| 6/23/2025 16:57 | Address 7902 BAY PKWY APT C1, BROOKLYN, NY 11214 marked inactive | TCherry | 112723636 |
| 6/23/2025 16:57 | Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 marked active | TCherry | 112723636 |
| 6/23/2025 16:57 | TCherry viewed this account | TCherry | 112723636 |
| 6/23/2025 16:55 | Form INBOUND_WRITTEN_CORRESPONDENCE_ added | TCherry | 112723636 |
| | ***Received Written Dispute and Complaint: Consumer dispute that agency has inaccurately reported info to consumer reporting bureaus and demanding deletion. Consumer claiming "Violation of the FDCRA"...uploaded document to | | |
| 6/23/2025 16:55 | file*** | TCherry | 112723636 |
| 6/23/2025 16:55 | TCherry viewed this account | TCherry | 112723636 |
| 6/23/2025 16:46 | TCherry viewed this account | TCherry | 112723636 |
| 6/23/2025 16:40 | TCherry viewed this account | TCherry | 112723636 |
| | E-Oscar dispute resolved/***Reviewed Images***:  Consumer is disputing the account status and history.. Verified SSN, DOB, Name of Customer, Phone number & address. Customer made payment of $1,455.00 to OC. All the disputed | | |
| 6/23/2025 3:34 | information along with the account have been validated. Closed dispute with XB | sshowket | 112723636 |
| 6/23/2025 3:33 | sshowket viewed this account | sshowket | 112723636 |
| | Primary demographic, Address12 changed from [7902 BAY PARKWAY] to [7902 | | |
| 6/23/2025 3:31 | BAY PKWY APT C1] | sshowket | 112723636 |
| | Primary demographic, Address changed from [7902 BAY PARKWAY] to [7902 BAY | | |
| 6/23/2025 3:31 | PKWY APT C1] | sshowket | 112723636 |
| | Primary  Address 7902 BAY PARKWAY, BROOKLYN, NY 11214 changed to 7902 | | |
| 6/23/2025 3:31 | BAY PKWY APT C1, BROOKLYN, NY 11214 | sshowket | 112723636 |
| 6/23/2025 3:31 | sshowket viewed this account | sshowket | 112723636 |
| 6/21/2025 10:30 | Account Moved due to open complaint. | job | 112723636 |
| 6/21/2025 10:30 | Worklist changed from [Dispute Indirect] to [Complaints (Formal)] | job | 112723636 |
| | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for EHAB HASSAN was opened on 06/20/2025 and response is due on 07/12/2025. The | | |
| 6/21/2025 10:29 | account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 6/21/2025 10:29 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |
| 6/20/2025 4:18 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/19/2025 21:38 | Dispute Resolved XB - FDCPA | casecentral | 112723636 |
| | E-Oscar dispute resolved/***Reviewed Images***: Consumer is claiming for inaccurate information. Verified SSN, DOB, Name of Customer, phone number & address. Customer made payment of $1455 to OC. Based on investigation, all the | | |
| 6/19/2025 8:54 | information we have on account is accurate. Closed dispute with XB | dsingh | 112723636 |
| 6/19/2025 8:54 | dsingh viewed this account | dsingh | 112723636 |
| 6/19/2025 8:50 | dsingh viewed this account | dsingh | 112723636 |
| 6/18/2025 11:00 | Account Moved due to open complaint. | job | 112723636 |
| 6/18/2025 11:00 | Worklist changed from [Dispute Indirect] to [Complaints (Formal)] | job | 112723636 |
| 6/18/2025 10:45 | Status changed from [DXB] to [INDIRECT] | casecentral | 112723636 |
| | Dispute Indirect (INDIRECT) filed on $0.00 with reason This case for IHAB HASSAN was opened on 06/17/2025 and response is due on 07/05/2025. The | | |
| 6/18/2025 10:45 | account in question is XXXX3636 for loan type Open Account. | casecentral | 112723636 |
| 6/18/2025 10:45 | Worklist changed from [Complaints (Formal)] to [Dispute Indirect] | casecentral | 112723636 |
| 6/18/2025 7:45 | pchandel viewed this account | pchandel | 112723636 |
| | Document CFPB_Complaint Detail_112723636_Ehab Hasssan_Due Date | | |
| 6/16/2025 13:32 | 06.30.25.pdf uploaded | hcabero | 112723636 |

SOC_HASSAN 000162

| | | | |
|---|---|---|---|
| | Document CFPB_Complaint Detail_112723636_Ehab Hasssan_Due Date | | |
| 6/16/2025 13:32 | 06.30.25_Attachment 1.png uploaded | hcabero | 112723636 |
| | Document CFPB_Complaint Detail_112723636_Ehab Hasssan_Due Date | | |
| 6/16/2025 13:32 | 06.30.25_Attachment 2.jpeg uploaded | hcabero | 112723636 |
| | Document CFPB_Complaint Detail_112723636_Ehab Hasssan_Due Date | | |
| 6/16/2025 13:32 | 06.30.25_Attachment 3.png uploaded | hcabero | 112723636 |
| | Document CFPB_Complaint Detail_112723636_Ehab Hasssan_Due Date | | |
| 6/16/2025 13:32 | 06.30.25_Attachment 4.pdf uploaded | hcabero | 112723636 |
| 6/16/2025 13:32 | Internal Notes: Update Demographics. Enter CFPB Complaint and Dispute. | hcabero | 112723636 |
| 6/16/2025 13:32 | hcabero viewed this account | hcabero | 112723636 |
| 6/16/2025 13:30 | Account Moved due to open complaint. | job | 112723636 |
| 6/16/2025 13:30 | Worklist changed from [Dispute] to [Complaints (Formal)] | job | 112723636 |
| 6/16/2025 13:27 | Status changed from [WRITTEN] to [DXB] | hcabero | 112723636 |
| 6/16/2025 13:27 | Form COMPLAINT_TRACKING added | hcabero | 112723636 |
| | Primary demographic, E-Mail Address changed from [ehabhassan@yagoat.com] | | |
| 6/16/2025 13:27 | to [ehabehassan@yahoo.com] | hcabero | 112723636 |
| | Dispute Information disputed by consumer - Manual Dispute- XB (DXB) filed on | | |
| 6/16/2025 13:27 | $13,095.00 with reason CFPB Received-Dispute Verbiage-Consumer | hcabero | 112723636 |
| 6/16/2025 13:27 | hcabero viewed this account | hcabero | 112723636 |
| 6/16/2025 13:23 | NYC_ZIP changed from [] to [true] | hcabero | 112723636 |
| 6/16/2025 13:23 | NYC_ZIP changed from [true] to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Flag PRIMARY_STATE_NY added | hcabero | 112723636 |
| 6/16/2025 13:23 | Flag PRIMARY_STATE_NY removed | job | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Zip changed from [] to [11214] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, State changed from [] to [NY] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, City changed from [] to [BROOKLYN] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Address12 changed from [] to [7902 BAY PARKWAY] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Address changed from [] to [7902 BAY PARKWAY] | hcabero | 112723636 |
| 6/16/2025 13:23 | Address 7902 BAY PARKWAY, BROOKLYN, NY 11214 marked active | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Zip changed from [11228] to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, State changed from [NY] to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, City changed from [BROOKLYN] to [] | hcabero | 112723636 |
| | Primary demographic, Address12 changed from [7214 NEW UTRECHT AVE #1004] | | |
| 6/16/2025 13:23 | to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Address 2 changed from [#1004] to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Primary demographic, Address changed from [7214 NEW UTRECHT AVE] to [] | hcabero | 112723636 |
| 6/16/2025 13:23 | Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 marked inactive | hcabero | 112723636 |
| 6/16/2025 13:22 | hcabero viewed this account | hcabero | 112723636 |
| 6/13/2025 17:27 | Vendor Status Date changed from [04/18/2025] to [06/13/2025] | job | 112723636 |
| 6/13/2025 17:27 | Vendor Current Status changed from [ACT] to [RCL] | job | 112723636 |
| 6/13/2025 4:12 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/7/2025 6:02 | Recall Reason changed from [] to [Written Dispute] | job | 112723636 |
| 6/7/2025 6:02 | Recall Code changed from [] to [DXD] | job | 112723636 |
| 6/7/2025 6:02 | Recalled from CCS | job | 112723636 |
| 6/7/2025 6:02 | Worklist changed from [Active Inventory] to [Dispute] | job | 112723636 |
| 6/7/2025 6:02 | Worklist changed from [Dispute] to [Active Inventory] | job | 112723636 |
| 6/6/2025 13:33 | jhumphrey viewed this account | jhumphrey | 112723636 |
| 6/6/2025 13:32 | jcavanagh viewed this account | jcavanagh | 112723636 |
| 6/6/2025 13:28 | ***Forwarded File*** | jhumphrey | 112723636 |
| 6/6/2025 13:28 | jhumphrey viewed this account | jhumphrey | 112723636 |
| 6/6/2025 13:27 | Status changed from [ACT] to [WRITTEN] | jhumphrey | 112723636 |
| 6/6/2025 13:27 | Disputed changed from [false] to [true] | jhumphrey | 112723636 |
| 6/6/2025 13:27 | Address 7902 BAY PARKWAY, BROOKLYN, NY 11214 marked inactive | jhumphrey | 112723636 |
| | Dispute WRITTEN DISPUTE (WRITTEN) filed on $13,095.00 with reason | | |
| | ***received Written Dispute -- consumer is requesting validation of debt -- | | |
| 6/6/2025 13:27 | document loaded to file *** | jhumphrey | 112723636 |
| 6/6/2025 13:27 | Document DISP_EHASSAN_06-06-2025.pdf uploaded | jhumphrey | 112723636 |
| 6/6/2025 13:27 | jhumphrey viewed this account | jhumphrey | 112723636 |
| 6/6/2025 13:27 | Worklist changed from [CCS TERTIARY FORWARDING] to [Dispute] | jhumphrey | 112723636 |
| 6/6/2025 13:26 | Form INBOUND_WRITTEN_CORRESPONDENCE_ added | jhumphrey | 112723636 |
| 6/6/2025 13:26 | Primary demographic, Zip changed from [11214] to [11228] | jhumphrey | 112723636 |

SOC_HASSAN 000163

| | | | |
|---|---|---|---|
| 6/6/2025 13:26 | Primary demographic, Address12 changed from [7902 BAY PARKWAY] to [7214 NEW UTRECHT AVE #1004] | jhumphrey | 112723636 | 112723636 |
| 6/6/2025 13:26 | Primary demographic, Address 2 changed from [] to [#1004] | jhumphrey | 112723636 |
| 6/6/2025 13:26 | Primary demographic, Address changed from [7902 BAY PARKWAY] to [7214 NEW UTRECHT AVE] | jhumphrey | 112723636 |
| 6/6/2025 13:26 | Primary Address 7214 NEW UTRECHT AVE #1004, BROOKLYN, NY 11228 created | jhumphrey | 112723636 |
| 6/6/2025 13:26 | ***received Written Dispute -- consumer is requesting validation of debt -- document loaded to file *** | jhumphrey | 112723636 |
| 6/6/2025 13:26 | jhumphrey viewed this account | jhumphrey | 112723636 |
| 6/6/2025 13:22 | jhumphrey viewed this account | jhumphrey | 112723636 |
| 6/6/2025 4:30 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/30/2025 4:36 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/23/2025 6:39 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/16/2025 4:19 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/9/2025 5:58 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/2/2025 4:38 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/25/2025 4:21 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/18/2025 16:35 | Vendor Status Date changed from [] to [04/18/2025] | job | 112723636 |
| 4/18/2025 16:35 | Vendor Current Status changed from [] to [ACT] | job | 112723636 |
| 4/18/2025 5:53 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/14/2025 16:28 | Worklist changed from [Active Inventory] to [CCS TERTIARY FORWARDING] | job | 112723636 |
| 4/14/2025 16:18 | Forwarded to CCS | job | 112723636 |
| 4/11/2025 9:52 | Next Work Date changed from [04/11/2025] to [04/18/2025] | job | 112723636 |
| 4/11/2025 5:26 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/4/2025 11:54 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/4/2025 3:58 | Debt reported to Credit Bureaus | job | 112723636 |
| 4/3/2025 12:38 | Next Work Date changed from [03/12/2024] to [04/11/2025] | job | 112723636 |
| 4/1/2025 14:38 | Seller changed from [] to [Lending Point] | job | 112723636 |
| 4/1/2025 11:15 | Last Work Date changed from [03/31/2025 05:21:46 PM EDT] to [04/01/2025 10:52:39 AM EDT] | job | 112723636 |
| 4/1/2025 11:15 | Primary demographic, Phone Home Country Code changed from [US] to [] | job | 112723636 |
| 4/1/2025 11:15 | Primary demographic, Phone Main changed from [7182599715] to [] | job | 112723636 |
| 4/1/2025 11:15 | Primary Phone (718) 259-9715 status changed from NEW to INACTIVE | job | 112723636 |
| 4/1/2025 11:15 | Phone Status Rule ID 1 applied to Primary Phone (718) 259-9715 | job | 112723636 |
| 4/1/2025 11:15 | (718) 259-9715 OUTBOUND UNKNOWN HOME OUT_OF_SERVICE 04/01/2025 10:52 AM | job | 112723636 |
| 3/31/2025 17:46 | Last Work Date changed from [03/27/2025 05:11:13 PM EDT] to [03/31/2025 05:21:46 PM EDT] | job | 112723636 |
| 3/31/2025 17:46 | (718) 259-9715 OUTBOUND UNKNOWN HOME OUT_OF_SERVICE 03/31/2025 05:21 PM | job | 112723636 |
| 3/28/2025 5:32 | Debt reported to Credit Bureaus | job | 112723636 |
| 3/27/2025 17:32 | Last Work Date changed from [03/26/2025 10:24:34 AM EDT] to [03/27/2025 05:11:13 PM EDT] | job | 112723636 |
| 3/27/2025 17:32 | (718) 259-9715 OUTBOUND UNKNOWN HOME OUT_OF_SERVICE 03/27/2025 05:11 PM | job | 112723636 |
| 3/26/2025 10:46 | Last Work Date changed from [12/12/2024 02:04:50 PM EST] to [03/26/2025 10:24:34 AM EDT] | job | 112723636 |
| 3/26/2025 10:46 | (718) 259-9715 OUTBOUND UNKNOWN HOME OUT_OF_SERVICE 03/26/2025 10:24 AM | job | 112723636 |
| 3/21/2025 4:02 | Debt reported to Credit Bureaus | job | 112723636 |
| 3/20/2025 11:47 | Primary demographic, Phone Home Country Code changed from [] to [US] | job | 112723636 |
| 3/20/2025 11:47 | Primary demographic, Phone Main changed from [] to [7182599715] | job | 112723636 |
| 3/20/2025 11:47 | Primary Phone (718) 259-9715 created | job | 112723636 |
| 3/15/2025 1:36 | Last Offer Given changed from [] to [9,167.00] | job | 112723636 |
| 3/14/2025 5:31 | Debt reported to Credit Bureaus | job | 112723636 |
| 3/8/2025 4:11 | MDC Last Call Date changed from [] to [12/12/2024] | job | 112723636 |
| 3/7/2025 4:03 | Debt reported to Credit Bureaus | job | 112723636 |
| 2/28/2025 4:01 | Debt reported to Credit Bureaus | job | 112723636 |
| 2/27/2025 22:19 | Per UAR File: Letter: S0122 returned -no forwarding address | job | 112723636 |
| 2/24/2025 23:52 | Litigation Eligible changed from [] to [YES] | job | 112723636 |
| 2/21/2025 23:33 | Outsource Eligible changed from [] to [YES] | job | 112723636 |

SOC_HASSAN 000164

| Date/Time | Activity | User | Account |
|---|---|---|---|
| 2/21/2025 3:56 | Debt reported to Credit Bureaus | job | 112723636 |
| 2/19/2025 22:19 | Important Note changed from [] to [Mail Returned-Obtain New Address] | job | 112723636 |
| 2/19/2025 22:19 | Mail Returned-Obtain New Address | job | 112723636 |
| 2/19/2025 22:13 | Per UAR File:  Letter:  S0122  returned -no forwarding address | job | 112723636 |
| 2/14/2025 3:59 | Debt reported to Credit Bureaus | job | 112723636 |
| 2/7/2025 5:35 | Debt reported to Credit Bureaus | job | 112723636 |
| 2/4/2025 10:39 | Scheduled letter Settlement Offer-single payment (S-Mail) sent | job | 112723636 |
| 2/3/2025 22:15 | Letter Settlement Offer-single payment (S-Mail) scheduled to be sent on 02/03/2025 | job | 112723636 |
| 1/31/2025 5:33 | Debt reported to Credit Bureaus | job | 112723636 |
| 1/27/2025 18:58 | End of Offer Date changed from [] to [03/20/2025] | job | 112723636 |
| 1/27/2025 18:58 | Short Link changed from [] to [springoaks.co/L/X5AAyUnC8] | job | 112723636 |
| 1/24/2025 15:01 | Settlement Offer Date changed from [11/07/2024] to [01/23/2025] | job | 112723636 |
| 1/24/2025 15:01 | Settlement Offer Amount changed from [$10,085.00] to [$9167.00] | job | 112723636 |
| 1/24/2025 4:14 | Debt reported to Credit Bureaus | job | 112723636 |
| 1/17/2025 5:31 | Debt reported to Credit Bureaus | job | 112723636 |
| 1/10/2025 14:34 | Debt reported to Credit Bureaus | job | 112723636 |
| 1/3/2025 3:24 | Debt reported to Credit Bureaus | job | 112723636 |
| 12/27/2024 3:32 | Debt reported to Credit Bureaus | job | 112723636 |
| 12/20/2024 5:35 | Debt reported to Credit Bureaus | job | 112723636 |
| 12/17/2024 10:06 | Settlement offer letters dated 11/14/24 ? 11/27/24 were not sent due to pending S0122 template update | job | 112723636 |
| 12/13/2024 3:34 | Debt reported to Credit Bureaus | job | 112723636 |
| 12/12/2024 14:33 | Last Work Date changed from [12/12/2024 01:54:22 PM EST] to [12/12/2024 02:04:50 PM EST] | job | 112723636 |
| 12/12/2024 14:33 | (347) 324-1967 INBOUND NON_RESPONSIBLE_PARTY MOBILE ANSWERED 12/12/2024 02:04 PM | job | 112723636 |
| 12/12/2024 14:17 | Last Work Date changed from [12/06/2024 12:37:36 PM EST] to [12/12/2024 01:54:22 PM EST] | job | 112723636 |
| 12/12/2024 14:17 | (347) 324-1967 OUTBOUND ANSWERING_MACHINE MOBILE NO_ANSWER 12/12/2024 01:54 PM | job | 112723636 |
| 12/12/2024 14:06 | Primary demographic, Phone Home Country Code changed from [US] to [] | vblair | 112723636 |
| 12/12/2024 14:06 | Primary demographic, Phone Main changed from [3473241967] to [] | vblair | 112723636 |
| 12/12/2024 14:06 | Primary Phone (347) 324-1967 status changed from NEW to WRONG_NUMBER | vblair | 112723636 |
| 12/12/2024 14:05 | vblair viewed this account | vblair | 112723636 |
| 12/6/2024 13:01 | Last Work Date changed from [05/02/2024 02:39:33 PM EDT] to [12/06/2024 12:37:36 PM EST] | job | 112723636 |
| 12/6/2024 13:01 | (347) 324-1967 OUTBOUND ANSWERING_MACHINE MOBILE NO_ANSWER 12/06/2024 12:37 PM | job | 112723636 |
| 12/6/2024 3:34 | Debt reported to Credit Bureaus | job | 112723636 |
| 12/5/2024 15:15 | Primary demographic, Phone Home Country Code changed from [] to [US] | erogers | 112723636 |
| 12/5/2024 15:15 | Primary demographic, Phone Main changed from [] to [3473241967] | erogers | 112723636 |
| 12/5/2024 15:15 | Primary  Phone (347) 324-1967 created | erogers | 112723636 |
| 12/5/2024 7:30 | Scheduled letter Settlement Offer-single payment (S-Mail) sent | job | 112723636 |
| 12/4/2024 22:45 | Letter Settlement Offer-single payment (S-Mail) scheduled to be sent on 12/04/2024 | job | 112723636 |
| 12/4/2024 15:55 | Flag DSI_PHONE_SCRUB_DELETE added | job | 112723636 |
| 11/29/2024 3:25 | Debt reported to Credit Bureaus | job | 112723636 |
| 11/27/2024 9:15 | Scheduled letter Settlement Offer-single payment (S-Mail) sent | job | 112723636 |
| 11/26/2024 23:57 | Letter Settlement Offer-single payment (S-Mail) scheduled to be sent on 11/26/2024 | job | 112723636 |
| 11/22/2024 3:47 | Debt reported to Credit Bureaus | job | 112723636 |
| 11/21/2024 16:47 | Second Settlement Offer Date changed from [] to [11/19/2024] | job | 112723636 |
| 11/21/2024 16:47 | Second Settlement Offer changed from [] to [$8,773.65] | job | 112723636 |
| 11/15/2024 11:48 | Charge Off Creditor Name changed from [LendingPoint] to [LendingPoint LLC] | job | 112723636 |
| 11/15/2024 5:53 | Debt reported to Credit Bureaus | job | 112723636 |
| 11/8/2024 17:58 | Settlement Offer Date changed from [09/05/2024] to [11/07/2024] | job | 112723636 |
| 11/8/2024 17:58 | Settlement Offer Amount changed from [$9,825.00] to [$10,085.00] | job | 112723636 |
| 11/8/2024 5:49 | Debt reported to Credit Bureaus | job | 112723636 |
| 11/1/2024 3:28 | Debt reported to Credit Bureaus | job | 112723636 |
| 10/25/2024 3:35 | Debt reported to Credit Bureaus | job | 112723636 |

SOC_HASSAN 000165

| Date/Time | Description | User | ID |
|---|---|---|---|
| 10/18/2024 3:35 | Debt reported to Credit Bureaus | job | 112723636 |
| 10/11/2024 3:32 | Debt reported to Credit Bureaus | job | 112723636 |
| 10/4/2024 5:36 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/27/2024 5:41 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/20/2024 5:55 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/17/2024 13:25 | FIRST_VISION_SCORE changed from [] to [684] | job | 112723636 |
| 9/17/2024 13:25 | PSWD changed from [G25E] to [B4Z4] | job | 112723636 |
| 9/17/2024 13:25 | SUBSCRIBER changed from [4153360] to [1605985] | job | 112723636 |
| 9/13/2024 3:33 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/7/2024 21:24 | Settlement Offer Date changed from [05/03/2024] to [09/05/2024] | job | 112723636 |
| 9/7/2024 21:24 | Settlement Offer Amount changed from [$10480.00] to [$9,825.00] | job | 112723636 |
| 9/6/2024 3:34 | Debt reported to Credit Bureaus | job | 112723636 |
| 9/4/2024 10:12 | Document COT.csv uploaded | job | 112723636 |
| 8/30/2024 3:34 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/23/2024 3:33 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/16/2024 10:14 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/11/2024 12:02 | Is Credit Reporitng changed from [] to [true] | job | 112723636 |
| 8/9/2024 9:53 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/2/2024 9:23 | Debt reported to Credit Bureaus | job | 112723636 |
| 8/1/2024 14:43 | Chain of Title requested from Lending Point. | abasilio (DELETED) | 112723636 |
| 7/26/2024 9:16 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/24/2024 16:18 | Document LendingPoint_Transactions.pdf uploaded | job | 112723636 |
| 7/19/2024 8:22 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/12/2024 8:35 | Debt reported to Credit Bureaus | job | 112723636 |
| 7/5/2024 9:20 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/28/2024 8:40 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/21/2024 10:27 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/14/2024 8:50 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/7/2024 8:31 | Debt reported to Credit Bureaus | job | 112723636 |
| 6/1/2024 19:51 | Flag State_Lic_Report removed | job | 112723636 |
| 6/1/2024 19:49 | Flag State_Lic_Report added | job | 112723636 |
| 5/31/2024 8:57 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/24/2024 8:40 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/17/2024 10:30 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/10/2024 9:51 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/9/2024 17:10 | Flag State_Lic_Report removed | job | 112723636 |
| 5/9/2024 15:24 | Flag State_Lic_Report added | job | 112723636 |
| 5/8/2024 11:57 | ADDED_TO_TRIGGERS changed from [] to [04/03/2024] | job | 112723636 |
| 5/8/2024 3:20 | Flag State_Lic_Report removed | job | 112723636 |
| 5/8/2024 2:57 | Flag State_Lic_Report added | job | 112723636 |
| 5/6/2024 13:48 | Flag State_Lic_Report removed | job | 112723636 |
| 5/6/2024 13:35 | Flag State_Lic_Report added | job | 112723636 |
| 5/5/2024 1:55 | Flag State_Lic_Report removed | job | 112723636 |
| 5/5/2024 1:42 | Flag State_Lic_Report added | job | 112723636 |
| 5/3/2024 13:00 | Flag State_Lic_Report removed | job | 112723636 |
| 5/3/2024 11:38 | Flag State_Lic_Report added | job | 112723636 |
| 5/3/2024 11:22 | Settlement Offer Amount changed from [] to [$10480.00] | job | 112723636 |
| 5/3/2024 9:14 | Debt reported to Credit Bureaus | job | 112723636 |
| 5/2/2024 15:01 | Last Work Date changed from [03/19/2024 08:30:45 AM EDT] to [05/02/2024 02:39:33 PM EDT] | job | 112723636 |
| 5/2/2024 15:01 | (347) 216-3585 OUTBOUND NON_RESPONSIBLE_PARTY MOBILE ANSWERED 05/02/2024 02:39 PM | job | 112723636 |
| 5/2/2024 14:40 | Primary demographic, Phone Home Country Code changed from [US] to [] | anegron2 (DELETED | 112723636 |
| 5/2/2024 14:40 | Primary demographic, Phone Main changed from [3472163585] to [] | anegron2 (DELETED | 112723636 |
| 5/2/2024 14:40 | Primary Phone (347) 216-3585 status changed from NEW to WRONG_NUMBER | anegron2 (DELETED | 112723636 |
| 5/2/2024 14:40 | anegron viewed this account | anegron2 (DELETED | 112723636 |
| 5/1/2024 22:16 | SMS Flag changed from [] to [true] | job | 112723636 |
| 5/1/2024 22:16 | Flag SMS_FLAG_SET removed | job | 112723636 |
| 5/1/2024 22:00 | Flag SMS_FLAG_SET added | job | 112723636 |
| 5/1/2024 21:47 | Flag State_Lic_Report removed | job | 112723636 |
| 5/1/2024 20:55 | Flag State_Lic_Report added | job | 112723636 |

SOC_HASSAN 000166

| | | | | |
|---|---|---|---|---|
| 5/1/2024 10:42 | Original Primary Phone Cell changed from [] to [3472163585] | | job | 112723636 |
| 5/1/2024 10:42 | Original Primary Phone Cell changed from [] to [3472163585] | | job | 112723636 |
| 5/1/2024 10:42 | Primary Phone (347) 216-3585 location changed from Home to Mobile | | job | 112723636 |
| 4/26/2024 9:18 | Debt reported to Credit Bureaus | | job | 112723636 |
| 4/19/2024 9:10 | Debt reported to Credit Bureaus | | job | 112723636 |
| 4/12/2024 9:18 | Debt reported to Credit Bureaus | | job | 112723636 |
| 4/5/2024 9:21 | Debt reported to Credit Bureaus | | job | 112723636 |
| 4/3/2024 10:10 | Flag State_Lic_Report removed | | job | 112723636 |
| 4/3/2024 8:37 | Flag State_Lic_Report added | | job | 112723636 |
| 4/1/2024 20:42 | Flag State_Lic_Report removed | | job | 112723636 |
| 4/1/2024 19:09 | Flag State_Lic_Report added | | job | 112723636 |
| 3/29/2024 9:06 | Debt reported to Credit Bureaus | | job | 112723636 |
| 3/22/2024 8:12 | Debt reported to Credit Bureaus | | job | 112723636 |
| 3/19/2024 9:00 | Last Work Date changed from [03/07/2024 01:55:38 PM EST] to [03/19/2024 08:30:45 AM EDT] | | job | 112723636 |
| 3/19/2024 9:00 | (347) 216-3585 OUTBOUND ANSWERING_MACHINE HOME NO_ANSWER 03/19/2024 08:30 AM | | job | 112723636 |
| 3/15/2024 8:18 | Debt reported to Credit Bureaus | | job | 112723636 |
| 3/9/2024 0:10 | Debt reported to Credit Bureaus | | job | 112723636 |
| 3/7/2024 13:55 | Next Work Date changed from [12/22/2023] to [03/12/2024] | | job | 112723636 |
| 3/3/2024 5:19 | Flag State_Lic_Report removed | | job | 112723636 |
| 3/3/2024 3:53 | Flag State_Lic_Report added | | job | 112723636 |
| 3/1/2024 20:12 | Flag State_Lic_Report removed | | job | 112723636 |
| 3/1/2024 18:44 | Flag State_Lic_Report added | | job | 112723636 |
| 3/1/2024 11:12 | Original APR changed from [] to [0.00%] | | job | 112723636 |
| 3/1/2024 8:10 | Debt reported to Credit Bureaus | | job | 112723636 |
| 2/23/2024 8:24 | Debt reported to Credit Bureaus | | job | 112723636 |
| 2/16/2024 7:53 | Debt reported to Credit Bureaus | | job | 112723636 |
| 2/13/2024 22:12 | Flag PBI_DEMO_new_SENDS removed | | job | 112723636 |
| 2/13/2024 22:12 | Flag PBI_DEMO_SEND_N2_DELETE added | | job | 112723636 |
| 2/13/2024 21:54 | Flag PBI_DEMO_new_SENDS added | | job | 112723636 |
| 2/13/2024 14:07 | Flag PBIBlockFlagRemoval021324 removed | | job | 112723636 |
| 2/13/2024 12:57 | Flag PBI_DEMO_SEND_N2_DELETE removed | | job | 112723636 |
| 2/13/2024 12:38 | Flag PBIBlockFlagRemoval021324 added | | job | 112723636 |
| 2/9/2024 8:42 | Debt reported to Credit Bureaus | | job | 112723636 |
| 2/7/2024 5:08 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | | job | 112723636 |
| 2/6/2024 21:56 | Flag PBI_DEMO_new_SENDS removed | | job | 112723636 |
| 2/6/2024 21:56 | Flag PBI_DEMO_SEND_N2_DELETE added | | job | 112723636 |
| 2/6/2024 21:40 | Flag PBI_DEMO_new_SENDS added | | job | 112723636 |
| 2/4/2024 17:12 | Flag State_Lic_Report removed | | job | 112723636 |
| 2/4/2024 16:00 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | | job | 112723636 |
| 2/4/2024 15:43 | Flag State_Lic_Report added | | job | 112723636 |
| 2/3/2024 7:37 | Flag State_Lic_Report removed | | job | 112723636 |
| 2/3/2024 6:37 | Flag State_Lic_Report added | | job | 112723636 |
| 2/2/2024 8:44 | Debt reported to Credit Bureaus | | job | 112723636 |
| 2/2/2024 1:04 | Flag METRO2 added | | job | 112723636 |
| 2/1/2024 20:44 | Flag State_Lic_Report removed | | job | 112723636 |
| 2/1/2024 19:47 | Flag State_Lic_Report added | | job | 112723636 |
| 1/30/2024 23:20 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | | job | 112723636 |
| 1/30/2024 14:40 | Document 20230128_2209-idiCORE.pdf uploaded | | job | 112723636 |
| 1/30/2024 14:40 | Document 20230128_1929-Signed Contract.pdf uploaded | | job | 112723636 |
| 1/30/2024 14:40 | Document 20230128_1928-PLAID_STATEMENT.pdf uploaded | | job | 112723636 |
| 1/28/2024 13:44 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | | job | 112723636 |
| 1/24/2024 23:40 | Last Work Date changed from [01/15/2024 08:35:06 AM EST] to [01/24/2024 05:27:50 PM EST] | | job | 112723636 |
| 1/24/2024 23:40 | (347) 216-3585 OUTBOUND UNKNOWN HOME NO_ANSWER 01/24/2024 05:27 PM | | job | 112723636 |
| 1/24/2024 13:35 | Loan Type changed from [] to [Consumer Loan] | | job | 112723636 |
| 1/18/2024 14:29 | Link 1 changed from [First Electronic Bank] to [see supplemental COT data] | | job | 112723636 |
| 1/17/2024 12:03 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | | job | 112723636 |

SOC_HASSAN 000167

| Date/Time | Description | Type | Job |
|---|---|---|---|
| 1/15/2024 9:03 | Last Work Date changed from [12/22/2023 12:52:12 PM EST] to [01/15/2024 08:35:06 AM EST] | job | 112723636 |
| 1/15/2024 9:03 | (347) 216-3585 OUTBOUND UNKNOWN HOME NO_ANSWER 01/15/2024 08:35 AM | job | 112723636 |
| 1/14/2024 20:39 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | job | 112723636 |
| 1/10/2024 20:31 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | job | 112723636 |
| 1/7/2024 18:52 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | job | 112723636 |
| 1/4/2024 13:42 | GENESIS_ACCT_TYPE changed from [] to [eBay Loans] | job | 112723636 |
| 1/2/2024 13:32 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | job | 112723636 |
| 12/31/2023 15:41 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | job | 112723636 |
| 12/28/2023 14:24 | Flag CREDIT_VISION removed | job | 112723636 |
| 12/28/2023 13:39 | Flag CREDIT_VISION added | job | 112723636 |
| 12/27/2023 5:00 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND removed | job | 112723636 |
| 12/24/2023 19:21 | Flag TRANS_UNION_LAWSUIT_HISTORY_SEND added | job | 112723636 |
| 12/22/2023 15:53 | Last Work Date changed from [12/22/2023 08:01:24 AM EST] to [12/22/2023 12:52:12 PM EST] | job | 112723636 |
| 12/22/2023 15:53 | (347) 216-3585 OUTBOUND ANSWERING_MACHINE HOME NO_ANSWER 12/22/2023 12:52 PM | job | 112723636 |
| 12/22/2023 8:32 | Last Work Date changed from [12/21/2023 04:22:48 PM EST] to [12/22/2023 08:01:24 AM EST] | job | 112723636 |
| 12/22/2023 8:32 | (347) 216-3585 OUTBOUND ANSWERING_MACHINE HOME NO_ANSWER 12/22/2023 08:01 AM | job | 112723636 |
| 12/21/2023 18:36 | Last Work Date changed from [12/21/2023 04:05:40 PM EST] to [12/21/2023 04:22:48 PM EST] | job | 112723636 |
| 12/21/2023 18:36 | (347) 216-3585 OUTBOUND ANSWERING_MACHINE HOME NO_ANSWER 12/21/2023 04:22 PM | job | 112723636 |
| 12/21/2023 16:25 | Scheduled letter Initial Letter sent | job | 112723636 |
| 12/21/2023 16:24 | Flag PRIMARY_STATE_NY added | job | 112723636 |
| 12/21/2023 16:09 | Letter Initial Letter scheduled to be sent on 12/21/2023 | job | 112723636 |
| 12/21/2023 16:05 | Next Work Date changed from [12/29/2023] to [12/22/2023] | job | 112723636 |
| 12/21/2023 9:49 | Flag TRANS_UNION_START removed | job | 112723636 |
| 12/21/2023 9:49 | Flag TRANS_UNION_MONITORING added | job | 112723636 |
| 12/20/2023 21:55 | Lawsuit History Radius changed from [] to [100] | job | 112723636 |
| 12/20/2023 21:55 | Form CHAIN_OF_TITLE added | job | 112723636 |
| 12/20/2023 21:55 | Form META_DATA added | job | 112723636 |
| 12/20/2023 21:55 | Sol Date changed from [] to [07/09/2026] | job | 112723636 |
| 12/20/2023 21:55 | Flag TRANS_UNION_START added | job | 112723636 |
| 12/20/2023 21:55 | Primary  Phone (347) 216-3585 created | job | 112723636 |
| 12/20/2023 21:55 | Primary  Address 7902 BAY PARKWAY, BROOKLYN, NY 11214 created | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Birth Date changed from [] to [11/07/1964] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, E-Mail Address changed from [] to [ehabhassan@yagoat.com] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Phone Home Country Code changed from [] to [US] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Phone Main changed from [] to [3472163585] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Zip changed from [] to [11214] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, State changed from [] to [NY] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, City changed from [] to [BROOKLYN] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Address12 changed from [] to [7902 BAY PARKWAY] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Address changed from [] to [7902 BAY PARKWAY] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, Last changed from [] to [Hassan] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, First changed from [] to [Ehab] | job | 112723636 |
| 12/20/2023 21:55 | Primary demographic, SSN changed from [] to [XXXXX7248] | job | 112723636 |
| 12/20/2023 21:55 | Worklist changed from [] to [Active Inventory] | job | 112723636 |

SOC_HASSAN 000168

# Exhibit B-6

## Assignment and Schedule A

**This Page Intentionally Left Blank**

**ASSIGNMENT**

ASSIGNMENT, dated as of December 20, 2023 (this "<u>Assignment</u>"), between Spring Oaks Capital SPV, LLC, as Purchaser (the "<u>Purchaser</u>"), and Spring Oaks Capital, LLC, as Seller (the "<u>Seller</u>").

W I T N E S S E T H

WHEREAS, the Purchaser and the Seller are parties to the Purchase Agreement, dated as of September 21, 2023 (as the same may be amended, supplemented, or otherwise modified from time to time, the "<u>Purchase Agreement</u>"), between the Purchaser and the Seller; and

WHEREAS, pursuant to the Purchase Agreement, the Seller wishes to sell and/or contribute Portfolios, Related Receivables, and related Other Conveyed Property (as each such term is defined in the Purchase Agreement) to the Purchaser hereunder.

NOW, THEREFORE, in consideration of the premises and the mutual agreements hereinafter contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Purchaser and the Seller, intending to be legally bound, hereby agree as follows:

1.      <u>Definitions</u>.  All terms defined in the Purchase Agreement (whether directly or by reference to other documents) and used herein shall have such defined meanings when used herein, unless otherwise defined herein.

"<u>Cutoff Date</u>" means, with respect to the Portfolio of Receivables and the related Other Conveyed Property being conveyed hereby, December 08, 2023.

"<u>Portfolio Purchase Price</u>" means ▮▮▮▮▮▮, which represents the full amount paid by the Seller to acquire the related Portfolio.

2.      Conveyance of Receivables.  Subject to the conditions specified in Section 2.1 of the Purchase Agreement and subject to the mutually agreed upon terms contained in the Purchase Agreement, the Seller does hereby sell, transfer, assign, set over and otherwise convey to the Purchaser, without recourse (subject to the obligations set forth herein and in the Purchase Agreement), all right, title and interest of the Seller in and to the following:

(a)      The Portfolios and the Related Receivables listed on <u>Schedule A</u> to this Assignment and all monies received with respect to such Related Receivables on and after the related Cutoff Date;

(b)      any Instruments, including Promissory Notes (each as defined in the UCC) and other documents that the Seller (or its designee) kept on file in accordance with its customary procedures relating to the Related Receivables and the related Obligors;

(c)      the Seller's rights and interest in, to, and under each applicable Portfolio Acquisition Agreement to the extent related to the Portfolios and the Related Receivables (whether arising pursuant to the terms of any such agreement or otherwise available to the Seller at law or in equity), including the rights of the Seller to enforce the Portfolio Acquisition Agreements and to give or withhold any and all consents, requests, notices, directions, approvals, extensions or waivers under or with respect to any such agreement to the extent related to the Portfolios or the Related Receivables;

SOC_HASSAN 000192

(d)     all present and future claims, demands, causes and choses in action in respect of any of the foregoing; and

(e)     all payments on or under and all proceeds of every kind and nature whatsoever in respect of any or all of the foregoing, including all cash and non-cash proceeds, and other property consisting of, arising from or relating to all or any part of any of the foregoing.

3.     <u>Restatement of Representations and Warranties of Seller</u>.  The Seller hereby restates the representations and warranties set forth in <u>Sections 3.1</u> of the Purchase Agreement (with respect to the Portfolios and the Related Receivables specified in the attached addendum to the Schedule of Receivables attached as <u>Schedule A</u> hereto) with full force and effect as if the same were fully set forth herein.  The Seller hereby certifies that all conditions precedent set forth in <u>Section 2.1(b)</u> of the Purchase Agreement have been satisfied.

4.     <u>Restatement of Representations and Warranties of Purchaser</u>.  The Purchaser hereby restates the representations and warranties set forth in Section 4.1 of the Purchase Agreement with full force and effect as if the same were fully set forth herein.  The Purchaser hereby certifies that all conditions precedent set forth in <u>Section 2.1(b)</u> of the Purchase Agreement have been satisfied.

5.     <u>Transfer and Sale of Receivables</u>.  The Seller hereby certifies that the Portfolios, Related Receivables and Other Conveyed Property transferred to the Purchaser hereunder are free and clear of all Liens (other than Permitted Liens) and that the beneficial interest in and title to such Related Receivables and Other Conveyed Property shall not be part of the Seller's estate in the event of the filing of a bankruptcy petition by or against the Seller under any bankruptcy law.  If, notwithstanding the intent of the Seller, the transfer and assignment contemplated hereby and under the Purchase Agreement is held not to be a sale or contribution, the transfer and assignment of such Portfolios, Related Receivables and Other Conveyed Property hereunder shall constitute, and the Seller hereby grants to the Purchaser, to secure its obligations hereunder, a security interest in the property referred to in <u>Section 2</u> above, and this Assignment and the Purchase Agreement shall each constitute a security agreement under applicable law.

6.     <u>Further Encumbrance of Receivables and Other Conveyed Property</u>.

(a)     Immediately upon the conveyance to the Purchaser by the Seller of the Portfolios, the Related Receivables and any item of related Other Conveyed Property pursuant to <u>Section 2</u> above, and the payment by the Purchaser of the Portfolio Purchase Price, all right, title and interest of the Seller in and to such Portfolios, Related Receivables and Other Conveyed Property shall terminate and all such right, title and interest shall vest in the Purchaser.

(b)     Immediately upon the vesting of such Portfolios, Related Receivables and Other Conveyed Property in the Purchaser, the Purchaser shall have assumed the sole right to pledge or otherwise encumber such Portfolios, Related Receivables and related Other Conveyed Property.

7.     <u>Counterparts</u>.  This Assignment may be executed in two or more counterparts, each of which shall be an original, but all of which together shall constitute one and the same Instrument.

8.     <u>Governing Law</u>.  THIS ASSIGNMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS (OTHER THAN SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW), AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

     SOC_HASSAN 000193

IN WITNESS WHEREOF, the undersigned have caused this Assignment to be duly executed and delivered as of the day and year first above written.

**SPRING OAKS CAPITAL SPV, LLC,**
    as Purchaser

By: _____

Name:  Timothy Stapleford
Title:  President and Chief Executive Officer

**SPRING OAKS CAPITAL, LLC,**
    as Seller

By: _____

Name: Timothy Stapleford
Title: President and Chief Executive Officer

3

SOC_HASSAN 000194

SCHEDULE A

| SELLER | PORTFOLIO ID | TOTAL ACCOUNTS | AGGREGATE FACE VALUE | ELECTRONIC SALE FILE |
|---|---|---|---|---|
| LendingPoint LLC | LPDEC2023 | ■ | ■ | Lot23-1243_LendingPoint_PON_Spring Oaks_Final Data |

4

SOC_HASSAN 000195

# Exhibit B-7

## Bill of Sale

**This Page Intentionally Left Blank**

BILL OF SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Account Purchase Agreement (the "Agreement") dated September 27, 2023 by and between LendingPoint LLC ("Seller") and Spring Oaks Capital LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, all rights, title and interest of Seller in the Accounts as set forth in the Account Schedule attached hereto as Exhibit I delivered by Seller to Buyer on each Closing Date, and as further described in the Agreement.

Lot Number: 23-1243

Aggregate Unpaid Balance: ████████

Number of Accounts: 937

DATED: December 20, 2023

SELLER: LendingPoint LLC

By: *Greg McLaughlin*
DocuSigned by:
1F5D9169A86F4E7...

Name (print): Greg McLaughlin

Title: General Counsel


SELLER: LendingPoint LLC, on behalf of Coastal Community Bank

By: *Greg McLaughlin*
DocuSigned by:
1F5D9169A86F4E7...

Name (print): Greg McLaughlin

Title: General Counsel

SOC_HASSAN 001139

# Exhibit B-8

## Business Loan Agreement

**This Page Intentionally Left Blank**

**CONSENT TO ELECTRONIC COMMUNICATIONS:**

Your Name:**Ehab Hassan**                                          Your Email Address:  **ehabhassan@yagoat.com**

You must consent to receive communications and transact business with **LendingPoint LLC and its assignees, and LendingPoint's lending partners (including but not limited to First Electronic Bank and FinWise Bank) and their assignees (each a "Lender" and collectively "We" or "Us")**  through electronic communications in order for us to process your offer request ("Offer Request"). The following terms and conditions govern electronic communications in connection with your Offer Request, Business Loan Agreement (if approved) and any communications regarding your account with a Lender (the "Consent").

By affixing your electronic signature to this Consent, you are confirming that you have agreed to the terms and conditions of the Consent and that you are able to download or print a copy of this Consent for your records.

You agree that:

1. Any disclosure, notice, record or other type of information that is provided to you in connection with your transaction with us, including but not limited to, the Business Loan Agreement, this Consent, the Credit Cost disclosures set forth in the Business Loan Agreement, Privacy Notice, change-in-terms notices, fee and transaction information, statements, delayed disbursement letters, notices of adverse action, transaction information and any other communications related to your business relationship with a Lender (collectively, "Communications"), may be sent to you electronically by email, through the Lender's website, or through other electronic means.

2. We will not be obligated to provide any Communication to you in paper form unless you specifically request us to do so by opting out of receipt of electronic communications.

3. You may obtain a copy of any Communication by contacting us at customerservice@lendingpoint.com or by calling us at 888-969-0959. You may withdraw your consent to ongoing electronic communications in the same manner and ask that Communications be sent to you in paper or non-electronic form. We will not charge you a fee for such paper copies.

4. You agree to provide us with your current email address for notices, which unless notified otherwise we assume is the email address indicated in your Offer Request. If your email address, telephone number(s), or residence address changes, you must send us a notice of the new address/telephone number(s) by sending us an email at customerservice@lendingpoint.com, or using the LendingPoint customer portal, at least five (5) days before the change to be effective with us.

5. In order to receive electronic communications in connection with this transaction, you will need a working connection to the Internet. Your browser must support the Secure Sockets Layer (SSL) protocol. SSL provides a secure channel to send and receive data over the Internet through HS encryption capabilities. Netscape 4.7+ and above, Microsoft Internet Explorer 5.01+ and above, and other web browsers support this feature. You will also need a printer connected to your computer to print disclosures/notices. We do not provide ISP services. You must have your own Internet Service Provider.

6. You agree that you are able to view and/or electronically store the information presented in this Consent. You also agree to print and retain a copy of this Consent for your records.

7. This Consent applies to all interactions and transactions with us and includes communications through any computer or mobile device, including phones, smart-phones, and/or tablets.  This Consent also applies to receipt in electronic form of all disclosures, information, agreements and other documents.

8. You acknowledge and agree to affix your electronic signature on this Consent and the BUSINESS LOAN AGREEMENT.  By affixing your electronic signature to this Consent and the BUSINESS LOAN AGREEMENT, you are agreeing to all of its terms and conditions.  You agree that your electronic signature shall have the same force and effect and shall bind you to this Consent and BUSINESS LOAN AGREEMENT in the same manner and to the same extent as a physical signature would do, in accordance with the Electronic Signature in Global and National Commerce Act (ESIGN) to the extent applicable.

9. You are free to withdraw your Consent at any time and at no charge. If at any time you wish to withdraw your Consent, you can notify us by phone at 888-969-0959, or you can send us your written request by email to: customerservice@lendingpoint.com or by mail to **LendingPoint LLC d/b/a LendingPoint, Attn: Customer Service, 1201 Roberts Blvd., Suite 200, Kennesaw, GA 30144** with the details of such request. If you decide to withdraw your Consent, the legal effectiveness, validity, and enforceability of prior electronic disclosures or Communications will not be affected.

**When I click the "SIGN BUSINESS LOAN AGREEMENT & CONSENT TO ELECTRONIC COMMUNICATIONS" button, my electronic signature is authenticated and affixed hereto.**

*Ehab Hassan*

**Borrower:**  Ehab Hassan            01/28/2023

SOC_HASSAN 000177



**FEB/Non-Consumer/Upfront Fee/02-01-2021**

# Promissory Note and Disclosures

This document describes the terms and conditions of your First Electronic Bank loan.  **You agree that you will not use the loan proceeds for personal, family, household, or consumer purposes.**  The Credit Cost Disclosures below are part of this Promissory Note.

This Promissory Note contains an arbitration agreement that provides that you and we agree to submit to binding arbitration of any dispute under this Promissory Note or any dealings in connection with this promissory note and not through litigation in any court.  See Section 16 below.

| | |
|---|---|
| **PROMISSORY NOTE NUMBER:** APP-0033206944 | **AGREEMENT DATE:** 01/28/2023 |
| **BORROWER:**  Ehab Hassan<br>7902 Bay Parkway<br>Brooklyn, NY<br>11214<br>Email address: ehabhassan@yagoat.com | **LENDER:**  FIRST ELECTRONIC BANK<br>2150 S 1300 E, SUITE 400<br>SALT LAKE CITY, UT 84106 |

## CREDIT COST DISCLOSURES

| Disbursed Loan Amount | One Fixed Finance Charge | Amount Due |
|---|---|---|
| The principal loan amount disbursed to you or on your behalf. | The dollar amount the credit will cost you. | The Disbursed Loan Amount plus the One Fixed Finance Charge equal the total amount due by you under this Agreement (subject to any additional fees or amounts that may come due and owing under other provisions of this Agreement). |
| $16,092.17 | $1,367.83 | $17,460.00 |

**YOUR PAYMENT SCHEDULE RELATED TO THE AMOUNT DUE WILL BE:**

| NUMBER OF PAYMENTS: | AMOUNT OF PAYMENTS: | WHEN PAYMENTS ARE DUE: |
|---|---|---|
| 12 | $1,455.00 | MONTHLY, Beginning 30 days from date of funding. |

**Security:**   You X are _ are not giving a security interest in the electronic payment authorization.

**Prepayment:**   If you pay off all or part of the loan early, you will not be entitled to a rebate of part of the One Fixed Finance Charge.

See your contract terms for any additional information about nonpayment, default, any required repayment in full before the scheduled due date, no prepayment rebates or penalties.

SOC_HASSAN 000178

FEB/Non-Consumer/Upfront Fee/02-01-2021

| ITEMIZATION OF ESTIMATED AMOUNT FINANCED | |
|---|---|
| 1. Amount given directly to you | $16,092.17 |
| 2. Amount paid on your account | $0.00 |
| 3. Amount paid to others on your behalf | $0.00 |
| 4. Amount Financed | $16,092.17 |
| One Fixed Finance Charge (Prepaid Finance Charge) | $1,367.83 |

## PROMISSORY NOTE
### ("AGREEMENT")

**1.   TERMS.** The parties (each, a "Party" and collectively, "Parties") to this Agreement are Borrower designated above ("Borrower," "you," or "your") and First Electronic Bank, our agents, successors, and Assignees, as the term is defined in Section 8 ("Bank," "Lender," "we," "our," or "us"). LendingPoint LLC ("LendingPoint") will service this Agreement.

**2.    SUBMITTING THIS AGREEMENT.** In order to submit this Agreement to us, you must electronically sign it below. **Your signed Agreement is subject to our approval, and submitting this Agreement does not entitle you to a loan.** After we receive your signed Agreement, we will verify your information and may require additional information from you in order to approve the Agreement.  If we are unable to verify your information, the information varies from that previously provided to us, and/or if you fail to provide any information required by us, we may decline your loan request.  If we decline your loan request, we will notify you, we will not fund the loan, and you will not incur the One Fixed Finance Charge or any fees.  If we approve your loan request, we will use commercially reasonable efforts to fund the loan.  The time of funding may vary or be delayed due to various reasons, including but not limited to, delays as a result of weekends, bank holidays, untimely receipt of verification details, processing errors, "acts of God", and/or "acts of terror" and you agree to waive and release any claims or damages related to any delay in  the time of funding.

**3.    PROMISE TO PAY.** For value received, you promise to pay to us, including any assignee of this Agreement, the Amount Due reflected in the Credit Cost Disclosures above (which consists of the Disbursed Loan Amount plus the One Fixed Finance Charge), and charges as set forth below, by making installment payments as described in the Payment Schedule set forth in the Credit Cost Disclosures above. You may authorize automatic electronic payments via ACH or debit card using the Authorization for Automatic Payments below, or you may pay by authorizing a one-time electronic payment for the first scheduled payment and delivering checks for each additional payment on or before each scheduled due date. (California and Wisconsin residents have the option of making all scheduled payments by check.) **You promise and represent that you will use the proceeds of the loan for business purposes and not for personal, family, or household purposes or any illegal purposes.**

**4.    PAYMENTS.** Payments are due in the amounts and on the dates set forth in the Payment Schedule above in the Credit Cost Disclosures.  We may provide you a revised payment schedule before your first payment is due, depending on the date loan proceeds are disbursed.  We estimated the payment schedule above based on available information.  If we provide you a revised payment schedule, then you agree to pay in accordance with the revised payment schedule. We will not change the payment frequency unless requested by you or on your behalf (subject to our sole discretion as to whether to approve such request),

but your payment due dates may change. If a scheduled payment falls on a date we are not open for business, then we will credit a payment received and honored on the next business day as if it were received on the scheduled payment date. . Unless your loan is earlier due and payable as provided in this Agreement, you agree to pay in full any unpaid amounts payable under this Agreement on the Maturity Date shown in the Payment Schedule in the Credit Cost Disclosures above.

a.  Electronic Check Conversion.  If you present a check for payment, you authorize us: (1) to use the information from your check to make an electronic funds transfer from your account; or (2) to process the transaction as a check. Please note, if we elect to use your check for an electronic funds transfer, funds may be withdrawn from your account as soon as the same day your check is received and you may not receive the check back from your financial institution.

b.  Prepayment. You may prepay your loan at any time without penalty. Prepayments will not change your scheduled payment(s), but your final payment amount may be smaller than the payment amount shown above or you may reduce the total number of scheduled payments required to repay your loan or you may payoff your loan before your last payment date shown above.

c.  One Fixed Finance Charge. The One Fixed Finance Charge is a prepaid finance charge that is fully earned at the time the Disbursed Loan Amount is disbursed.

**5.    NOTICES AND CONTACT INFORMATION.**  If you consented to receipt through electronic mail to the email address set forth by you above ("Designated Email") of all notices, records, disclosures and other information related to this Agreement ("Electronic Records") as further provided in the E-Sign Disclosure and Consent to Electronic Receipt of Loan Disclosures provided to you when you or someone on your behalf completed your application or as part of signing this Agreement, we will send Electronic Records; however, we may in our discretion deliver any such Electronic Records in paper form to the last postal service mailing address of record we have for you.  You must advise us immediately of any changes or updates to, inactivity of or operational problems with your Designated Email.  You agree that the federal Electronic Signatures in Global and National Commerce Act applies to this Agreement and agree to our ability to conduct business with you by electronic means. All provisions of any Electronic Records are binding on you just as if they were delivered in paper to your address shown above.

You agree that we may contact you at any phone number you provide.  When you give us your mobile phone number, we have your consent to contact you at that number about your Agreement.  Your consent allows us to use text messaging, automatic dialing technology and artificial or prerecorded voice messages for informational and loan service calls.  It may include contact from companies working on our behalf to service your Agreement. Message and data rates may apply.  You may contact us at any time to change these consents.

SOC_HASSAN 000179

FEB/Non-Consumer/Upfront Fee/02-01-2021

**6. DEFAULT.** Except as limited by applicable law, you will be in default under this Agreement if:

a. you fail to make any scheduled payment or other sums owing under this Agreement on the date it is due;

b. you fail to timely perform any of your obligations under this Agreement or, if applicable, you fail to cure such failure to perform to our reasonable satisfaction within the period provided in the notice from us of your failure to perform;

c. any representation made by you or your behalf in, or in connection with, your loan application or this Agreement is false, inaccurate, or omitting information in any material respect when made;

d. any of the following occurs (each a "Bankruptcy Event"): (1) you make an application for the appointment of a receiver, trustee or custodian or a receiver, trustee or custodian is appointed for you or a majority of your assets; (2) you initiate or consent to any legal proceedings under the Bankruptcy Code, or equivalent law providing for the relief of debtors; (3) you make an assignment for the benefit of creditors; or (4) you have a petition in bankruptcy or similar relief of debtors filed against you, which is not withdrawn or discharged within thirty (30) days of being filing; or

e. you die.

**7. REMEDIES.** Our remedies if you default on this Agreement include but are not limited to the following (to the fullest extent permitted by law):

a. General. In the event that you are in default under this Agreement, we may:

1. declare your loan immediately due and payable in full to us regardless of whether or not we take any action;

2. provide a report to the credit bureaus regarding your payment history and status of default (which may negatively affect your credit record);

3. pursue any other remedies we may have at law or in equity, including without limitation declaring the outstanding balance of the Amount Due, and other fees and charges immediately due and payable in full.

b. Loan Acceleration. If your loan is immediately due and payable, you must promptly pay in full the unpaid Amount Due, and any other amounts and fees payable under this Agreement.

c. Cost Reimbursement. You agree to promptly reimburse us, with interest, for all costs and expenses incurred in exercising our remedies related to this Agreement, including reasonable attorneys' fees and the costs of collection after default.

d. Interest After Maturity. Interest at our election may accrue after the Maturity Date disclosed in the Payment Schedule in the Credit Cost Disclosures above on any unpaid amounts owing by you to us at the lesser of eighteen percent (18%) per annum simple interest or the highest interest rate allowed by applicable law. You agree to pay to us any such interest that accrues in accordance with these provisions and understand and agree that your obligations under this Agreement will not be satisfied until any interest accruing after the Maturity Date is paid in full.

Our rights under this Agreement are cumulative and we may exercise any, all or a combination of these rights at any time if you default. In the event that we exercise any of our rights or remedies under this Agreement, you will continue to be in default until such time that you pay to us all amounts due and payable to us and you have cured any and all defaults. Our failure to take any action or delay taking any action related to your default, or similar or unrelated default, does not waive, or imply a waiver of, any of our rights under this Agreement.

**8. ASSIGNMENT.** You may not assign or transfer your rights or obligations under this Agreement without our prior written consent. This Agreement may be assigned or sold by Bank to another party (the "Assignee"). Assignee shall be entitled to all of the Bank's rights under this Agreement. For purposes of the Uniform Commercial Code and applicable law, this Agreement shall be deemed "commercial paper." Our rights under this Agreement shall inure to the benefit of our successors and assigns, and your obligations under this Agreement shall be binding upon your heirs, personal representatives and permitted assigns.

**9. CREDIT REPORTS AND MONITORING.** We may obtain credit reports on you on an ongoing basis until this Agreement is paid in full and you irrevocably consent to such. We may report information concerning your performance under this Agreement to credit reporting agencies and you irrevocably consent to such. Late payments, missed payments or other defaults on this Agreement may be reflected in your credit report. If you believe we inaccurately reported information about you or this Agreement to a credit reporting agency, call 844-379-0055 or send an email to our servicer at customerservice@lendingpoint.com. You will need to provide your loan account number along with copy of your credit bureau report reflecting the information that you believe is inaccurate.

**10. TERMINATION.** The terms of this Agreement that would, by their express nature, survive the termination of this Agreement will survive and be enforceable under this Agreement.

**11. NO REPRESENTATIONS OR WARRANTIES.** No representations or warranties by Lender or LendingPoint are expressed or implied and no statements made by Lender or LendingPoint that are not contained as part of this Agreement are valid or binding.

**12. LIMITATION OF LIABILITY.** OUR OR LENDINGPOINT'S LIABILITY TO YOU UNDER THIS AGREEMENT, IF ANY, SHALL BE LIMITED TO DIRECT, ACTUAL DAMAGES ONLY. YOU AGREE THAT IN NO EVENT SHALL WE OR LENDINGPOINT BE LIABLE TO YOU FOR CONSEQUENTIAL, INCIDENTAL, PUNITIVE, EXEMPLARY, SPECIAL OR INDIRECT DAMAGES.

**13. MISCELLANEOUS.** (a) This Agreement and its accompanying documents represent the entire Agreement between the parties as to the matters discussed herein and there are no other prior or contemporaneous oral or written contracts or representations by Lender or LendingPoint on which you are relying. (b) Any modifications to this Agreement must be in writing issued by us to be effective. Any reproduction by us of your credit application, this Agreement or its accompanying documents by reliable means (scanned image or other widely accepted copy technology) shall be considered the same as the original. (c) A finding by a court of competent jurisdiction that one or more provisions of this Agreement are void or contrary to any applicable state or federal law will not invalidate other parts of the Agreement. To the extent any interest or fee is determined to exceed that allowed by applicable law, you agree that any such rate or fee may be reduced to an amount allowable by applicable law.


SOC_HASSAN 000180


**FEB/Non-Consumer/Upfront Fee/02-01-2021**

**14. SECURITY INTEREST.** The loan is unsecured. However, if you elect to make your payment(s) using electronic debit(s), then we disclose that our interest in the Authorization for Automatic Payments or One-Time Payment Authorization (as applicable) is a security interest for disclosure purposes only. Federal and applicable state law do not clearly address whether our interest in the Authorization for Automatic Payments or One-Time Payment Authorization (as applicable) is a security interest. Nothing in this Agreement is intended to create a security interest under applicable state law.

**15. GOVERNING LAW.** This Agreement shall be governed, construed and interpreted by, through and under federal law and the laws of the state of Utah. The parties agree that Bank is located in Utah, the Bank underwrites the loan application in Utah, the Bank disburses loan proceeds from Utah, the Bank makes final loan decisions in Utah, and the parties intend that final consummation of this Agreement to have occurred in Utah. The Federal Arbitration Act, 9 U.S.C. §§ 1-16, governs the Arbitration Agreement.

**16. ARBITRATION AGREEMENT.**

By electronically signing this Agreement you agree to this Arbitration Agreement ("Clause") unless you opt out by the method described below:

**Background.** In arbitration, a third party ("Arbitrator") resolves Disputes in a hearing ("hearing"). You, we, and related third parties waive the right to go to court, except a state court of limited jurisdiction that does not allow class actions ("Small Claims Court"), as described in this Clause. You, we, and related third parties waive jury trials. The arbitration hearing is private and less formal than court. Arbitrators may limit pre-hearing fact finding, called "discovery." The decision of the Arbitrator is final.

**Scope.** This Clause governs the parties to this Agreement, their heirs, successors, assigns, and third parties related to any Dispute. In this Clause, the word "Disputes" has the broadest possible meaning. This Clause governs all "Disputes" involving the parties to this Agreement and/or LendingPoint, our servicers, Assignees, and agents, including but not limited to consultants, banks, payment processors, software providers, data providers and credit bureaus. This includes all claims even indirectly related to your application and/or agreement(s) with us. This includes claims related to information you previously gave us. It includes all past agreements or representations. It includes extensions, renewals, refinancing, workouts, hardship or payment plans. It includes claims related to collections, privacy, and customer information. It includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and claims for monetary damages and injunctive or declaratory relief. It includes claims related to setting aside this Clause. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate.

**Waiver.** You waive your rights to: (1) Have juries resolve Disputes; (2) Have courts, other than Small Claims Courts, resolve Disputes; (3) Serve as a private attorney general or in a representative capacity; and (4) Participate in a class action. UNDER THIS CLAUSE, COURTS AND ARBITRATORS CANNOT ALLOW CLASS ACTIONS. You waive your rights to participate in a class action as a representative and as a member. Only individual arbitration or Small Claims Courts will resolve Disputes. You waive your right to have representative claims.

**Severability.** If any portion of this Clause cannot be enforced, the unenforceable portion will be severed and the rest of this Clause will continue to apply, except that: (i) unless reversed on appeal, if a court invalidates the class action waiver, the entire Clause except for this sentence will be void; and

(ii) if you bring a claim in court for public injunctive relief and/or as a private attorney general and a court determines that we or a related third party may not enforce arbitration of that claim in accordance with the terms of this Clause (and that determination becomes final after all appeals have been exhausted), then the claim for public injunctive relief and/or as a private attorney general will be determined in court and any claim seeking monetary relief of any kind whatsoever will be arbitrated. In such case, you agree that the court will stay the claim for public injunctive relief and/or as a private attorney general pending completion of arbitration of all other claims and entry of a final order or judgment with respect to confirmation of the resulting arbitral award.

**Governing Law.** This transaction involves interstate commerce, so the Federal Arbitration Act ("FAA") governs. If a court finds the FAA doesn't apply, and the finding can't be appealed, then Utah law governs. The Arbitrator must apply substantive law consistent with the FAA. The Arbitrator must follow statutes of limitation and privilege claims.

**Informal Dispute Resolution.** We can try to resolve Disputes if you call us at 888-969-0959. If we are unable to resolve the Dispute by phone, you must mail us a notice telling us the details and how you want to resolve it. We may be able to resolve the Dispute on terms mutually agreeable to you and us. If we make a written offer ("Settlement Offer"), you can reject it and arbitrate.

**How to Start Arbitration.** If we don't resolve the Dispute through informal dispute resolution, either party may start arbitration. To start arbitration, you may contact an arbitrator affiliated with a national arbitration organization or an arbitration group listed below. No party will disclose settlement proposals to the Arbitrator during arbitration. To contact us, you must send written communications to: LendingPoint, Attn: FEB Legal, 1201 Roberts Blvd, Suite 200, Kennesaw, GA 30144 via certified U.S. mail to confirm receipt.

**Arbitration Process.** Either party may mail the other a request to arbitrate, even if a lawsuit has been filed. The notice should describe the Dispute and relief sought. The receiving party must send a response via certified U.S. mail within 20 days. If you mail the demand, you may choose one of the national arbitration groups listed in this paragraph. Or, your demand may state that you want the parties to choose a local Arbitrator affiliated with a national arbitration organization. If we or related third parties mail the demand, you must respond within 20 days. Your response must choose an arbitration group or propose a local Arbitrator affiliated with a national arbitration organization. If you don't timely respond or your response does not choose an arbitration group or a local Arbitrator affiliated with a national arbitration organization, we may choose the arbitration group. You may select the American Arbitration Association ("AAA") (1-800-778-7879) http://www.adr.org or JAMS (1-800-352-5267) http://www.jamsadr.com. The parties to a Dispute may also agree in a writing signed by both parties to use a local attorney, retired judge, or local Arbitrator. The Arbitrator must arbitrate under applicable AAA or JAMS rules. You may get a copy of these rules from such group. Any rules that conflict with any of our agreement(s) with you don't apply. If these options aren't available, and the parties can't agree on another, a court may choose the Arbitrator. Such Arbitrator must enforce your agreement(s) with us as written. The Arbitrator will order the hearing within 100 miles of your home or where the transaction occurred. Either party may attend the hearing by phone. The Arbitrator's decision will be final. A party may file the Arbitrator's award with the proper court and seek judicial enforcement of it.

SOC_HASSAN 000181

FEB/Non-Consumer/Upfront Fee/02-01-2021

Arbitration will be the sole method of resolving appeals of a Small Claims Court judgment. If the amount in controversy exceeds $10,000.00, a party may appeal the Arbitrator's finding. Such appeal will be to a three-Arbitrator panel from the same arbitration group. The appeal will be de novo and resolved by majority vote. The appealing party bears appeal costs, despite the outcome.

**Small Claims Court.** Each party has the right to arbitrate or to go to Small Claims Court if the Small Claims Court has the power to hear the Dispute. Arbitration will resolve all Disputes that the Small Claims Court does not have the power to hear. If there is an appeal from Small Claims Court, or if a Dispute changes so that the Small Claims Court loses the power to hear it, then the Dispute will be heard only by an Arbitrator.

**Effectiveness of this Clause.** The Clause will remain effective unless both parties agree otherwise in a writing signed by each party. The Clause governs if you rescind the transaction. It governs any amendments to this Agreement. It governs if you default, renew, refinance, prepay, or pay. It governs if this Agreement, the obligations set forth herein, or amendments to this Agreement are discharged through bankruptcy. The Clause will remain effective, despite this Agreement's and/or a transaction's termination, amendment, expiration, or performance.

**Arbitration Fees and Awards.** We will advance your "Arbitration Fees" to the Arbitrator if you ask us to in writing sent to us via certified U.S. mail thirty days prior to arbitration. This includes filing, administrative, hearing, and Arbitrator's fees. You are responsible for paying your attorney fees and other expenses. The Arbitrator may award the same damages as a court. Arbitrators may award reasonable attorney fees and expenses, if allowed by law. If the Arbitrator awards you funds, you don't reimburse us the Arbitration Fees. If the Arbitrator doesn't award you funds, then you must repay to us within thirty (30) days the Arbitration Fees we paid on your behalf. If you are successful in arbitration you may receive an Arbitrator's award. A party may request details from the Arbitrator within 14 days of the ruling. Upon such request, the Arbitrator may explain the ruling in writing.

**Other Options.** If you don't want to arbitrate, you have the following options before arbitration commences:

1. Informal Dispute Resolution. Contact us and attempt to settle any Disputes;
2. Small Claims Court. Seek to resolve Disputes in Small Claims Court, within state law limits; and/or
3. Opt Out of Arbitration. Sign the Agreement and then timely opt-out of Arbitration within thirty (30) days of the Agreement Date as reflected at the top of this Agreement.

**How to Opt Out.** If you want to opt out of this Arbitration Clause, you must send us written notice via certified U.S. mail to LendingPoint LLC, Attn: FEB Legal, 1201 Roberts Blvd, Suite 200, Kennesaw, GA 30144 of your intent to opt-out of the Arbitration Clause of this Agreement within thirty (30) calendar days of electronically signing this Agreement. You must state your name, address, account number and date. You must state that you "opt out." If you timely opt out by providing notice in accordance with this Section 16 within thirty (30) days of the Agreement Date as reflected at the top of this Agreement, your opt out will only apply to this Agreement.

**17. STATE LAW NOTICES. By providing the following notices, Lender is in no way altering the nature of the loan or suggesting that the loan is primarily for other than business or commercial purposes. While many of these notices are required for consumer purpose transactions, Lender believes they include information that is also informative in the context of transactions that are for business or commercial purposes, such as the loan evidenced by this Agreement.**

**CALIFORNIA RESIDENTS:** California law requires that we inform customers that should they fail to fulfill the terms of their credit obligation, a negative report reflecting on their credit record may be submitted to a credit reporting agency. A married applicant may apply for a separate account.

**FLORIDA RESIDENTS:** Florida documentary stamp tax required by law in the amount of $0.00 has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. 870632133.

**MAINE, NEW YORK AND VERMONT RESIDENTS:** A consumer credit report may be requested in connection with this application or in connection with updates, renewals or extensions of any credit granted as a result of this application. Upon your request, you will be informed whether or not such a report was requested and, if so, the name and address of the agency that furnished the report.

**MASSACHUSETTS RESIDENTS:** Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

**MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

**OHIO RESIDENTS:** The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**TEXAS RESIDENTS:** If you are in default, we may require you to repay the entire unpaid Amount Due at once. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.

**UTAH RESIDENTS:** You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**WISCONSIN RESIDENTS:** While the loan proceeds must be used solely for business purposes, if you are married, you confirm that the Loan is being incurred in the interest of your marriage or family and recourse under this Agreement may be had against both your separate property and community property assets.

SOC_HASSAN 000182

FEB/Non-Consumer/Upfront Fee/02-01-2021

**18. SHARING OF INFORMATION.** You understand and agree that the Bank, LendingPoint, and eBay, Inc may share information amongst themselves about you and your business, this Agreement, and your performance under this Agreement. This information may include, but is not limited to, nonpublic personal information about you or your business, your payment history under this Agreement, and any other information obtained or maintained by the Bank, LendingPoint, or eBay, Inc. related in any manner to this Agreement or your relationship with any of these parties.

**19. USA PATRIOT ACT INFORMATION DISCLOSURE.** To help the government fight the funding of terrorism and money-laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means to you: When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

Borrower has read and understood the above Agreement and agrees to the terms of this Agreement. Borrower agrees that loan proceeds will be used only for business purposes and not for any personal, family, household, or consumer purpose.

**NOTICE TO CUSTOMER**

a. **DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON EVERY PAGE, EVEN IF OTHERWISE ADVISED.**
b. **DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.**
c. **YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**
d. **YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT.**

*Ehab Hassan*

_____
Signature of Borrower    01/28/2023

Ehab Hassan
_____
Borrower Name

## Authorization for Automatic Payments

If your account or card information is listed below, you agree to this Authorization for Automatic Payments and hereby authorize First Electronic Bank and its Assignees and servicers (herein, "we" or "us") to initiate electronic debits from your deposit or financial account or debit card designated below (your "Payment Account") for scheduled payments on the Promissory Note and Disclosure entered into above between you and First Electronic Bank ("Agreement"), including as revised from time to time. Any electronic debits from your bank account will be conducted via the Automated Clearing House ("ACH") system. Any debit(s) to your debit card will be conducted via the appropriate card network. By signing below, you authorize us to electronically debit your Payment Account (and, if necessary, electronically credit your Payment Account to correct erroneous debits) as follows:

The amount debited from your Payment Account on each scheduled due date will be the payment amount scheduled under the Agreement (including as revised) plus any applicable fees. The amount debited may range from the amount of the scheduled payment to an amount that is twice your scheduled payment(s) in any given month, or a lesser amount depending on your payment history. You agree that no prior notice needs to be provided to you if the amount debited from your account falls within this range. If the amount debited will exceed this range, we will provide notice at least ten (10) days before the scheduled date of the debit.

**Deposit Account Information (if ACH Debit selected):**

| | |
|---|---|
| Account Holder Name: | Ehab Hassan |
| Account Type: | Checking |
| Account Number: | 9463 |
| ABA/Routing Number: | 021000322 |
| Bank Name: | Bank of America |

**Card Information (if Debit Card selected):**

| | |
|---|---|
| Card Account Number: | |
| Card Expiration Date: | |

You have the authority to agree to electronic debits from this Payment Account and are not required to obtain the agreement or consent of any other person who owns or has a claim to funds in it (or you have obtained all required agreements and consents from such other person(s)). You agree that this Payment Account must have enough available collected funds or credit (as applicable) to cover the scheduled debit or charge. If your account does not have sufficient funds to cover the scheduled payment, your depository or financial institution ("Depository") or card issuer may charge you overdraft or other fees.. Transfers from savings accounts and money market accounts are limited. If an automatic transfer exceeds your limit the Depository or card issuer may decline it or charge you a fee. See your Depository or card issuer for details.

SOC_HASSAN 000183

FEB/Non-Consumer/Upfront Fee/02-01-2021

You can cancel this Authorization by contacting our servicer in writing at LendingPoint,1201 Roberts Blvd. Suite 200, Kennesaw, GA 30144 or by email to customerservice@lendingpoint.com and this cancellation will be effective three (3) business days after actual receipt by our servicer.

You understand that if you terminate this Authorization or stop payment of any scheduled debit(s) or charge(s), you will still be required to make the scheduledpayments due under the Agreement.

**BY SIGNING THIS AUTHORIZATION, YOU AGREE THAT YOU HAVE RECEIVED A COPY OF THIS AUTHORIZATION FOR YOUR FUTURE REFERENCE.**

**YOU ALSO AGREE AND UNDERSTAND THAT IF YOUR PAYMENT ACCOUNT INFORMATION IS LISTED IN THIS AUTHORIZATION, YOU ARE ADDITIONALLY AUTHORIZING US TO DEBIT, CHARGE, AND/OR CREDIT YOUR PAYMENT ACCOUNT AS DESCRIBED IN THIS AUTHORIZATION. YOU UNDERSTAND THAT YOU ARE NOT REQUIRED TO USE AUTOMATIC PAYMENTS AND THAT OTHER PAYMENT METHODS ARE AVAILABLE.**

*Ehab Hassan*

_____

Signature of Borrower    01/28/2023

Ehab Hassan

_____

Name of Borrower

SOC_HASSAN 000184

**FEB/Non-Consumer/Upfront Fee/02-01-2021**

## One-Time Payment Authorization

If your account information is listed below, you agree to this One-Time Payment Authorization and hereby authorize First Electronic Bank and its Assignees and servicers (herein, "we" or "us") to initiate an electronic debit to your financial institution account or debit card or charge to your credit card designated below (your "Payment Account") for the first scheduled payment on the above Promissory Note and Disclosure entered into between you and First Electronic Bank ("Agreement"), including as revised. The debit or charge (as applicable) to your Payment Account will be conducted via the ACH system or appropriate card network.  By signing below, you authorize us to electronically debit or charge your Payment Account (and, if necessary, electronically credit your Payment Account to correct any erroneous debit) as follows:

**This authorization is for the first payment only.  It does not authorize us to process the remaining payments electronically.  Therefore, you are still required to send us timely payment on or before the remaining Payment Schedule due dates.**

The amount debited from or charged to your Payment Account on the first scheduled due date will be the first payment amount scheduled under your Agreement (including as revised) plus any applicable fees.

**Deposit Account Information (if ACH Debit selected):**

    Account Holder Name:
    Account Type:
    Account Number:
    ABA/Routing Number:
    Bank Name:

**Card Information (if Debit/Credit Card selected):**

    Card Account Number:
    Card Expiration Date:

You have the authority to agree to electronic debits from or charges to the Payment Account and are not required to obtain the agreement or consent of any other person who owns or has a claim to funds linked to it (or you have obtained all required agreements and consents from such other person(s)).  You agree that the Payment Account must have enough available collected funds or credit to cover the scheduled payment. If the Payment Account does not have sufficient funds or credit to cover the scheduled payment, your depository or financial institution ("Depository") may charge you overdraft or other fees. Transfers from Savings Accounts and money market accounts are limited. If a transfer exceeds your limit the Depository or card issuer may decline it or charge you a fee. See your Depository or card issuer for details.

You can cancel this Authorization by contacting our servicer in writing at LendingPoint,1201 Roberts Blvd. Suite 200, Kennesaw, GA 30144 or by email to customerservice@lendingpoint.com and this cancellation will be effective three (3) business days after actual receipt by our servicer.

You understand that if you terminate this Authorization or stop payment of the scheduled debit(s) or charge(s), you will still be required to make the scheduled payments due under the Agreement.

**BY SIGNING THIS AUTHORIZATION, YOU AGREE THAT YOU HAVE RECEIVED A COPY OF THIS AUTHORIZATION FOR YOUR FUTURE REFERENCE.**

**YOU ALSO AGREE AND UNDERSTAND THAT IF YOUR DEPOSIT ACCOUNT OR CARD INFORMATION IS LISTED IN THIS AUTHORIZATION, YOU ARE ADDITIONALLY AUTHORIZING US TO DEBIT, CHARGE, AND/OR CREDIT YOUR DEPOSIT ACCOUNT OR CARD AS DESCRIBED IN THIS AUTHORIZATION.**

**YOU UNDERSTAND THAT THIS ONE-TIME PAYMENT AUTHORIZATION IS FOR THE FIRST SCHEDULED PAYMENT ONLY AND THAT YOU ARE RESPONSIBLE FOR SENDING TIMELY PAYMENT ON OR BEFORE EACH ADDITIONAL SCHEDULED PAYMENT.**

_____
Signature of Borrower

Ehab Hassan

_____
Name of Borrower

SOC_HASSAN 000185

FEB/Non-Consumer/Upfront Fee/02-01-2021

Rev. June 2021

| FACTS | WHAT DOES FIRST ELECTRONIC BANK DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>▪ social Security number and income<br><br>▪ account balances and payment history<br><br>▪ credit history and credit scores<br><br>When you are no longer our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons First Electronic Bank chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does First Electronic Bank share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes—** to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | No | We do not share |
| **For our affiliates' everyday business purposes—** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes—** information about your creditworthiness | No | We do not share |
| **For our affiliates to market to you** | No | We do not share |
| **For nonaffiliates to market to you** | No | We do not share |

| Questions? | www.firstelectronic.bank |
|---|---|

SOC_HASSAN 000186

FEB/Non-Consumer/Upfront Fee/02-01-2021

**Page 2**

| Who we are | |
|---|---|
| **Who is providing this notice?** | First Electronic Bank |

| What we do | |
|---|---|
| **How does First Electronic Bank protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| **How does First Electronic Bank collect my personal information?** | We collect your personal information, for example, when you<br><br>- apply for a loan or open an account<br>- give us your contact information or pay your bills<br>- use your credit card<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br><br>- sharing for affiliates' everyday business purposes— information about your creditworthiness<br>- affiliates from using your information to market to you<br>- sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. See below for more on your rights under state law |

| Definitions | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br><br>- *Our affiliates include nonfinancial companies such as Fry's Electronics, Inc* |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br><br>- *First Electronic Bank does not share with nonaffiliates so they can market to you.* |
| **Joint marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br><br>- *First Electronic Bank does not jointly market.* |

| Other important information |
|---|
| **For California Customers:** We will limit our sharing of personal information about you with our affiliates to comply with all California privacy laws that apply to us. |

SOC_HASSAN 000187

*FEB/Non-Consumer/Upfront Fee/02-01-2021*

Rev. 08/2021

| FACTS | WHAT DOES LendingPoint LLC<br>DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>■ Social Security number and Account Balances<br>■ Payment History and Credit Scores<br>■ Credit History and Transaction History<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons LendingPoint LLC chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does LendingPoint LLC share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—**<br>such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes—**<br>to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | Yes | No |
| **For our affiliates' everyday business purposes—**<br>information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes—**<br>information about your creditworthiness | No | We don't share |
| **For our affiliates to market to you** | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

| Questions? | Call 888-969-0959 or go to www.lendingpoint.com |
|---|---|

SOC_HASSAN 000188

FEB/Non-Consumer/Upfront Fee/02-01-2021

**Page 2**

| Who we are | |
|---|---|
| **Who is providing this notice?** | LendingPoint LLC, LendingPoint Funding I 2017-LLC, LendingPoint 2018-1 SPE Trust, LendingPoint 2018 Funding Trust, Lending Point 2019-1 Asset Securitization Trust, LendingPoint 2019-2 Asset Securitization Trust, LP LMS 2019-1 Asset Securitization Trust, LendingPoint 2020-1 Asset Securitization Trust, LP LMS 2020-1 Asset Securitization Trust |

| What we do | |
|---|---|
| **How does LendingPoint LLC protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| **How does LendingPoint LLC collect my personal information?** | We collect your personal information, for example, when you<br><br>▪ Apply for a loan or provide employment information<br>▪ Give us your account information or tell us where to send money<br>▪ Give us your income information<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br><br>▪ sharing for affiliates' everyday business purposes— information about your creditworthiness<br>▪ affiliates from using your information to market to you<br>▪ sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. See below for more on your rights under state law |

| Definitions | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br><br>▪ *LendingPoint LLC, LendingPoint Funding I 2017-LLC, LendingPoint 2018-1 SPE Trust, LendingPoint 2018 Funding Trust, Lending Point 2019-1 Asset Securitization Trust, LendingPoint 2019-2 Asset Securitization Trust, LP LMS 2019-1 Asset Securitization Trust, LendingPoint 2020-1 Asset Securitization Trust, LP LMS 2020-1 Asset Securitization Trust* |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br><br>▪ *LendingPoint LLC does not share with nonaffiliates so they can market to you.* |
| **Joint marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br><br>▪ LendingPoint LLC's joint marketing partners include banks, home improvement finance, credit card companies and other consumer and commercial finance companies. |

| Other important information |
|---|
| Notice to Texas Residents: For questions or complaints about this loan, contact LendingPoint LLC at 1-888-969-0959 or at customerservice@lendingpoint.com. LendingPoint LLC is licensed and examined under Texas law by the office of Consumer Credit Commissioner (OCCC), a state agency. If a complaint or question cannot be resolved by contacting LendingPoint, consumers can contact the OCCC to file a complaint or as a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610. Website: occc.texas.gov. Email: consumercomplaints@occc.texas.gov. |

SOC_HASSAN 000189

**FEB/Non-Consumer/Upfront Fee/02-01-2021**

# Exhibit B-9

## Payment and Balance Table

**This Page Intentionally Left Blank**

Lending Point Payment History

| Account | Payment Mode | Transaction Date | Transaction Amount | Applied to Principal | Applied to Interest | Fees | Interest Accrued | Interest Remaining | Balance - CALC |
|---|---|---|---|---|---|---|---|---|---|
| ███ 7201 | ACH | 2023-03-09 | $1,455.00 | $1,455.00 | $0.00 | $0.00 | $0.00 | $0.00 | $16,005.00 |
| ███ 7201 | ACH | 2023-04-09 | $1,455.00 | $1,455.00 | $0.00 | $0.00 | $0.00 | $0.00 | $14,550.00 |
| ███ 7201 | ACH | 2023-05-09 | $1,455.00 | $1,455.00 | $0.00 | $0.00 | $0.00 | $0.00 | $13,095.00 |

SOC_HASSAN 000190

# Exhibit B-10

## Responses to Plaintiff's Requests for Production (Sets I & II)

**This Page Intentionally Left Blank**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EHAB HASSAN,<br>an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPRING OAKS CAPITAL, LLC and<br>SPRING OAKS CAPITAL SPV, LLC,<br><br>Defendants. | Case No.: 1:25-cv-04850-NRM-CHK<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)** |

Defendants, Spring Oaks Capital, LLC ("Spring Oaks LLC") and Spring Oaks Capital SPV, LLC ("Spring Oaks SPV") (together, "Defendants" or "Spring Oaks") provide the following objections and responses to Plaintiff's Requests for the Production of Documents (Set I).

**PRELIMINARY STATEMENT**

1. These answers are based upon information presently known by Spring Oaks. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. Spring Oaks reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these answers as warranted thereby. These answers are made in a good faith effort to supply as much information and specification as presently known.

2. Each answer herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

1

3. The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and Spring Oaks reserves the right to object on relevancy grounds at any state of these proceedings.

4. To the extent any request or any part thereof is intended to elicit information protected from discovery by the attorney-client privilege or the attorney work product doctrine, Spring Oaks objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5. Referencing and expressly incorporating each of these general objections, Spring Oaks hereby responds herein:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)**

1. Produce all documents reflecting any sale, assignment, transfer, or conveyance of Plaintiff's Account from First Electronic Bank to any Transferor, Transferee, Assignor, or Assignee, including but not limited to purchase and sale agreements, assignments, bills of sale, schedules of accounts, attachments, amendments, and signature pages, regardless of the identity of the receiving entity.

**RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants object that the Request seeks information that may contain confidential personal information for unrelated non-party consumers. Defendants further object the Request seeks irrelevant, confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants. Defendants also object that this Request seeks documents and information that are not in Defendants' possession and which are equally accessible to Plaintiff. Subject to the stated objections, see SOC_HASSAN 000001-000584.**

2. Produce all documents evidencing any payment, consideration, or compensation exchanged in connection with any alleged sale, assignment, or transfer of Plaintiff's Account following origination by First Electronic Bank, including wire confirmations, ACH transfers, settlement statements, general ledger entries, or accounting records, regardless of the entities involved.

**RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any**

2

**party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks irrelevant, confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

3. Produce all schedules of accounts, data tapes, spreadsheets, or electronic files identifying Plaintiff's Account in connection with any alleged transfer of Plaintiff's Account following origination, regardless of the entities involved.

**RESPONSE: Objection. This request is duplicative of Request No. 1. Subject to the stated objection, see Defendants' Response to Request No. 1, supra.**

4. Produce all purchase and sale agreements, assignments, bills of sale, master agreements, forward flow agreements, amendments, side letters, schedules, exhibits, and attachments that purport to govern or effectuate any sale, assignment, or transfer of Plaintiff's Account to Spring Oaks Capital, LLC, regardless of date or counterparty.

**RESPONSE: Objection. This request is duplicative of Request No. 1. Subject to the stated objection, see Defendants' Response to Request No. 1, supra.**

5. Produce all documents evidencing any payment, consideration, or compensation made by Spring Oaks Capital, LLC in connection with any acquisition of Plaintiff's Account, including wires, ACH transfers, settlement statements, or accounting records, regardless of the identity of the transferor.

**RESPONSE: Objection. This request is duplicative of Request No. 2. Subject to the stated objection, see Defendants' Response to Request No. 2, supra.**

6. Produce all bills of sale, assignment documents, transfer instruments, schedules of accounts, exhibits, attachments, and related documents that purport to transfer, assign, or convey Plaintiff's Account to Spring Oaks Capital, LLC, regardless of date or originating entity.

**RESPONSE: Objection. This request is duplicative of Request No. 1. Subject to the stated objection, see Defendants' Response to Request No. 1, supra.**

7. Produce every schedule of accounts or data file identifying Plaintiff's Account at each alleged stage of transfer following origination by First Electronic Bank, including all intermediate and subsequent transfers, whether or not such entities were previously disclosed.

**RESPONSE: Objection. This request is duplicative of Request No. 1, and seeks information that may not be within Defendants' possession or control. Subject to the stated objection, see Defendants' Response to Request No. 1, supra.**

8. Produce internal records, system logs, account notes, or metadata reflecting the date on which Spring Oaks Capital, LLC first received, boarded, or acquired Plaintiff's Account.

**RESPONSE: SOC_HASSAN 000001-000584.**

3

**ROSSMAN KIRK, PLLC**

Dated:  January 20, 2026

By: */s/ Benjamin J. Kirk*
*Pro Hac Vice*
Benjamin J. Kirk, 0393192
2626 E 82nd St., Suite 135
Bloomington, MN 55425
Telephone: 612-225-4176
benjamin.kirk@rossmankirk.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EHAB HASSAN, an individual, | |
| Plaintiff, | Case No.: 1:25-cv-04850-NRM-CHK |
| v. | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET II)** |
| SPRING OAKS CAPITAL, LLC and SPRING OAKS CAPITAL SPV, LLC, | |
| Defendants. | |

Defendants, Spring Oaks Capital, LLC ("Spring Oaks LLC") and Spring Oaks Capital SPV, LLC ("Spring Oaks SPV") (together, "Defendants" or "Spring Oaks") provide the following objections and responses to Plaintiff's Requests for the Production of Documents (Set II).

**PRELIMINARY STATEMENT**

1. These answers are based upon information presently known by Spring Oaks. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. Spring Oaks reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these answers as warranted thereby. These answers are made in a good faith effort to supply as much information and specification as presently known.

2. Each answer herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

1

3. The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and Spring Oaks reserves the right to object on relevancy grounds at any state of these proceedings.

4. To the extent any request or any part thereof is intended to elicit information protected from discovery by the attorney-client privilege or the attorney work product doctrine, Spring Oaks objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5. Referencing and expressly incorporating each of these general objections, Spring Oaks hereby responds herein:

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET II)

9. Produce any power of attorney, agency agreement, delegation, or other authorization permitting any Seller, Assignor, or Transferor to execute or sign documents purporting to convey Plaintiff's Account following origination by First Electronic Bank, including the effective date, duration, and scope of such authority, and evidence that the authorization was in effect at the time any transfer document relating to Plaintiff's Account was executed.

**RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants also object that this Request seeks documents and information that are not in Defendants' possession or control and which are equally accessible to Plaintiff. Subject to the stated objections, see Promissory Note, dated January 28, 2023 at SOC_HASSAN 000052.**

10. Produce all corporate resolutions, authority letters, internal delegations, or approvals authorizing any individual to execute any bill of sale, assignment, or transfer instrument relating to Plaintiff's Account on behalf of any Seller, Assignor, Purchaser, or Assignee, which were in effect at the time of execution and which identify the date of adoption and the individual(s) authorized to sign.

**RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants also object that this Request seeks documents and information that are not in Defendants' possession or control and which are equally accessible to Plaintiff.**

2

11. Produce all documents evidencing any payment or consideration exchanged between Defendants in connection with any internal or affiliate transfer of Plaintiff's Account, including bank-generated records, transaction confirmations, or accounting entries sufficient to demonstrate actual payment.

**RESPONSE:** **Objection. This Request is duplicative of Request No. 2, Plaintiff's Request for Production of Documents (Set I). This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

12. Produce all agreements, assignments, schedules, exhibits, or instruments governing any transfer of Plaintiff's Account between Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC, including all signature pages, effective dates, and schedules identifying Plaintiff's Account, and showing that such instruments were executed and in effect at the time of the alleged transfer.

**RESPONSE:** **Objection. This Request is duplicative of Request No. 2, Plaintiff's Request for Production of Documents (Set I). This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants. Subject to stated objections, see SOC_HASSAN 000192-000195.**

13. Produce all documents reflecting any failed, voided, rejected, reversed, disputed, or rescinded transfer of Plaintiff's Account at any time, including internal communications, system logs, exception reports, or audit records identifying the reason for failure and the date such failure occurred.

**RESPONSE:** **None.**

14. Produce all notices, letters, disclosures, or communications sent to Plaintiff informing him of any sale, assignment, or transfer of Plaintiff's Account, together with contemporaneous proof of transmission or delivery, including mailing records, tracking confirmations, system dispatch logs, or business records showing the date and method of delivery.

**RESPONSE:** **See SOC_HASSAN 000001-000584.**

15. Produce all internal communications, including emails, memoranda, messages, notes, or correspondence, discussing, questioning, or analyzing the authority, validity, scope, or enforceability of any transfer of Plaintiff's Account, including communications created contemporaneously with or prior to any such transfer and any communications reflecting concerns, exceptions, or unresolved issues.

3

**RESPONSE: Objection. This Request seeks information protected by the attorney/client privilege and/or the work product doctrine. Subject to and without waiving said objection, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

16. Produce the complete loan origination file for Plaintiff's Account, including application data, underwriting records, purpose-of-loan fields, risk assessments, and business-use declarations, as maintained in the ordinary course of business and including all native records, system exports, and associated metadata sufficient to identify the date of creation, source system, and any subsequent modification.

**RESPONSE: Objection. This Request seeks information not in Defendants' possession or control and to which Plaintiff has equal access. This Request is better directed to the loan originator(s). Subject to and without waiving said objections, see SOC_HASSAN 000001-000584.**

17. Produce all documents, system fields, metadata, coding entries, or classification records showing how Plaintiff's Account was designated (business, commercial, consumer, personal, or otherwise) at any time, including records reflecting any change, override, reclassification, or recoding of loan purpose and the date such change occurred.

**RESPONSE: Objection. This Request is vague and ambiguous as to the meaning of "records reflecting any change, override, reclassification, or recoding of loan purpose and the date such change occurred." Subject to and without waiving said objections, to the extent relevant, see SOC_HASSAN 000001-000584.**

18. Produce all communications, including emails, memoranda, messages, notes, or correspondence, discussing, referencing, or questioning the purpose-of-loan classification for Plaintiff's Account, including communications created before, during, or after origination, servicing, transfer, furnishing, or dispute investigation, and including any communications reflecting uncertainty, disagreement, or review of loan purpose.

**RESPONSE: Objection. This Request seeks information protected by the attorney/client privilege and/or the work product doctrine. This Request is vague and ambiguous as to the meaning of "the purpose-of-loan classification for Plaintiff's Account." Subject to and without waiving said objections, none.**

19. Produce all servicing manuals, procedures, protocols, guidelines, or instructions governing how loan purpose is stored, transferred, preserved, reviewed, or honored during servicing, sale, transfer, or furnishing of accounts, including any versions in effect at the time Plaintiff's Account was serviced, transferred, or furnished.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants. This Request is vague and ambiguous as to the meaning of "loan**

4

**purpose." Subject to and without waiving said objections, none. To the extent relevant, see SOC_HASSAN 000001-000584.**

20. Produce screenshots, exports, or reports from any servicing, underwriting, or portfolio system displaying loan-purpose or product-classification fields for Plaintiff's Account, including native system exports or reports sufficient to show the field name, field value, source system, and date the information was recorded or modified.

**RESPONSE: Objection. This Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants. This Request is vague and ambiguous as to the meaning of "loan purpose." Subject to and without waiving said objections, to the extent relevant, see SOC_HASSAN 000001-000584.**

21. Produce all data dictionaries, schema definitions, field-mapping guides, conversion tables, or technical documentation explaining how loan-purpose and loan-type data is transferred, mapped, preserved, or transformed between systems, including documents identifying the source system, destination system, field names, field values, and any rules governing overwriting, defaulting, or reclassification of such data.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants. This Request is vague and ambiguous as to the meaning of "loan-purpose and loan-type data." Subject to and without waiving said objections, none.**

22. Produce all communications sent to Plaintiff referencing loan classification, loan type, or consumer/business designation, together with contemporaneous proof of transmission or delivery, including mailing records, tracking confirmations, system dispatch logs, or business records showing the date and method of delivery.

**RESPONSE: This Request is vague and ambiguous as to the meaning of "loan classification, loan type, or consumer/business designation." Subject to and without waiving said objections, to the extent relevant, see Defendants' response to Request No. 14, supra.**

23. Produce all documents reflecting any review, verification, or analysis of Plaintiff's stated use of loan proceeds, including review checklists, underwriting notes, verification records, third-party confirmations, internal approvals or rejections, and records identifying the date such review occurred and the person or system performing it.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm**

**to Defendants. This Request is vague and ambiguous as to the meaning of "stated use of loan proceeds." Subject to and without waiving said objections, none.**

24. Produce all training manuals, compliance guides, presentations, instructional materials, or onboarding documents explaining how personnel determine whether a loan is consumer or business in nature, including all versions in effect at the time Plaintiff's Account was originated, serviced, transferred, furnished, or disputed, and identifying the audience or personnel to whom such training applied.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

25. Produce all investigation records, notes, communications, workflows, and determinations relating to Plaintiff's disputes asserting business-purpose misclassification, including records identifying the date of each investigative step, the person or system performing it, the information reviewed, and the basis for any determination reached.

**RESPONSE: See SOC_HASSAN 000001-000584.**

26. Produce all documents reflecting whether loan-purpose data was lost, overwritten, ignored, replaced, defaulted, or otherwise altered during any transfer, servicing, or furnishing process, including system logs, audit trails, exception reports, change histories, or records identifying when such change occurred and the source or cause of the change.

**RESPONSE: Defendants object that the Request is vague and ambiguous as to the meaning of "loan-purpose data." Subject to and without waiving said objections, to the extent relevant, see SOC_HASSAN 000001-000584.**

27. Produce the complete Metro 2 data furnished for Plaintiff's Account to any consumer reporting agency, including all base segments and compliance-condition fields, together with any associated data dictionaries, field definitions, transmission logs, or validation records sufficient to identify the account type, portfolio code, ownership indicator, loan purpose, open date, date of first delinquency, and the dates on which such data was transmitted or updated.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving said objections, to the extent relevant, see SOC_HASSAN 000001-000584. Defendants will supplement production when available.**

28. Produce all ACDVs, e-OSCAR records, reinvestigation notes, dispute-verification documents, and communications exchanged with any consumer reporting agency relating to Plaintiff's Account, including records identifying the date each dispute was received, the information reviewed, the person or system performing the investigation, and the basis for any verification or determination made.

6

**RESPONSE: See SOC_HASSAN 000001-000584.**

29. Produce all policies, procedures, manuals, guidelines, or training materials governing Defendants' duties as furnishers under the Fair Credit Reporting Act, including accuracy standards, investigation requirements, dispute-handling procedures, and Metro 2 reporting protocols, including all versions in effect at the time Plaintiff's Account was furnished, disputed, or verified.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

30. Produce all training records, certifications, qualifications, onboarding materials, and continuing-education records for all personnel or systems materially involved in furnishing, verifying, or investigating Plaintiff's Account, including records identifying the training completed, the date of completion, and the role or function of each person or system with respect to Plaintiff's Account.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

31. Produce all workflow logs, task records, timestamps, system notes, and audit trails reflecting the handling of Plaintiff's disputes, including records showing when each task was initiated, completed, escalated, or closed, and whether any automated processes were used.

**RESPONSE: See Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

32. Produce all documents reflecting how the loan type, portfolio code, credit-transaction type, or consumer/business designation was selected, assigned, overridden, or approved for reporting Plaintiff's Account, including records identifying the decision-maker, the date of the decision, and the information relied upon.

**RESPONSE: Defendants object that the Request is vague and ambiguous as to the meaning of "loan type, portfolio code, credit-transaction type, or consumer/business designation." Subject to and without waiving said objections, to the extent relevant, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

33. Produce all metadata logs, validation records, system checks, transmission confirmations, and error or warning reports generated prior to or in connection with furnishing Plaintiff's Account to any consumer reporting agency, including records identifying the source system, date and time of transmission, validation results, and any rejected, corrected, or resubmitted data.

**RESPONSE: To the extent relevant, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

34. Produce all communications, including emails, memoranda, messages, notes, or correspondence, relating to the servicing, furnishing, verification, dispute handling, or reporting of Plaintiff's Account, including communications with any consumer reporting agency or internal communications discussing accuracy, corrections, or disputes.

**RESPONSE: See Defendants' document production, produced herewith, and specifically see SOC_HASSAN 000001-000584.**

35. Produce all documents reflecting dispute-resolution codes, verification outcomes, reinvestigation determinations, and reason codes used in connection with Plaintiff's Account, including records identifying the date each code was assigned, the person or system assigning it, and the basis for the determination.

**RESPONSE: See Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

36. Produce all audits, compliance reviews, escalation notes, quality-control assessments, supervisory reviews, or internal evaluations involving Plaintiff's Account, including records identifying the date of each review, the scope of the review, the findings or issues identified, and any corrective actions taken or recommended.

**RESPONSE: Objection. This Request seeks information protected by the attorney/client privilege and/or the work product doctrine. Subject to and without waiving said objection, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

37. Produce all agreements, service contracts, statements of work, instructions, or guidelines governing any third-party or vendor involvement in servicing, furnishing, verification, or dispute handling for Plaintiff's Account, including documents identifying the role performed, the responsibilities assigned, and the period during which such services were provided.

**RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to the stated objections, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

38. Produce all records of corrections, updates, deletions, rejects, resubmissions, or error returns relating to Plaintiff's Account, including records identifying the reason for the correction or rejection, the date it occurred, and the data fields affected.

**RESPONSE: To the extent relevant, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

8

39. Produce all documents reflecting how the open date, date of first delinquency, and any closure dates for Plaintiff's Account were determined, including records identifying the source data relied upon, the date each determination was made, any changes or corrections to such dates, and the person or system responsible for making or approving each determination.

**RESPONSE: See Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

40. Produce all documents identifying the individual(s), role(s), or system(s) responsible for the decision to furnish Plaintiff's Account as consumer credit, including records showing when the decision was made, the criteria or information relied upon, and whether the decision was reviewed, approved, or overridden.

**RESPONSE: To the extent relevant, see Defendants' document production, produced herewith, and specifically, see SOC_HASSAN 000001-000584.**

41. Produce all documents reflecting any failure to perform review, verification, or validation prior to furnishing Plaintiff's Account, including records showing the absence of required review steps, skipped workflows, default processing, or automated furnishing without human review.

**RESPONSE: None.**

42. Produce all notices, letters, disclosures, or communications sent to Plaintiff identifying any entity as the servicer, furnisher, or party responsible for handling disputes relating to Plaintiff's Account, together with contemporaneous proof of transmission or delivery, including mailing records, tracking confirmations, system dispatch logs, or business records showing the date, method, and sender of each communication.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

43. Produce all documents reflecting the first communication sent to Plaintiff following acquisition of Plaintiff's Account by any entity, including the content of the communication and contemporaneous proof of transmission or delivery showing the date and method by which it was sent.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

44. Produce all notices, disclosures, or communications advising Plaintiff of his right to dispute the accuracy, ownership, or classification of Plaintiff's Account, together with contemporaneous proof of transmission or delivery and records identifying when such disclosure was sent and by whom.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

45. Produce all documents sufficient to show the timing of each notice or communication sent to Plaintiff relative to the first date Plaintiff's Account was furnished to any consumer reporting

agency, including records identifying the date of first furnishing, the date each notice was generated, and the date each notice was transmitted or delivered.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

46. For each notice or communication produced relating to Plaintiff's Account, produce all contemporaneous and legally admissible evidence of mailing, transmission, or delivery, including certificates of mailing, USPS records, mailing logs, vendor transmission records, email headers, delivery confirmations, bounce-back records, and system-generated dispatch logs identifying the date, method, and sender.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

47. Produce all documents identifying the address, email address, or contact information used for each notice or communication sent to Plaintiff relating to Plaintiff's Account, including address-verification records, address-change logs, and records showing when and how the address was obtained or updated.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

48. Produce all documents reflecting any returned, undelivered, rejected, failed, or otherwise unsuccessful notices or communications relating to Plaintiff's Account, including returned mail records, system error logs, rejection notices, or vendor exception reports identifying the reason for failure and the date it occurred.

**RESPONSE: See Defendants' response to Request No. 14, supra.**

49. Produce all documents reflecting, describing, or evidencing the criteria, factors, rules, or policies used to classify Plaintiff's loan for consumer reporting purposes.

**RESPONSE: Objection. This Request is vague and ambiguous as to "classify Plaintiff's loan for consumer reporting purposes." Subject to and without waiving the stated objection, to the extent relevant, see Defendants' document production produced herewith and specifically see SOC_HASSAN 000001-000584.**

50. Produce all documents relied upon by Defendants, directly or indirectly, in determining the classification of Plaintiff's loan for consumer reporting purposes, including but not limited to internal guidelines, procedures, decision trees, automated rules, or third-party instructions.

**RESPONSE: Objection. This Request is vague and ambiguous as to "determining the classification of Plaintiff's loan for consumer reporting purposes." Subject to and without waiving the stated objection, see Defendants' document production produced herewith.**

51. Produce all documents reviewed, accessed, or relied upon by Defendants, directly or indirectly, prior to classifying or reporting Plaintiff's loan to any consumer reporting agency, including the loan agreement.

**RESPONSE: Objection. This Request is vague and ambiguous as to "classifying" Plaintiff's loan. Subject to and without waiving the stated objection, see Defendants' document production produced herewith, and specifically see SOC_HASSAN 000001-000584.**

52. Produce all documents that Defendants contend authorized them to classify or report Plaintiff's loan to consumer reporting agencies, including any servicing agreements, delegations of authority, or internal authorizations.

**RESPONSE: Objection. This Request is vague and ambiguous as to "classify" Plaintiff's loan. Subject to and without waiving the stated objection, see Defendants' document production produced herewith.**

53. Produce all policies, procedures, guidelines, or rules in effect on or before December 20, 2023, governing verification of loan purpose or account classification prior to reporting information to consumer reporting agencies.

**RESPONSE: Defendants object that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendants further object the Request seeks confidential, proprietary, and trade-secret information, the disclosure of which would cause competitive harm to Defendants.**

**ROSSMAN KIRK, PLLC**

Dated:  January 21, 2026

By: */s/ Benjamin J. Kirk*
Benjamin J. Kirk, 0393192
2626 E 82nd St., Suite 135
Bloomington, MN 55425
Telephone: 612-225-4176
benjamin.kirk@rossmankirk.com
*Attorneys for Plaintiffs*

11

# Exhibit B-11

## Responses to Plaintiff's Interrogatories

## (Sets I & II)

**This Page Intentionally Left Blank**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EHAB HASSAN,
an individual,

      Plaintiff,

v.

SPRING OAKS CAPITAL, LLC and SPRING
OAKS CAPITAL SPV, LLC,

      Defendants.

Case No.: 1:25-cv-04850-NRM-CHK

**DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
INTERROGATORIES (SET I)**

---

Defendants, Spring Oaks Capital, LLC ("Spring Oaks LLC") and Spring Oaks Capital SPV, LLC ("Spring Oaks SPV") (together, "Defendants" or "Spring Oaks") provide the following objections and responses to Plaintiff's Interrogatories (Set I).

**<u>PRELIMINARY STATEMENT</u>**

1. These answers are based upon information presently known by Spring Oaks. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. Spring Oaks reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these answers as warranted thereby. These answers are made in a good faith effort to supply as much information and specification as presently known.

2. Each answer herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

1

3.     The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and Spring Oaks reserves the right to object on relevancy grounds at any state of these proceedings.

4.     To the extent any request or any part thereof is intended to elicit information protected from discovery by the attorney-client privilege or the attorney work product doctrine, Spring Oaks objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5.     Spring Oaks further objects to the extent any such response is prohibited by to the Court's ruling on the scope of permissible discovery from the March 25, 2026 discovery conference.

6.     Referencing and expressly incorporating each of these general objections, Spring Oaks hereby responds herein:

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES (SET I)

<u>Interrogatory No. 1.</u>     Originating Creditor Records. Identify all documents, records, account data, databases, electronic files, or other materials that Defendants reviewed, relied upon, or consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute regarding the Spring Oaks Capital account that were received from the originating creditor, First Electronic Bank, including any account-level records relating to the origination of the loan. For each document or record identified, state:

(a)  the title or description of the document or record;

(b)  the date of the document or record;

(c)  the entity that created the document or record; and

2

(d) whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 1: Defendants object to this Interrogatory as vague and ambiguous as to "received from First Electronic Bank." The Interrogatory is unlimited as to time and fails to specify whether the Interrogatory seeks information only about documents received from First Electronic Bank directly or whether the Interrogatory seeks information about documents that were created by First Electronic Bank but may have come into Defendants' possession indirectly, including, but not limited to, documents that were provided to Defendants by Plaintiff, documents provided to Defendants by a consumer reporting agency, or documents provided to Defendants by LendingPoint or another servicing entity or intermediary.**

**Subject to the stated objections, Defendants have reviewed all the account documents produced in this lawsuit as detailed below. The answer to the remaining matters sought in this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range (SOC_HASSAN 000046-001132) | Document Description |
| --- | --- |
| 000046-137 | Plaintiff's Loan Account Documentation from Original Creditor<br>- Loan Agreement<br>- Asset Report (Plaintiff's Bank Account Records) |
| 000175-208 | Defendants' Response to Plaintiff's Dispute(s)<br>- Loan Agreement Signed by Plaintiff<br>- Bill of Sale re Acquisition of Account by Defendants<br>- Schedule Identifying Lot of Accounts Acquired per Bill of Sale<br>- Assignment between Spring Oaks entities<br>- Initial Letter to Plaintiff |
| 000578-583 | Data identifying Plaintiff's Account in Lot Acquired by Defendants |
| 000585-1132 | Dispute Documentation Submitted by Plaintiff, including bank statements, annotated credit reports, etc. |

Interrogatory No. 2.        Servicing Records. Identify all documents, records, account data, databases, electronic files, or other materials that Defendants reviewed, relied upon, or

3

consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute regarding the Spring Oaks Capital account that were obtained from LendingPoint or any other loan servicer, including any servicing records or payment history associated with the account.

For each document or record identified, state:

(a) the title or description of the document or record;

(b) the date of the document or record;

(c) the entity that created the document or record; and

(d) whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 2**: **Defendants object to this Interrogatory as vague and ambiguous as to "obtained from LendingPoint." The Interrogatory is unlimited as to time and fails to specify whether the Interrogatory seeks information only about documents obtained from LendingPoint directly or whether the Interrogatory seeks information about documents that were obtained from LendingPoint but may have come into Defendants' possession indirectly, including, but not limited to, documents that were provided to Defendants by Plaintiff, documents provided to Defendants by a consumer reporting agency, or documents provided to Defendants by another servicing entity or intermediary.**

**Subject to the stated objections, see Defendants' response to Interrogatory No. 1.**

Interrogatory No. 3.        Creditor Statements and Ledgers. Identify all documents, records, account data, databases, electronic files, or other materials that Defendants reviewed, relied upon, or consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute regarding the Spring Oaks Capital account consisting of charge-off statements, account statements, or creditor account ledgers relating to the account.

4

For each document or record identified, state:

(a) the title or description of the document or record;

(b) the date of the document or record;

(c) the entity that created the document or record; and

(d) whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 3: Defendants object to this Interrogatory as vague and ambiguous as to "charge-off statements" and "creditor account ledgers."**

**Subject to the stated objections, see Defendants' response to Interrogatory No. 1.**

Interrogatory No. 4.    Internal Records. Identify all documents, records, account data, databases, electronic files, or other materials that Defendants reviewed, relied upon, or consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute regarding the Spring Oaks Capital account consisting of internal databases, spreadsheets, or system-generated account summaries maintained by Defendants.

For each document or record identified, state:

(a) the title or description of the document or record;

(b) the date of the document or record;

(c) the entity that created the document or record; and

(d) whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 4: Defendants object to this Interrogatory as vague and ambiguous as to "internal databases, spreadsheets, or system-generated account summaries."**

**Subject to the stated objections, Defendants have reviewed all the account documents produced in this lawsuit as detailed below. The answer to the remaining matters sought in this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range | Document Description |
|---|---|
| 000007-10 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000021-26 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000038-45 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000138-147 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000148-168 | Defendants' Account Handling Records and Account Notes |
| 000169-174 | Defendants' Response to CFPB Complaint |
| 000175-208 | Defendants' Response to Plaintiff's Dispute(s)<br>- Loan Agreement Signed by Plaintiff<br>- Bill of Sale re Acquisition of Account by Defendants<br>- Schedule Identifying Lot of Accounts Acquired per Bill of Sale<br>- Assignment between Spring Oaks entities<br>- Initial Letter to Plaintiff |
| 000578-583 | Data identifying Plaintiff's Account in Lot Acquired by Defendants |
| 000584 | Defendants' Internal Records Showing Details of Plaintiff's Account |
| 001133-1138 | Defendants' METRO-2 Reporting Data regarding Plaintiff's Account |

<u>Interrogatory No. 5.</u> Chain of Title. Identify and describe the complete chain of title for the account ending in 7201, originated by First Electronic Bank, that Defendants contend is associated with Plaintiff.

In answering, identify each transfer, assignment, sale, or other conveyance of any interest in the account beginning with First Electronic Bank and continuing through every subsequent

6

entity, including but not limited to any purchaser, seller, servicer, custodian, or special purpose vehicle ("SPV"), up to and including the entity that currently claims ownership of the account.

For each transfer or assignment, state:

(a) the name of the transferor and the transferee;

(b) the date of the transfer or assignment;

(c) the type of transaction (e.g., sale, assignment, servicing transfer, or other conveyance);

(d) the documents or records that evidence or memorialize the transfer, including but not limited to any purchase agreement, bill of sale, assignment agreement, schedule, data file, or other record identifying the account, and whether each such document is currently in Defendants' possession, custody, or control, and

(e) whether any additional writings, agreements, schedules, or electronic data files exist that describe or govern the transfer or assignment of the account.

(f) identify the specific document, agreement, or record that Defendants contend first granted any Defendant or related entity the authority to furnish information regarding the account to consumer reporting agencies, including the date of that document, the parties to the document, and the provision within the document that Defendants contend confers such authority.

If the chain of title identified in response to this interrogatory differs in any respect from the chain of title described by Defendants in their correspondence dated June 26, 2025 submitted to the Consumer Financial Protection Bureau, identify and explain each difference. (ATTACH LETTER)

**Response No. 5:** **Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the "complete chain of title" and all related agreements, schedules, data files, and writings without limitation, including**

7

information concerning non-parties and transactions not relevant to Plaintiff's claims. Additionally, this Interrogatory is impermissibly compound. Defendants further object that subpart (f) improperly seeks a legal conclusion regarding alleged "authority to furnish" and the legal effect of contractual provisions, and that the final paragraph references correspondence not attached here (the Interrogatory states "(ATTACH LETTER)" but no letter was attached) and therefore not properly before Defendants for purposes of this response. Defendants also object to the extent the Interrogatory seeks confidential commercial agreements, proprietary transaction documents, and information protected by any applicable privilege or immunity, and to the extent Plaintiff is prohibited from seeking such information pursuant to the Court's ruling on discovery on March 25, 2026.

Subject to the stated objections, Defendants state that the chain of title for Plaintiff's account is as follows:

1. First Electronic Bank
2. LendingPoint 2018-1 Funding Trust
3. LendingPoint LLC
4. Spring Oaks Capital, LLC
5. Spring Oaks Capital SPV, LLC

Answers to additional components of this Interrogatory may be obtained by examining business records already produced by Defendants as SOC_HASSAN 000175-000208, and 000578-000583, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Additionally, Defendants possess the following document(s) which may be responsive to this request, but are withheld on the basis of confidentiality, relevance, that Plaintiff is not entitled to receive such information under Plaintiff's claims, and pursuant to the Court's ruling on discovery on March 25, 2026. See, e.g., *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161-62 (E.D.N.Y., August 15, 2021):

- Receivables Purchase Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC, as Purchaser and Spring Oaks Capital, LLC, as Seller
- Servicing Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC as Owner and Spring Oaks Capital, LLC as Servicer.
- Forward Flow Account Purchase Agreement between LendingPoint LLC and Spring Oaks Capital, LLC
- Closing Statement – Lending Point – Spring Oaks Capital, LLC

Interrogatory No. 6: Consideration for Transfer. Identify all documents, records, accounting entries, settlement statements, or financial records that evidence or reflect any payment, consideration, or compensation exchanged in connection with any alleged transfer, sale, or assignment of Plaintiff's account following origination by First Electronic Bank.

For each document identified, state:

8

- the type of document (wire confirmation, settlement statement, ledger entry, etc.)

- the date of the document

- the entity that created it

- the entities involved in the transfer

- whether the document is in Defendants' possession, custody, or control.

**Response No. 6: Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents, records, accounting entries, settlement statements, or financial records" concerning any alleged transfer, sale, or assignment of the account, including potentially confidential financial and transactional information involving non-parties. Defendants further object that this Interrogatory seeks sensitive commercial information and proprietary transaction terms that are not relevant to the claims or defenses in this action, and to the extent Plaintiff is prohibited from seeking such information pursuant to the Court's ruling on discovery on March 25, 2026. Defendants also object to the extent the Interrogatory seeks information protected by privilege or work product.**

**Defendants possess the following document(s) which may be responsive to this request, but are withheld on the basis of confidentiality, relevance, that Plaintiff is not entitled to receive such information under Plaintiff's claims, and pursuant to the Court's ruling on discovery on March 25, 2026. See, e.g., *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161-62 (E.D.N.Y., August 15, 2021):**

- **Receivables Purchase Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC, as Purchaser and Spring Oaks Capital, LLC, as Seller**
- **Servicing Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC as Owner and Spring Oaks Capital, LLC as Servicer.**
- **Forward Flow Account Purchase Agreement between LendingPoint LLC and Spring Oaks Capital, LLC**
- **Closing Statement – Lending Point – Spring Oaks Capital, LLC**

Interrogatory No. 7: Consideration for Acquisition by Spring Oaks Capital, LLC. Identify all documents, records, accounting entries, settlement statements, or financial records that evidence or reflect any payment, consideration, or compensation exchanged in connection with any alleged acquisition of Plaintiff's account by Spring Oaks Capital, LLC. For each document identified, state:

- the type of document (wire confirmation, settlement statement, ledger entry, etc.)

- the date of the document

- the entity that created it

- the entities involved in the transaction

- whether the document is in Defendants' possession, custody, or control.

**Response No. 7**: Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents, records, accounting entries, settlement statements, or financial records" including confidential financial and transactional information. Defendants further object that this Interrogatory seeks sensitive commercial information and proprietary transaction terms that are not relevant to the claims or defenses in this action, and to the extent Plaintiff is prohibited from seeking such information pursuant to the Court's ruling on discovery on March 25, 2026. Defendants also object to the extent the Interrogatory seeks information protected by privilege or work product.

Defendants possess the following document(s) which may be responsive to this request, but are withheld on the basis of confidentiality, relevance, that Plaintiff is not entitled to receive such information under Plaintiff's claims, and pursuant to the Court's ruling on discovery on March 25, 2026.  See, e.g., *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161-62 (E.D.N.Y., August 15, 2021):

- Receivables Purchase Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC, as Purchaser and Spring Oaks Capital, LLC, as Seller
- Servicing Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC as Owner and Spring Oaks Capital, LLC as Servicer.
- Forward Flow Account Purchase Agreement between LendingPoint LLC and Spring Oaks Capital, LLC
- Closing Statement – Lending Point – Spring Oaks Capital, LLC

Interrogatory No. 8: Identify all documents, records, powers of attorney, agency agreements, corporate resolutions, or other writings that authorized any person to execute any bill of sale, assignment, transfer instrument, or other document purporting to transfer Plaintiff's account.

For each such document, state:

- the name of the signatory

- the entity on whose behalf the document was executed

- the title or role of the signatory

10

- the document establishing the signatory's authority

whether the document is in Defendants' possession, custody, or control.

**Response No. 8:** **Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents that may have authorized any person to execute any transfer-related document concerning the account, including internal corporate governance materials and third-party records that are not relevant to the issues in dispute, and to the extent Plaintiff is prohibited from seeking such information pursuant to the Court's ruling on discovery on March 25, 2026. Defendants further object that the Interrogatory seeks confidential business records and may require disclosure of information concerning non-parties. Defendants also object to the extent it calls for legal conclusions regarding the sufficiency or effect of any purported authorization and to the extent it seeks privileged information.**

**Subject to and without waiving these objections, Defendants possess the following document(s) which may be responsive to this request, but are withheld on the basis of confidentiality, relevance, that Plaintiff is not entitled to receive such information under Plaintiff's claims, and pursuant to the Court's ruling on discovery on March 25, 2026. See, e.g., *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161-62 (E.D.N.Y., August 15, 2021):**

- **Receivables Purchase Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC, as Purchaser and Spring Oaks Capital, LLC, as Seller**
- **Servicing Agreement dated as of Sept 21, 2023 between Spring Oaks Capital SPV, LLC as Owner and Spring Oaks Capital, LLC as Servicer.**
- **Forward Flow Account Purchase Agreement between LendingPoint LLC and Spring Oaks Capital, LLC**
- **Closing Statement – Lending Point – Spring Oaks Capital, LLC**

Interrogatory No. 9: Authority to Furnish. Identify all documents, records, agreements, policies, databases, electronic files, or other materials that Defendants reviewed, relied upon, or consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute to determine that Defendants possessed authority to furnish information regarding the account to consumer reporting agencies.

For each document or record identified, state:

- the title or description of the document or record;

- the date of the document or record;

- the entity that created the document or record; and

- whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 9: Defendants object to this Interrogatory on the grounds that it is duplicative of Interrogatories No. 1, 2, 3, and 4. Defendants additionally object that this Interrogatory is vague and ambiguous as to "authority to furnish." Defendants additionally object that this Interrogatory seeks a legal conclusion, and/or seeks the mental impressions of Defendants' legal counsel, and seeks information protected by the attorney-client and/or work product privileges.**

**Subject to the stated objections, Defendants have "authority" to furnish information concerning Plaintiff's account to consumer reporting agencies because Spring Oaks Capital SPV, LLC owns the account and Spring Oaks Capital SPV, LLC assigned the right to service and collect the account to Spring Oaks Capital, LLC. Defendants have furnished data about Plaintiff's account in accordance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which governs the furnishing of consumer credit information and does not prohibit the reporting of accurate debt information. Documents evidencing Defendants' ownership of the account include the following:**

| Bates Range | Document Description |
|---|---|
| 000175-208 | Defendants' Response to Plaintiff's Dispute(s)<br>- Loan Agreement Signed by Plaintiff<br>- Bill of Sale re Acquisition of Account by Defendants<br>- Schedule Identifying Lot of Accounts Acquired per Bill of Sale<br>- Assignment between Spring Oaks entities<br>- Initial Letter to Plaintiff |
| 000578-583 | Data identifying Plaintiff's Account in Lot Acquired by Defendants |

Interrogatory No. 10: Account Classification. For the account ending in 7201 originated by First Electronic Bank that Defendants contend is associated with Plaintiff, state the classification assigned to the account within Defendants' internal account-management or servicing system after Defendants acquired the account.

12

In answering, identify:

(a) the classification code and/or corresponding category, including the exact term, label, or data value recorded in Defendants' internal account-management or servicing system (e.g., consumer, business, commercial, or other—specify any other classification used);

If Defendants contend that the account was not classified under any of the categories identified above, state the classification actually used and identify the data field, reporting code, or internal designation reflecting that classification.

(b) the classification code or category used by Defendants when first furnishing regarding the account to each consumer reporting agency, including Experian, Equifax, and TransUnion;

(c) the date on which Defendants first furnished the account to each consumer reporting agency;

(d) whether the classification used when furnishing information to any consumer reporting agency differed from the classification maintained in Defendants' internal records; and

(e) the name or job title of the person, department, or system responsible for determining the classification used when the account was first furnished to consumer reporting agencies.

**Response No. 10: Defendants object to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, including as to the terms "classification," "category," and "data value," which are not defined.**

**Subject to the stated objections, Defendants respond that the answer to this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range | Document Description |
|---|---|
| 000007-10 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000021-26 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000038-45 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |

13

| 000138-147 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000148-168 | Defendants' Account Handling Records and Account Notes |
| 000578-583 | Data identifying Plaintiff's Account in Lot Acquired by Defendants |
| 000584 | Defendants' Internal Records Showing Details of Plaintiff's Account |
| 001133-1138 | Defendants' METRO-2 Reporting Data regarding Plaintiff's Account |

Interrogatory No. 11: (Metro-2 reporting). Identify each Metro-2 data field or reporting code furnished to each consumer reporting agency for the account, including but not limited to Portfolio Type, Account Type, ECOA Code, Consumer/Commercial Indicator, Special Comment Codes, and Compliance Condition Codes, and state the value furnished for each field.

**Response No. 11: The answer to this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range | Document Description |
| --- | --- |
| 000007-10 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000021-26 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000038-45 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 000138-147 | E-OSCAR Records of Defendants' Responses to CRAs Regarding Disputes |
| 001133-1138 | Defendants' METRO-2 Reporting Data regarding Plaintiff's Account |

Interrogatory No. 12: Balance Verification. Identify all documents, records, account data, databases, electronic files, or other materials that Defendants reviewed, relied upon, or consulted in conducting the investigation of Plaintiff's May 25, 2025 dispute regarding the accuracy of the balance reported for the account.

For each document or record identified, state:

a. the title or description of the document or record;

b. the date of the document or record;

c. the entity that created the document or record; and

d. whether the document or record is currently in Defendants' possession, custody, or control.

If Defendants contend that no responsive documents or records exist for any category above, describe in detail the process by which Defendants conducted the investigation of Plaintiff's dispute and identify the information relied upon to verify the account.

**Response No. 12: The answer to this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range | Document Description |
|---|---|
| 000178 | Promissory Note Disclosures showing total amount financed by Plaintiff equals $17,460.00 |
| 000190 | Record of Payments made by Plaintiff, showing three payments of $1,455.00 each, resulting in a remaining balance of $13,095.00 |

Interrogatory No. 13: Notices of Sale or Transfer. Identify all documents, records, mailing logs, dispatch records, or other materials evidencing that any notice of sale, assignment, or transfer of Plaintiff's account was sent to Plaintiff.

For each document identified, state:

    a.   the type of document (notice letter, mailing manifest, vendor report, dispatch log, affidavit of mailing, etc.);

    b.   the date the notice was generated;

    c.   the date the notice was allegedly sent;

    d.   the method of transmission (mail, electronic delivery, or other);

    e.   the entity responsible for sending the notice; and

    f.   whether the document is in Defendants' possession, custody, or control.

If Defendants contend that any document identified in response to this interrogatory is not in their possession, custody, or control, identify the person or entity believed to possess such document.

 **Response No. 13:** **The answer to this Interrogatory may be determined by examining the following business records and the burden of deriving or ascertaining the answer will be substantially the same for either party:**

| Bates Range | Document Description |
|---|---|
| 000196-199 | Initial letter sent by mail from Spring Oaks Capital, LLC to Plaintiff |
| 000168 | Spring Oaks Capital, LLC account notes showing initial letter was sent by mail to Plaintiff |
| 000200-203 | Subsequent letters sent by mail from Spring Oaks Capital, LLC to Plaintiff |
| 000171-176 | Response from Spring Oaks Capital, LLC to Plaintiff's CFPB complaint |
| 000148-168 | Spring Oaks Capital, LLC account notes documenting communications to Plaintiff |

**ROSSMAN KIRK, PLLC**

Dated: April 27, 2026

By: */s/ Benjamin J. Kirk*
*Pro Hac Vice*
Benjamin J. Kirk, 0393192
2626 E 82nd St., Suite 135
Bloomington, MN 55425
Telephone: 612-225-4176
benjamin.kirk@rossmankirk.com
*Attorneys for Defendants*

16

**VERIFICATION FOR INTERROGATORY RESPONSES**

I, Catherine Calko, have read the foregoing Answers to Plaintiff's First Set of Interrogatories and declare under penalty of perjury that the information set forth therein is true and correct to the best of my knowledge.

Executed on this 27th day of April, 2026.

Catherine Calko

Digitally signed by Catherine Calko
Date: 2026.04.27 13:07:38 -04'00'

_____

Catherine Calko
General Counsel and
Chief Compliance Officer
Spring Oaks Capital, LLC

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EHAB HASSAN,
an individual,

      Plaintiff,

v.

SPRING OAKS CAPITAL, LLC and SPRING
OAKS CAPITAL SPV, LLC,

      Defendants.

Case No.: 1:25-cv-04850-NRM-CHK

**DEFENDANTS' RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S**
**INTERROGATORIES (SET II)**

---

Defendants, Spring Oaks Capital, LLC ("Spring Oaks LLC") and Spring Oaks Capital SPV, LLC ("Spring Oaks SPV") (together, "Defendants" or "Spring Oaks") provide the following objections and responses to Plaintiff's Interrogatories (Set II).

**PRELIMINARY STATEMENT**

1. These answers are based upon information presently known by Spring Oaks. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. Spring Oaks reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these answers as warranted thereby. These answers are made in a good faith effort to supply as much information and specification as presently known.

2. Each answer herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

1

3.      The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and Spring Oaks reserves the right to object on relevancy grounds at any state of these proceedings.

4.      To the extent any request or any part thereof is intended to elicit information protected from discovery by the attorney-client privilege or the attorney work product doctrine, Spring Oaks objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5.      Spring Oaks further objects to the extent any such response is prohibited by to the Court's ruling on the scope of permissible discovery from the March 25, 2026 discovery conference.

6.      Referencing and expressly incorporating each of these general objections, Spring Oaks hereby responds herein:

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES (SET II)

<u>Interrogatory No. 1.</u>      Complete Chain of Title. Identify in complete detail the chain of title for Plaintiff's Account from origination to the present, including:

(a) Each entity involved in any sale, assignment, transfer, or conveyance of the Account;

(b) The date of each such transfer;

(c) The nature of each entity's interest (including ownership, servicing, or other role); and

(d) The documents that evidence each such transfer.

**<u>Response No. 1</u>: Defendants object that this Interrogatory is cumulative and duplicative of Plaintiff's Interrogatory No. 5 (Set I). Defendants incorporate their objections and response to Interrogatory No. 5 (Set I) herein.**

Interrogatory No. 2.       Documents supporting each transfer. For each transfer identified in

response to Interrogatory No. 1, identify all documents that evidence or relate to such transfer,

including but not limited to agreements, bills of sale, assignments, schedules of accounts, and

any records identifying Plaintiff's Account as part of any transfer.

**Response No. 2:   Defendants object that this Interrogatory is cumulative and duplicative of Plaintiff's Interrogatory No. 5 (Set I). Defendants incorporate their objections and response to Interrogatory No. 5 (Set I) herein.**

Interrogatory No. 3.       Account-Level Identification. For each transfer identified in

Interrogatory No. 1, state whether Plaintiff's Account was specifically identified as part of the

transferred assets, and if so, describe how it was identified (including any account-level data,

schedules, or electronic records).

**Response No. 3: Plaintiff's Account is specifically identified as part of the transferred assets as it is listed in the Electronic Sale File Lot23-1243_LendingPoint_PON_Spring Oaks_Final Data (see SOC_HASSAN 000195). The full document is being withheld on the basis of confidentiality, relevance, that Plaintiff is not entitled to receive such information under Plaintiff's claims, and pursuant to the Court's ruling on discovery on March 25, 2026. See, e.g., *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161-62 (E.D.N.Y., August 15, 2021). Additionally, this document contains confidential information relating to other consumers, which Defendants are prohibited by law from disclosing to Plaintiff.**

Interrogatory No. 4.       Role of Costal Community Bank (CCB). Identify and explain the role

of Coastal Community Bank, or any similarly identified entity, in any document reflecting the

sale, assignment, or transfer of Plaintiff's Account, including any Bill of Sale or related

agreement.

**Response No. 4:  Defendants object that this Interrogatory is vague and ambiguous as to "similarly situated entity."**

**Subject to the stated objection, Costal Community Bank has no role in Plaintiff's account. Costal Community Bank is referenced in certain documents produced by Defendants in the course of this litigation (e.g., SOC_HASSAN 000191) because Costal Community Bank may have been involved in originating accounts other than Plaintiff's**

3

account that were serviced by LendingPoint LLC, and which accounts were included in the portfolio of accounts sold by LendingPoint LLC to Spring Oaks Capital LLC under the same Bill of Sale as Plaintiff's account. "LendingPoint LLC, on behalf of Costal Community Bank" is **not** the "SELLER" associated with Plaintiff's account under the Bill of Sale between LendingPoint LLC and Spring Oaks Capital, LLC. As Plaintiff is aware, Plaintiff's account was issued by First Electronic Bank and serviced by LendingPoint LLC (see SOC_HASSAN 000177-189).

Interrogatory No. 5.          Ownership or Interest of CCB. State whether Defendants contend that

Coastal Community Bank, or any similarly identified entity, held any ownership, assignment,

or other interest in Plaintiff's Account at any time. If so, identify:

(a) the nature of such interest;

(b) the dates of such interest; and

(c) all documents evidencing such interest.


**Response No. 5: Defendants object that this Interrogatory is vague and ambiguous as to "any similarly identified entity."**

**Subject to the stated objection, Defendants do not contend that Costal Community Bank held any ownership, assignment, or other interest in Plaintiff's account. The complete chain of title for Plaintiff's account is as follows:**

1. **First Electronic Bank**
2. **LendingPoint 2018-1 Funding Trust**
3. **LendingPoint LLC**
4. **Spring Oaks Capital, LLC**
5. **Spring Oaks Capital SPV, LLC**

Interrogatory No. 6.          Reconciliation of Chain and Documents. If Defendants contend that

any entity referenced in documents relating to the transfer of Plaintiff's Account (including

but not limited to Coastal Community Bank) is not part of the chain of title, explain in detail

how such documents relate to the transfer of Plaintiff's Account and why such entity is

excluded from the asserted chain.


**Response No. 6:  See Defendants' objections and answer to Interrogatory No. 4.**

4

Interrogatory No. 7.        Completeness of Chain of Title. State whether Defendants contend that the chain of title identified in response to Interrogatory No. 1 represents the complete and exclusive chain of ownership for Plaintiff's Account. If not, identify any additional entities or transfers and provide the information requested in Interrogatories Nos. 1–3 for each such entity or transfer.

**Response No. 7: Defendants object that this Interrogatory is impermissibly compound. Subject to the stated objection, yes, Defendants state that the complete chain of title for Plaintiff's account is, as stated in response to Interrogatory No. 1 herein, by reference to Defendants' Response to Plaintiff's Interrogatory No. 5 (Set I), as follows:**

1. **First Electronic Bank**
2. **LendingPoint 2018-1 Funding Trust**
3. **LendingPoint LLC**
4. **Spring Oaks Capital, LLC**
5. **Spring Oaks Capital SPV, LLC**

Interrogatory No. 8.        Authority to Furnish and Verify. For each entity identified in response to Interrogatory No. 1, state whether Defendants contend that such entity had authority to furnish or verify information concerning Plaintiff's Account to consumer reporting agencies, and identify all documents evidencing such authority.

**Response No. 8: Defendants object that this Interrogatory is vague and ambiguous as to "authority to furnish or verify information." Defendants additionally object to the extent that this Interrogatory purports to require Defendants to make a statement about the "authority" possessed by entities other than Defendants.**

**Subject to the stated objections, Defendants have "authority" to furnish and verify information concerning Plaintiff's account to consumer reporting agencies because Spring Oaks Capital SPV, LLC owns the account and Spring Oaks Capital SPV, LLC assigned the right to service and collect the account to Spring Oaks Capital, LLC. Defendants have furnished data about Plaintiff's account in accordance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which governs the furnishing of consumer credit information and does not prohibit the reporting of accurate debt information. Documents evidencing Defendants' ownership of the account include the following:**

| Bates Range | Document Description |
|---|---|
| 000175-208 | Defendants' Response to Plaintiff's Dispute(s) |



| | |
|---|---|
| | - Loan Agreement Signed by Plaintiff<br><br>- Bill of Sale re Acquisition of Account by Defendants<br><br>- Schedule Identifying Lot of Accounts Acquired per Bill of Sale<br><br>- Assignment between Spring Oaks entities<br><br>- Initial Letter to Plaintiff |
| 000578-583 | Data identifying Plaintiff's Account in Lot Acquired by Defendants |

**ROSSMAN KIRK, PLLC**

Dated: April 27, 2026

By: */s/ Benjamin J. Kirk*
*Pro Hac Vice*
Benjamin J. Kirk, 0393192
2626 E 82nd St., Suite 135
Bloomington, MN 55425
Telephone: 612-225-4176
benjamin.kirk@rossmankirk.com
*Attorneys for Defendants*

6

**VERIFICATION FOR INTERROGATORY RESPONSES**

I, Catherine Calko, have read the foregoing Answers to Plaintiff's Second Set of Interrogatories and declare under penalty of perjury that the information set forth therein is true and correct to the best of my knowledge.

Executed on this 27th day of April, 2026.

Catherine Calko

Digitally signed by Catherine Calko
Date: 2026.04.27 13:11:30 -04'00'

_____

Catherine Calko
General Counsel and
Chief Compliance Officer
Spring Oaks Capital, LLC

7

# Exhibit B-12

## Metro-2 Credit Reporting Resource Guide –

## Date Open

**This Page Intentionally Left Blank**

# 2025 Credit Reporting Resource Guide ®

CREDIT REPORTING RESOURCE GUIDE

*Copyright 2025 © Consumer Data Industry Association*

SOC_HASSAN 000209

# Frequently Asked Questions and Answers

**FAQ 48** (continued)

### PURCHASER:

If the seller reported the accounts as "purchased by another company", report the following Base and K2 Segment fields as specified:

- Consumer Account Number = newly assigned account number
- Date Opened = date opened with the seller *(preferred)*

> **Note:** If the date opened with the seller is not known, the date the account was purchased may be reported.

- Account Status Code = appropriate code that specifies the status of the account as of the Date of Account Information

  **Note:** To minimize consumer disputes, do not report accounts that were previously reported as paid in full by the seller.

- Payment Rating = if applicable to the Account Status Code being reported
- Payment History Profile = report character **B** for months when account was owned by the seller

  **Important Note:** Payment history that occurred with the seller, which is already on the consumer's file, must not be reported by the purchaser.

- Date of Account Information = follow the standard guidelines documented in Field 24

  **Note:** Reporting by the purchaser should begin in the following month's reporting period – *after* the seller reported the accounts as sold.

- FCRA Compliance/Date of First Delinquency = If the account is delinquent or derogatory at the time of purchase, report the date of the first 30-day delinquency *with the seller* that led to the status being reported. If the account is current and included in a bankruptcy petition, report the date of the bankruptcy petition or notification.

  **Note:** If the purchaser is unable to obtain the *Date of First Delinquency with the seller*, do not report the account.

- Consumer Information Indicator = report bankruptcy indicator when applicable to the consumer(s)

  **Note:** Do not report purchased accounts that were included in discharged/completed Bankruptcies.

- K2 Segment Purchased From/Sold To Indicator = **1** and Purchased From Name = name of the company from which the account was purchased

CREDIT REPORTING RESOURCE GUIDE®

Copyright 2025 © Consumer Data Industry Association

SOC_HASSAN 000445

# Exhibit B-13

## CFPB Complaint and Defendants Response

**This Page Intentionally Left Blank**

 An official website of the United States Government

 Consumer Financial Protection Bureau

**‹ Active complaints**

# 250615-21561174

## Primary consumer information

---

**FULL NAME**

Ihab Hassan

**PHONE**

3472163585

**EMAIL ADDRESS**

ehabehassan@yahoo.com

**ADDRESS**

7902 Bay Parkway C1 Brooklyn, New York 11214 United States

---

## Methods of identification provided by the consumer

**DATE OF BIRTH**

1964-11-07

**SOCIAL SECURITY NUMBER (LAST FOUR)**

7248

**NAME AS IT APPEARS ON CREDIT REPORT**

IHAB HASSAN

---

SOC_HASSAN 000169

# Product information

**PRODUCT OR SERVICE**

Credit reporting or other personal consumer reports (Credit reporting)

**ISSUE**

Incorrect information on your report
Account information incorrect

**CONSUMER IDENTIFIED COMPANY NAME**

Spring Oaks Capital, LLC

# What happened

I am filing this complaint because Spring Oaks Capital, LLC violated the Fair Credit Reporting Act (FCRA) §623(a)(3). I mailed them a written dispute on May 31, 2025, which was delivered on June 6, 2025. Despite this, they updated negative information about the account on my Experian credit report on June 13, 2025—while the dispute was still unresolved and without providing verification or marking the account as disputed. This is a clear violation of federal law, which prohibits furnishers from reporting information on a disputed account until the dispute has been fully investigated and resolved. I am requesting the immediate and permanent deletion of this account from Experian and any other credit bureaus to which Spring Oaks Capital furnished data. Supporting evidence is attached.

**ALREADY ATTEMPTED TO FIX THIS ISSUE WITH THE COMPANY?**

Yes

**ATTACHMENTS**

Experian_Report_Balance_Update_After_Dispute_Violation.png
(74.5 KB)

SpringOaks_Dispute_Letter_Delivry_Confirmation_June 6.jpeg
(395.9 KB)

SOC_HASSAN 000170

SpringOaks_Dispute_Proof_Mailed_May31.png (63.2 KB)

Final_CFPB_Complaint_SpringOaks_Dispute_Letter_Included.pdf (4.3 MB)

**Download all attachments**

## Desired resolution

Permanent deletion of the account from all consumer reporting agencies due to FCRA violations and failure to provide proper verification.

## Response recipients

**SUBMITTED BY**

Primary consumer

**WHO WILL RECEIVE RESPONSES?**

Primary consumer

## Company response

**RESPONSE TYPE**

Closed with non monetary relief

**WHAT IS YOUR RESPONSE TO THIS COMPLAINT?**

Thank you for submitting your concerns. Spring Oaks Capital, LLC is focused on consumer treatment and compliance with all state and federal laws and regulations. We respectfully disagree with the assertion contained within this complaint

SOC_HASSAN 000171

related to the handling of the referenced account. On December 20, 2023 we purchased the eBay Loans account that originated with First Electronic Bank. We mailed our initial letter on December 26, 2023 to the same address listed in this complaint. This letter advised you of the right to dispute the account under the Fair Debt Collection Practices Act (FDCPA) and that a negative report may be submitted to credit reporting agencies if the terms of the credit obligations were not fulfilled. We received a CFPB complaint and opened a dispute in response. We are also in receipt of the written disputes and disputes through the credit reporting agencies. We investigated these disputes and have determined that our reporting of the reference account is accurate. Our record reflects that the account was opened on January 28, 2023, and the last payment was made on May 09, 2023 in the amount of $1,455.00. The account later charged off on December 07, 2023 and the current balance owed is $13,095.00. We are sending our response along with the account documents, a copy of the bill of sale reflecting our purchase of the account, and assignment document reflecting the subsequent transfer to Spring Oaks Capital SPV, LLC via the CFPB portal and the USPS. Additionally, we updated the account to honor the request for no further communication. Should there be any additional questions or evidence showing that the account is invalid, please reach out to us at 866-281-3065.

**WHAT RELIEF WAS PROVIDED?**

Updated the account for no further communication

**ATTACHMENTS**

CFPB Complaint_Response_Hassan_6.29.25.pdf (480.1 KB)

**COMPANY RESPONSE SENT**

06/29/2025 22:37 ET

---

✔ **Response sent**
Your response to this complaint has been sent to the consumer and the CFPB. If you'd like, you can provide an optional public response that will appear in the Consumer Complaint Database.

SOC_HASSAN 000172

# Company public response (optional)

Select the option that best describes your assessment of the complaint. You have up to 180 days from when the complaint was sent to your company to provide a public response.

○ Company believes complaint caused principally by actions of third party outside the control or direction of the company

○ Company believes complaint is the result of an isolated error

○ Company believes complaint relates to a discontinued policy or procedure

○ Company believes complaint represents an opportunity for improvement to better serve consumers

○ Company believes it acted appropriately as authorized by contract or law

○ Company believes the complaint is the result of a misunderstanding

○ Company can't verify or dispute the facts in the complaint

○ Company disputes the facts presented in the complaint

○ Company believes the complaint provided an opportunity to answer consumer's questions

○ Company has responded to the consumer and the CFPB and chooses not to provide a public response

Submit public response

---

**COMPLAINT STATUS**

**SENT TO COMPANY**

06/15/2025 01:01 ET

**DUE DATE**

06/30/2025

**COMPANY RESPONSE**

SOC_HASSAN 000173