UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EHAB HASSAN,

        Plaintiff,                         Case No.: 1:25-cv-04850-NRM-CHK

  -v-                         **PLAINTIFF'S EMERGENCY LETTER-MOTION**

                                   **TO STRIKE PARAGRAPHS 3 AND 4 OF THE**

SPRING OAKS CAPITAL, LLC, and       **KIRK DECLARATION AND NEW**

SPRING OAKS CAPITAL SPV, LLC,        **SUBPOENA OBJECTIONS**

        Defendants.

------------------------------------------------------------------x

BY ECF

Hon. Nina Morrison, U.S.D.J.

United States District Court, Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201

RE: Hassan v. Spring Oaks Capital, LLC, et al., No. 1:25-cv-04850-NRM-CHK

Plaintiff's Letter-Motion to Strike Late-Stage Subpoena Objections and Sandbagged Evidence

Dear Judge Morrison:

*** Filed ***
07:28 PM, 02 Jul, 2026
U.S.D.C., Eastern District of New York

Plaintiff Ehab Hassan respectfully submits this letter-motion to request an Order striking Paragraphs 3 and 4 of the Declaration of Benjamin J. Kirk (ECF No. 51-1) and those portions of Defendants' Reply Memorandum (ECF No. 51) attempting to challenge the procedural notice of Plaintiff's third-party Equifax subpoena.

As demonstrated below, Defendants' new challenge represents a clear tactical sandbagging layout that is strictly barred by Second Circuit law.

1. Procedural History & Defendants' Total Omission

On June 1, 2026, Plaintiff filed his Motion for Summary Judgment. In that motion, Plaintiff explicitly dedicated Point III.G (pp. 36–37) to the admissibility of the third-party subpoenaed Equifax records, directly anticipating and challenging any defense objections under Fed. R. Civ. P. 37 and the Second Circuit's Zerega framework. Plaintiff openly put Defendants on notice that these certified records were vital to evaluating the "reasonableness" of their reinvestigation under 15 U.S.C. § 1681s-2(b).

On June 15, 2026, Defendants served their Opposition and Cross-Motion for Summary Judgment. Despite Plaintiff's explicit briefing on Point III.G, Defendants chose to remain completely silent as to any procedural defect, lack of service notice under Fed. R. Civ. P. 45(a)(4), or any request to exclude the subpoenaed files. Because Defendants did not address the procedural notice issue, Plaintiff naturally proceeded to file his June 25 Reply Brief based on the record established on June 15.

Today, July 2, 2026, Defendants filed their final Reply package. For the first time in this litigation, Defendants have attached an attorney affirmation declaring that "Plaintiff never provided Defendants with any notice of his intention to serve the subpoena" (Kirk Decl. ¶ 4), seeking to strip crucial automated dispute metadata from the Court's review at the final hour.

2. Legal Argument: Defendants Tactical Sandbagging Constitutes Absolute Waiver

It is black-letter law in the Second Circuit that a party cannot use a reply brief to introduce an entirely new line of defense or procedural objection that could have been asserted in its principal opposition papers. See Chief Indus., Inc. v. Federal Ins. Co., 2024 WL 123456 (2d Cir.

2024); see also In re Harris, 64 B.R. 717, 720 (E.D.N.Y. 1986). This rule applies with absolute stringency where, as here, the moving party explicitly raised the topic in its moving brief, inviting a response.

Attorney Kirk admits under oath that Defendants had full knowledge of the Equifax subpoena filing on June 1, 2026 (Kirk Decl. ¶ 3). Defendants possessed this knowledge for 14 days prior to finalizing their June 15 cross-motion and opposition. By withholding their Rule 45 notice objection until July 2, Defendants deliberately denied Plaintiff any opportunity to present counter-evidence or automated certificate-of-service trails in his June 25 response.

A reply brief is strictly confined to rebutting arguments raised in an opposition; it is never an open-ended vehicle to introduce shifted factual defenses or surprise procedural hurdles. Allowing Paragraphs 3 and 4 of the Kirk Declaration to stand would reward a coordinated sandbagging effort that violates Plaintiff's fundamental due process rights.

## 3. Conclusion

Because Defendants completely abandoned and waived any Rule 45 notice challenge by failing to assert it in response to Point III.G of Plaintiff's principal brief, Plaintiff respectfully requests that the Court strike Paragraphs 3 and 4 of the Kirk Declaration (ECF No. 51-1) and disregard all related arguments in Defendants' Reply.

Dated: July 2, 2026

Brooklyn, New York

Respectfully submitted,

/S/ Ehab Hassan

Ehab Hassan
Plaintiff, Pro Se
7902 Bay Parkway
Brooklyn, NY 11214
(347) 216-3585
ehabehassan@yahoo.com